KATIE E. BRISCOE (STATE BAR NO. 287629)
kbriscoe@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone:      +1 916 447 9200
Facsimile:      +1 916 329 4900

ANNIE H. CHEN (STATE BAR NO. 292032)
annie.chen@orrick.com
LAUREN R. LEIBOVITCH (STATE BAR NO. 323230)
lleibovitch@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue
Suite 2700
Los Angeles, CA  90071
Telephone:      +1 213 629 2020
Facsimile:      +1 213 612 2499

Attorneys for Defendants
US Foods, Inc. and US Foods Culinary Equipment &
Supplies, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL NEGRETE MORENO, an individual<br><br>                    Plaintiff,<br><br>          v.<br><br>US FOODS, INC., dba U.S. FOODSERVICE, INC., a Delaware Corporation, US FOODS, CULINARY EQUIPMENT & SUPPLIES, LLC, a Delaware Limited Liability Company, RENNIE DEPRUE, an individual ROB WEST, an individual and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No.  3:25-cv-10858<br><br>**DEFENDANT US FOODS, INC. AND US FOODS CULINARY EQUIPMENT & SUPPLIES, LLC'S NOTICE OF REMOVAL** |

1  TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

2  CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

3  PLEASE TAKE NOTICE that Defendant US Foods, Inc. ("US Foods") and US Foods

4  Culinary Equipment & Supplies, LLC ("US Foods CES") (collectively, "Defendants") file this

5  Notice of Removal pursuant to 28 U.S.C. sections 1332, 1441, and 1446 to effect the removal of

6  the above-captioned action, which was commenced in the Superior Court in the State of

7  California for the County of Alameda. The United States District Court has subject matter

8  jurisdiction over this action because complete diversity exists and the amount in controversy

9  exceeds $75,000. As discussed below, the Court should disregard the citizenship of individual

10  defendants Rennie DePrue and Rob West, who are "sham" defendants added for the sole purpose

11  of destroying diversity and against whom Plaintiff Ismael Negrete Moreno has no possibility of

12  prevailing against.

13  **I.        BACKGROUND**

14  1.        Plaintiff was employed by US Foods as a Delivery Driver until he was terminated

15  on April 15, 2025, for submitting a fraudulent workers' compensation claim.

16  2.        On November 14. 2025, Plaintiff filed a complaint in the Superior Court of

17  California for the County of Alameda, entitled *Ismael Negrete Moreno v. US Foods, Inc. et. al.,*

18  Case No. 25CV154858 (hereinafter, the "Complaint").

19  3.        Plaintiff asserts the following ten causes of action for: (1) wrongful termination in

20  violation of FEHA (Gov't Code § 12940 et seq.); (2) FEHA violations based upon disability

21  discrimination; (3) failure to provide reasonable accommodations in violation of FEHA;

22  (4) failure to engage in the interactive process in violation of FEHA; (5) FEHA violations based

23  on retaliation; (6) wrongful termination in violation of public policy; (7) retaliation in violation of

24  Labor Code § 11102.5; (8) CFRA violations; (9) hostile work environment in violation of FEHA;

25  and (10) retaliation in violation of Labor Code § 132(A). Only one of the claims—i.e., disability

26  discrimination—is asserted against individual defendants DePrue and West.

27

28

4. US Foods, through its agent for service of process, was served with the Summons and Complaint and other papers on November 19, 2025. The Summons and Complaint are attached hereto together with all other pleadings, process and orders served on US Foods as **Exhibit A**. No other pleadings have been filed or served in this action.

5. US Foods CES, through its agent for service of process, was served with the Summons and Complaint and other papers on November 19, 2025. The Summons and Complaint are attached hereto together with all other pleadings, process and orders served on US Foods CES as **Exhibit B**. No other pleadings have been filed or served in this action.

6. DePrue has not been properly served with a copy of the Summons and Complaint. Declaration of Rennie DePrue ("DePrue Decl.") ¶ 2.

7. West has not been properly served with a copy of the Summons and Complaint. Declaration of Rob West ("West Decl.") ¶ 2.

8. Because DePrue and West have not been properly served with the Summons and Complaint, they need not join in removal. *See, e.g.,* 28 U.S.C. § 1441(b); *Destfino v. Reiswig,* 630 F.3d 952, 955 (9th Cir. 2011) (co-defendants not properly served need not join in removal). And even if DePrue and West have been properly served, their consent to remove is not necessary because, as explained below, they have been fraudulently joined and joinder is not required by persons named as defendants solely to prevent removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193, fn. 1 (9th Cir. 1988) ("[A]ll defendants in a state action must join in petition for removal, except for nominal, unknown or fraudulently joined parties.")

9. This Notice of Removal has been timely filed within thirty days after US Foods and US Foods CES first received a copy of Plaintiff's Summons and Complaint upon which this action is based. *See* 28 U.S.C. § 1446(b).

## II. REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

10. A civil action may be removed from a state court to a federal district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a).

11.     The action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because it is a civil action between properly joined parties who are citizens of different states and the matter in controversy for the named Plaintiff exceeds $75,000, exclusive of interest and costs. As such, the action is removable to this Court under 28 U.S.C. § 1441(a)(1).

**A.     Complete Diversity Exists**

12.     Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

13.     Plaintiff's Citizenship. Plaintiff alleges that he was at the time this action was commenced, and still is, a resident of the County of Fresno, California. Complaint ¶ 2. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* the domicile. *See Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284, at *4 (C.D. Cal. 2016) (allegation that Plaintiff "is, and at all times mentioned in the Complaint was," a California resident "gives rise to a presumption that Plaintiff is a California citizen"); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Therefore, Plaintiff is a citizen of California.

14.     Defendant US Foods' Citizenship. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (adopting "nerve center" test to determine corporation's principal place of business). The proper inquiry is to determine a corporation's "center of overall direction, control and coordination." *Id.* US Foods is now, and was at the time of the filing of the Complaint, a corporation incorporated under the laws of the State of Delaware.

DEFENDANT US FOODS, INC. AND US FOODS
CULINARY EQUIPMENT & SUPPLIES, LLC'S
NOTICE OF REMOVAL
CASE NO.: 3:25-cv-10858

Complaint ¶ 3. US Foods' principal place of business is currently, and was at the time of filing of the Complaint, Rosemont, Illinois. *See id*. Therefore, US Foods is a citizen of Delaware and Illinois.

15.     Defendant US Foods CES's Citizenship. Unlike the citizenship of a corporation, which is based on its state of incorporation or principal place of business, the citizenship of a limited liability company is based solely on the citizenship of its members. *Strotek Corp. v. Air Transp. Ass'n of Am*., 300 F.3d 1129, 1133 n. 2 (9th Cir. 2002). In other words, "the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). US Foods CES is wholly owned by one member, US Foods. Because US Foods is a citizen of Delaware and Illinois, US Foods CES is also a citizen of Delaware and Illinois.

16.     Doe Defendants' Citizenship. The citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *See* 28 U.S.C. § 1441(a); *see also Bryant v. Ford Motor Co*., 886 F.2d 1526 (9th Cir. 1989), cert. denied, 493 U.S. 1076 (1990).

17.     Because Plaintiff is a citizen of California and US Foods and US Foods CES are citizens of Delaware and Illinois, complete diversity exists between the parties.

**B.     Rennie DePrue and Rob West's Citizenship Must Be Disregarded Because They Are Fraudulently Joined**

18.     Plaintiff contends that DePrue and West are residents of the County of Alameda, California. Compl. ¶¶ 5-6. However, DePrue and West are wrongfully and fraudulently joined as defendants with the sole purpose of preventing removal of this action to the District Court. Plaintiff does not intend to prosecute the action in good faith against DePrue and West and the joinder of them is merely a sham for the purposes of avoiding removal. Thus, DePrue and West's citizenship should be disregarded for purposes of removal.

19.     On the face of the Complaint, DePrue and West are afterthoughts. Plaintiff appears to forget that DePrue and West are defendants through the majority of the Complaint. Throughout

the Complaint, Plaintiff alleges conduct by "Defendants" in claims brought only against the corporate defendants and uses the term "Defendants" indiscriminately, in ways that would be nonsensical if it were to include DePrue and West. For example, Plaintiff alleges that "Defendants [including DePrue and West] were Plaintiff's employers" (Compl. ¶ 11) and that "Defendants also share identical principal and mailing addresses: 9399 West Higgins Road, Suite 100, Rosemont, 60018, in the County of Cook, State of Illinois." *Id.* ¶ 22.

20.     Indeed, Plaintiff's Complaint alleges few specific facts against DePrue and West precisely because they are fraudulently joined as sham defendants.

21.     The following are the only specific, factual allegations regarding DePrue's conduct in the entire Complaint:

(a)     "Upon information and belief, Rennie DePrue . . . was Plaintiff's immediate supervisor." *Id.* ¶ 23.

(b)     "Plaintiff notified Defendants of his injury, first by calling his dispatch center, then calling Mr. DePrue." *Id.* ¶ 33.

(c)     "Despite these palpable and documented symptoms, Mr. DePrue doubted the sincerity of Plaintiff's injuries. In fact, Mr. DePrue demanded that Plaintiff provide a written explanation of the incident while Plaintiff was in the emergency department waiting room, and while he was feeling immense pain, disorientation, and confusion as a result of his head injury." *Id.* ¶ 37.

(d)     "On or about the day following the incident, Mr. DePrue demanded that Plaintiff drive to Defendants' regional distribution center in Livermore to complete additional, yet non-urgent, documentation relating to the incident, even though Plaintiff was recovering at his home in Firebaugh, which is an approximately two (2) hour drive. Mr. DePrue's demand was in direct conflict with Plaintiff's doctor's note stating that Plaintiff was to perform no work-related duties until or about March 31, 2025." *Id.* ¶ 38.

1     (e)  "Plaintiff complained to Defendants about their attempts to interrupt

2     Plaintiff's medical leave and force him to personally drive a considerable distance

3     while he was still recovering from his injury. Mr. DePrue purportedly responded

4     by stating that Plaintiff's doctor's note did not explicitly state that Plaintiff could

5     not drive his personal vehicle. Yet, the doctor's note was clear: Plaintiff was to

6     perform no work-related duties. Mr. DePrue's attempts to skirt this directive, and

7     thus gamble with Plaintiff's recovery and overall health, highlight Defendants'

8     problematic and systemic indifference for their employees' safety and well-being."

9     *Id.* ¶ 39.

10  22.  The allegations against West are even more sparse. The following are the only

11 specific, factual allegations regarding West's conduct in the Complaint:

12     (a)  "Upon information and belief, . . . Rob West . . . was Plaintiff's direct

13     manager." *Id.* ¶ 23.

14     (b)  "On or about April 11, 2025, Mr. West notified Plaintiff that Defendants

15     were going to temporarily suspend Plaintiff's employment due to Plaintiff filing a

16     claim under workers' compensation." *Id.* ¶ 46.

17  23.  The fraudulent joinder doctrine prevents a plaintiff from defeating diversity

18 jurisdiction simply by naming a defendant who shares a plaintiff's State citizenship, without any

19 *bona fide* claim against that party. Thus, the Court "may ignore the presence of [a fraudulently

20 joined] defendant for the purpose of establishing diversity." *Hunter v. Philip Morris USA*, 582

21 F.3d 1039, 1043 (9th Cir. 2009); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th

22 Cir. 1998) ("It is [] commonplace that fraudulently joined defendants will not defeat removal on

23 diversity grounds."). A defendant is a "sham defendant" if "the plaintiff fails to state a cause of

24 action against a resident defendant, and the failure is obvious according to the settled rules of the

25 state . . . ." *Ritchey*, 139 F.3d at 1318 (citation omitted); *accord Hamilton Materials, Inc. v. Dow

26 Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

27

28

24.    The defendant seeking removal is entitled to present facts beyond plaintiff's pleadings showing the joinder to be fraudulent. *McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Wilson Republic Iron & Steel Co*., 257 U.S. 92, 97-99 (1921).

25.    In his ten-count complaint, Plaintiff asserts **only one cause of action** against DePrue and West—disability harassment. Yet, as set forth below, there is no possibility that Plaintiff would be able to establish liability against DePrue or West for such a claim.

26.    Indeed, in cases with FEHA harassment claims and similar allegations, federal district courts have consistently held that the plaintiffs' counsel fraudulently joined the plaintiffs' purported supervisors where the plaintiffs' allegations were purely personal management activities and where any conduct that may have been beyond the supervisory role was isolated and cannot establish harassment as a matter of law. *See e.g*., *Cofer v. Parker-Hannifin Corporation*, 194 F.Supp.3d 1014 (2016); *Wexler v. Jensen Pharms., Inc*., 2015 WL 6159101, at *1 (C.D. Cal. Oct. 20, 2015); *Mendoza v. v. Staples, Inc.*, 2014 WL 6670221, at *1 (C.D. Cal. Nov. 24, 2014); *Schreiner v. Lockheed Martin Corp.,* 2014 WL 6630055 (C.D. Cal. Nov. 20, 2014); *Hurd v. Am. Income Life Ins.,* 2013 WL 5575073 (C.D. Cal. Oct. 10, 2013).

27.    As explained below, Plaintiff fails to allege (and cannot allege) any facts against any DePrue or West that amount to "harassing" conduct on the basis of his purported disability. To support his claim for disability harassment against DePrue and West, Plaintiff only alleges personnel management actions, which are not actionable as harassment. Further, even if any of the alleged conduct were arguably outside the supervisory role, such alleged conduct is not remotely severe or pervasive enough to give rise to an abusive work environment under settled California law.

**1)    Personnel Management Activities Cannot Constitute Harassment**

28.    Plaintiff's factual allegations about DePrue and West's conduct amount to personnel management actions at best and, under settled law, cannot form the basis for a harassment claim. "[H]arassment consists of conduct not necessary for performance of a supervisory job" and "outside the scope of necessary job performance." *Janken v. GM Hughes*

1     *Elecs.*, 46 Cal. App. 4th 55, 63 (1996). Thus, "the exercise of personnel management authority

2     properly delegated by an employer to a supervisory employee might result in discrimination, but

3     not in harassment." *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). *See also Gorom v. Old Dominion*

4     *Freight Line Inc.*, 2013 WL 195377, at *4 (C.D. Cal. Jan. 17, 2013) (finding fraudulent joinder

5     when plaintiffs harassment claim was based on personnel decisions consisting of a denial of a

6     request for transfer, a denial of a request for accommodation, suspension, and requiring

7     attendance at a meeting).

8         29.     Harassment is distinguishable from discrimination under the FEHA. *Serri v. Santa*

9     *Clara Univ.,* 226 Cal. App. 4th 830, 869 (2014). "[D]iscrimination refers to bias in the exercise of

10     official actions on behalf of the employer, and harassment refers to bias that is expressed or

11     communicated through interpersonal relations in the workplace." *Roby v. McKesson Corp.*, 47

12     Cal. 4th 686, 707 (2009). Harassment includes "offensive jokes, slurs, epithets or name calling,

13     physical assaults or threats, intimidation, ridicule or mockery, insults or put-downs, offensive

14     objects or pictures, and interference with work performance." *See* www.eeoc.gov/harassment;

15     *Bailey v. San Francisco Dist. Attorney's Off.*, 16 Cal. 5th 611, 627, 552 P.3d 433, 443 (2024)

16     (verbal harassment includes "epithets, derogatory comments or slurs on a basis enumerated in the

17     Act"; it also includes "[p]hysical" and "[v]isual forms of harassment"). In other words,

18     "[h]arassment claims are based on a type of conduct that is avoidable and unnecessary to job

19     performance. No supervisory employee needs to use slurs or derogatory drawings, to physically

20     interfere with freedom of movement, to engage in unwanted sexual advances, etc., in order to

21     carry out the legitimate objectives of personnel management. Every supervisory employee can

22     insulate himself or herself from claims of harassment by refraining from such conduct. An

23     individual supervisory employee cannot, however, refrain from engaging in the type of conduct

24     which could later give rise to a discrimination claim. Making personnel decisions is an inherent

25     and unavoidable part of the supervisory function. Without making personnel decisions, a

26     supervisory employee simply cannot perform his or her job duties." *Reno v. Baird*, 18 Cal. 4th

27     640, 646 (1998).

28

DEFENDANT US FOODS, INC. AND US FOODS
CULINARY EQUIPMENT & SUPPLIES, LLC'S
NOTICE OF REMOVAL
CASE NO.: 3:25-cv-10858

30.     The reason for this is because "the Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination claims, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management." *Id.* 646-647.

31.     As to DePrue, Plaintiff cannot and does not allege that DePrue acted outside the scope of his supervisory duty.

32.     Indeed, Plaintiff does not allege that DePrue made derogatory comments or slurs about his disability or otherwise engaged in any "harassing" behavior as recognized by law. And, he cannot amend his Complaint to do so without running afoul of FRCP 11, as DePrue never harassed Plaintiff in any way, let alone related to his disability. DePrue Decl. ¶ 6.

33.     In fact, DePrue had rather limited interactions with Plaintiff on a day-to-day basis. *Id.* ¶ 4. Plaintiff worked out of the Fresno truck yard whereas DePrue is based in Livermore. *Id.* And contrary to Plaintiff's allegations, during Plaintiff's employment with US Foods, DePrue was not his "immediate supervisor." *Id.* DePrue did not oversee Plaintiff's work or evaluate Plaintiff's performance. *Id.*

34.     Despite not being Plaintiff's direct supervisor, as a Transportation Manager, DePrue has high-level managerial duties over drivers within his territory, which includes the Fresno market where Plaintiff had worked. *Id.* ¶ 3. Specifically, any on-the-job driver injuries within DePrue's territory are reported to DePrue to ensure that the driver is properly treated, to ensure proper coverage in instances that the driver needs to seek medical care, and to review the

1  incident which resulted in driver injuries in order to identify any potential workplace hazards and

2  shortcomings in US Foods' safety and health program.[1] *Id.* In rare instances, where investigation

3  into the purported incident indicates that the alleged accident and/or resulting injury does not

4  appear plausible, the incident is flagged as a potential fraudulent workers' compensation claim to

5  US Foods' Vice President of Operations, West. *Id.*

6        35.     In Plaintiff's case, after Plaintiff's purported accident, Plaintiff called the office

7  and spoke with the Transportation Dispatcher and another Transportation Manager, Brian Wade.

8  *Id.* ¶ 5, Ex. A. Wade later informed DePrue of the incident. *Id.* DePrue did not speak with

9  Plaintiff immediately after learning of the incident, as Plaintiff alleges. *Id.* ¶ 5. Rather, DePrue

10  met up with the relief driver to take over Plaintiff's route together, which was behind schedule as

11  a result of Plaintiff's alleged injury. *Id.* When DePrue finally had the opportunity to speak with

12  Plaintiff, he was not aware that Plaintiff was in the emergency room as Plaintiff alleges. DePrue

13  simply informed Plaintiff of next steps, which was to provide a doctor's note to US Foods to

14  support any time off or modified duty requests (if any) as a result of the purported accident. *Id.*

15  DePrue did not require Plaintiff to drive to US Foods' distribution center in Livermore to

16  complete documentation regarding the incident—Plaintiff had already provided a text message

17  statement of the incident, which was sufficient for US Foods' investigation. *Id.* Rather, DePrue

18  requested that once Plaintiff was released to work, Plaintiff was requested to go to Livermore for

19  safety retraining as well as to reenact what happened for future training and safety stand-downs.

20  *Id*. ¶ 5, Ex. A. Contrary to Plaintiff's allegations, DePrue never interrupted his purported medical

21  leave or otherwise required him to drive to Livermore when he was not released by his physician

22  to do so. *See id.*

23        36.     The conduct attributable to DePrue is personnel management activity—

24  specifically, management level decisions relating to an investigation concerning Plaintiff's on-

---

[1] US Foods takes seriously its obligations to maintain a healthy and safety work environment for its employee population. To this end and consistent with OSHA's strong encouragement for employers to investigate all incidents in which a worker was hurt as well as close calls, US Foods, through the appropriate managers, investigates all on-the-job injuries, including for its driver population.

- 10 -

the-job injury. *Parks v. Bd. of Trs. of Cal. State Univ.*, 813 F. Supp. 2d 1182, 1198 (E.D. Cal. 2011) (investigations, suspensions, letters of reprimand, and job assignments that the plaintiff endured are conduct that fits squarely under the category of "personnel management actions" and cannot support a harassment claim); *Bradshaw v. Glatfelter Ins. Grp.*, 2009 WL 1438265, at *4 (E.D. Cal. May 20, 2009) (management level decisions involving workplace investigations are considered personnel management decisions under *Janken*).

37. And Plaintiff's complaint does not allege otherwise. Even taking Plaintiff's allegations as true, his allegations are consistent with DePrue's sworn declaration that any conduct by DePrue falls within the scope of DePrue's supervisory duties. The only conduct that Plaintiff specifically attributes to DePrue—i.e., speaking to Plaintiff about his alleged workplace injury (Compl. ¶¶ 33, 37), asking Plaintiff to fill out injury-related paperwork (*id.* ¶ 38), and noting that Plaintiff's doctor's note did not restrict Plaintiff from driving a personal vehicle (*id.* ¶ 39)—all arises out of DePrue's investigation into the incident that resulted in Plaintiff's purported injury. Such conduct arises out of DePrue's personnel management duty to investigate any on-the-job injuries. As explained above, as a matter of law, these acts cannot constitute harassment and Plaintiff's claim against DePrue fails.

38. Similarly, Plaintiff cannot and does not allege that West acted outside the scope of his supervisory duty.

39. Like DePrue, Plaintiff also does not allege that West made derogatory comments or slurs about his disability, or engaged in any "harassing" behavior as recognized by law. And, as explained above, he cannot amend his Complaint to do so without running afoul of FRCP 11, as West never harassed Plaintiff in any way, let alone related to his disability. West Decl. ¶ 6.

40. West also had limited interactions with Plaintiff on a day-to-day basis. *Id.* ¶ 5. Plaintiff worked out of the Fresno truck yard while West is based in Livermore. *Id.* And contrary to Plaintiff's allegations, during Plaintiff's employment with US Foods, West was not his "direct manager." *Id.* West did not oversee Plaintiff's work or evaluate Plaintiff's performance. *Id.* Rather, as Vice President of Operations, West is responsible for making sure that distribution

center operates smoothly, including the drivers assigned to that market. *Id.* ¶ 3. He has limited

interactions with any drivers except that he maintains an open-door policy for any drivers who

may want to raise certain workplace issues with him. *Id.* Additionally, as Vice President of

Operations, West also reviews certain on-the-job injuries which are flagged to him by US Foods'

managers. *Id.* This is largely for the purposes of reviewing the incident which resulted in

employee injuries to identify any potential workplace hazards or ways to improve workplace

safety. *Id.* In rare instances, a manager may flag to West that investigation into the purported

incident indicates that the alleged accident and/or resulting injury does not appear plausible, and

the related workers' compensation claim may be potentially fraudulent. *Id.* In such a situation,

pursuant to US Foods' policies, West suspends the employee pending the outcome of the

investigation. *Id.*

41.     Consistent with US Foods' standard process, West sent an email to Plaintiff

informing him that he was suspended pending further investigation concerning a potential

workers' compensation fraud claim.[2] *Id.* ¶ 4, Ex. A. Other than this email, West does not recall

having any communications with Plaintiff. *Id.*

42.     Based on the above, it is clear that the only specific conduct attributable to West is

considered personnel management activity, specifically, management level decisions relating to

an investigation concerning Plaintiff's on-the-job injury. *Parks*, 813 F. Supp. 2d at 1198

(investigations, suspensions, letters of reprimand, and job assignments that the plaintiff endured

are conduct that fits squarely under the category of "personnel management actions" and cannot

support a harassment claim); *Jumaane v. City of Los Angeles*, 241 Cal. App. 4th 1390, 1408

(2015) (allegedly unwarranted suspension was not harassment under FEHA as a matter of law).

43.     And the one specific allegation about West's conduct in Plaintiff's Complaint does

not result in a different conclusion. Even taking Plaintiff's allegations as true, Plaintiff's

---

[2] Further evidencing that this conduct was standard personnel management action taken pursuant
to US Foods' company policies, West copied the Teamsters union representative Ray Torres.
West Decl. ¶ 4, Ex. A. Mr. Torres never responded to the email (West Decl. ¶ 4) and presumably
did not take issue with the suspension because suspension pending investigation into a fraudulent
claim is standard company policy.

DEFENDANT US FOODS, INC. AND US FOODS
CULINARY EQUIPMENT & SUPPLIES, LLC'S
NOTICE OF REMOVAL
CASE NO.: 3:25-cv-10858

allegation that West suspended him for filing a workers' compensation claim, which—albeit misleading because the suspension was due to suspicion of fraud related to that claim, not just the claim itself—nevertheless falls within the scope of West's supervisory duties. Compl. ¶ 49. As explained above, as a matter of law, this act cannot constitute harassment and his claim against West. *Janken*, 46 Cal. App. 4th at 80 ("If personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination").

### 2) There Is No Severe or Pervasive Conduct To Support A Harassment Claim

44.     Even if Plaintiff could show that he alleged non-supervisory actions against DePrue or West in his Complaint, Plaintiff fails to establish a harassment claim against them because the alleged conduct is not remotely severe or pervasive enough to have created an abusive working environment. To establish a claim for harassment under FEHA, Plaintiff must prove unwelcome conduct based on his purported disability that is "sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment." *Haley v. Cohen & Steers Capital Mgmt., Inc.,* 871 F. Supp. 2d 944, 956 (N.D. Cal. 2012). "[C]ourts have held that acts of harassment cannot be occasional, isolated, sporadic, or trivial; rather, the plaintiff must show a concerted pattern of harassment of a repeated routine of a generalized nature." *Hurd v. Am. Income Life Ins.*, 2013 WL 5575073, at *4 (C.D. Cal. Oct. 10, 2013). "Merely 'offensive comments' in the workplace are not actionable." *Haley,* 871 F. Supp. at 956 (citing *Lyle v. Warner Bros. Tel. Prods.,* 38 Cal. 4th 264, 282-83 (2006)). Further, Plaintiff's perception is insufficient because the legal standard incorporates an objective component: "The working environment must both subjectively and objectively be perceived as abusive…[and] [w]hether the workplace is objectively hostile must be determined from the perspective of a reasonable person with the same fundamental characteristics." *Fuller v. City of Oakland, Cal.*, 47 F.3d 1522, 1527 (9th Cir. 1995).

45.     There are no allegations of severe or pervasive conduct by DePrue or West. Certainly, the two instances alleged by Plaintiff where DePrue pressed him to provide

- 13 -

1  information about the incident leading to Plaintiff's alleged on-the-job injury cannot plausibly

2  constitute objectively severe harassment. Compl. ¶¶ 33, 37-38. Similarly, the one email by West

3  to Plaintiff informing him of his suspending pending further investigation concerning a potential

4  workers' compensation fraud claim also cannot objectively be perceived as abusive. Comp. ¶ 49.

5  Under settled California law, these isolated incidents of purported "harassment" fail to suggest

6  the required standard to sustain a harassment claim—that Plaintiff's employment is "permeated

7  with intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions

8  of the Plaintiffs employment and create an abusive working environment." *Haley*, 871 F. Supp.

9  2d at 958; *see also Washington v. Lowe's HIW Inc*., 75 F. Supp. 3d 1240, 1251 (N.D. Cal. 2014)

10 (dismissing Title VII and FEHA sex-harassment claims where plaintiff's allegations involved

11 only ordinary workplace annoyances that are not actionable, and isolated comments that were not

12 sufficiently pervasive). Therefore, Plaintiff's harassment claim against DePrue and West fails as a

13 matter of law for this additional reason.

14 **III.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

15        46.    The amount in controversy exceeds $75,000 on the face of the Complaint. The

16 amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul*

17 *Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938) (inability to recover an amount

18 adequate to give court jurisdiction does not show bad faith or oust court of jurisdiction); *Crum v.*

19 *Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) ("Generally, the amount in

20 controversy is determined from the face of the pleadings"); *K. Durant Enterprises, LLC v.*

21 *Swanson Travel Professionals, Inc*., 2014 WL 545843, *2 (C.D. Cal. 2014) ("[a] general

22 conclusory allegation that the damages exceed the minimum jurisdictional limit is usually

23 sufficient"). "[T]he amount in controversy is simply an estimate of the total amount in dispute,

24 not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc*., 627 F.3d

25 395, 400 (9th Cir. 2010). Consequently, the existence of a defense that may apply to some or all

26 of the claims is irrelevant.  "[A]ffirmative defenses, counterclaims, and potential offsets may not

27 be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional

28

1   minimum." *Lara v. Trimac Transp. Servs. (W.) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL

2   3119366 at *3 (C.D. Cal. Aug. 6, 2010) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303

3   U.S. 283, 292, (1938) ("[T]he fact that it appears from the face of the complaint that the

4   defendant has a valid defense, if asserted, to all or a portion of the claim . . . will not justify

5   remand.")). Here, Plaintiff is seeking damages in the amount of no less than $1,000,000. *See*

6   Complaint, Prayer for Relief. Thus, based upon the allegation in Plaintiff's Complaint only, and

7   without conceding that his claims have merit, the amount in controversy exceeds the $75,000

8   threshold, exclusive of interest and costs.

9   **IV.    VENUE**

10          47.     Venue is proper in the Northern District of California pursuant to 28 U.S.C.

11   sections 84(c), 1391, and 1446(a). This action was originally brought in the Superior Court for the

12   State of California, County of Alameda, which is embraced by the Northern District of California.

13   **V.    SERVICE OF NOTICE OF REMOVAL**

14          48.     This Notice of Removal shall be served promptly on Plaintiff's Counsel of Record

15   and filed with the Clerk of the Superior Court of the State of California in and for the County of

16   Alameda.

17

18

19   Dated:  December 19, 2025          ORRICK, HERRINGTON & SUTCLIFFE LLP

20

21                                      By:            */s/ Annie H. Chen*

22                                              KATIE E. BRISCOE
                                                ANNIE H. CHEN
23                                              LAUREN R. LEIBOVITCH
                                                Attorneys for Defendants
24                                      US Foods, Inc. and US Foods Culinary Equipment
                                                & Supplies, LLC
25

26

27

28

- 15 -          DEFENDANT US FOODS, INC. AND US FOODS
                CULINARY EQUIPMENT & SUPPLIES, LLC'S
                NOTICE OF REMOVAL
                CASE NO.: 3:25-cv-10858

**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
**11/14/2025**
Chad Finke, Executive Officer / Clerk of the Court
By: _____ A. Gospel _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

US FOODS, INC., dba US FOODSERVICE, INC., a Delaware Corporation, US FOODS, CULINARY EQUIPMENT & SUPPLIES, LLC, a Delaware Limited Liability Company, RENNIE DEPRUE, an individual, ROB WEST, an individual and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ISMAEL NEGRETE MORENO, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Alameda Superior Court, Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612 | **CASE NUMBER:** *(Número del Caso):* **25CV154858** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan P. LaCour, 1 S. Fair Oaks Ave, Suite 200, Pasadena, CA 91105, (310) 853-3461

DATE: **11/14/2025**     Clerk, by _____ , Deputy
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court *(Secretario)*     A. Gospel     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* US FOODS, INC., dba U.S. FOODSERVICE, INC., a Delaware Corporation
   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jonathan P. LaCour (SBN:. 285098)<br>1 S. Fair Oaks Ave., Suite 200, Pasadena, CA 91105<br><br>TELEPHONE NO.: (310) 853-3461    FAX NO.: (949) 743-5442<br>EMAIL ADDRESS: jonathanl@pierrelacour.com<br>ATTORNEY FOR (Name): ISMAEL NEGRETE MORENO | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**11/14/2025 at 04:04:58 PM**<br>By: Andrel Gospel,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
ISMAEL NEGRETE MORENO V. US FOODS, INC., ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 25CV154858<br><br>JUDGE:<br>DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Ten (10)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 14, 2025

Jonathan P. LaCour
_____
(TYPE OR PRINT NAME)           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024]      **CIVIL CASE COVER SHEET**      Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

Jonathan P. LaCour, Esq. (SBN: 285098)
Steven T. Gebelin, Esq. (SBN: 261507)
Lisa Noveck, Esq. (SBN: 316660)
Ben Twisk, Esq. (SBN: 358356)
**EMPLOYEES FIRST LABOR LAW P.C.**
1 S. Fair Oaks Ave., Suite 200
Pasadena, California 91105
Telephone:     (310) 853-3461
Facsimile:      (949) 743-5442
Email:          jonathanl@pierrelacour.com
                steveng@pierrelacour.com
                lisan@pierrelacour.com
                bent@pierrelacour.com

Attorneys for Plaintiff, ISMAEL NEGRETE MORENO

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
11/14/2025 at 04:04:58 PM
By: Andrel Gospel,
Deputy Clerk

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ALAMEDA

ISMAEL NEGRETE MORENO, an
individual,

                              Plaintiff,

        v.

US FOODS, INC., dba U.S.
FOODSERVICE, INC., a Delaware
Corporation, US FOODS, CULINARY
EQUIPMENT & SUPPLIES, LLC, a
Delaware Limited Liability Company,
RENNIE DEPRUE, an individual, ROB
WEST, an individual and DOES 1 through
20, inclusive,

                              Defendants.

Case No. **25CV154858**

**COMPLAINT FOR DAMAGES FOR:**

1. **WRONGFUL TERMINATION IN VIOLATION OF FEHA (GOV'T. CODE § 12940 ET SEQ.);**
2. **FEHA VIOLATIONS BASED UPON DISABILITY DISCRIMINATION;**
3. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**
4. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**
5. **FEHA VIOLATIONS BASED UPON RETALIATION IN VIOLATION OF GOVT. CODE § 12940(H) ET SEQ.;**
6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**
7. **RETALIATION IN VIOLATION OF LABOR CODE § 1102.5;**
8. **CFRA VIOLATIONS;**
9. **HOSTILE WORK ENVIRONMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.; AND**
10. **RETALIATION IN VIOLATION OF LABOR CODE § 132(A)**

*(left margin vertical text)* **EMPLOYEES FIRST LABOR LAW** 1 S. FAIR OAKS AVE., SUITE 200 PASADENA, CALIFORNIA 91105

1

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

**COMES NOW PLAINTIFF**, ISMAEL NEGRETE MORENO, for causes of action against Defendants and each of them, alleges as follows:

<u>**JURISDICTION**</u>

1.      This Court is the proper court, and this action is properly filed in Alameda County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Alameda County, and because the work that is the subject of this action was performed by Plaintiff in Alameda County.

<u>**THE PARTIES**</u>

**PLAINTIFF ISMAEL NEGRETE MORENO**

2.      Plaintiff, ISMAEL NEGRETE MORENO, (hereinafter referred to as "Plaintiff") is and at all times relevant hereto was a resident of the County of Fresno, State of California.

**DEFENDANT US FOODS, INC.**

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant US FOODS, INC., doing business as US FOODSERVICE, INC. (hereinafter referred to as "US Foods") was and is a Delaware corporation doing business at 9399 West Higgins Road, Suite 100, Rosemont, 60018, in the County of Cook, State of Illinois.

**DEFENDANT US FOODS CULINARY EQUIPMENT & SUPPLIES, LLC**

4.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant US FOODS CULINARY EQUIPMENT & SUPPLIES, LLC, (hereinafter referred to as "US Foods Culinary") was and is a Delaware limited liability company doing business at 9399 West Higgins Road, Suite 100, Rosemont, 60018, in the County of Cook, State of Illinois.

**DEFENDANT RENNIE DEPRUE**

5.      Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendants and RENNIE DEPRUE (hereinafter referred to as "Mr. DePrue"), was and is an individual employer residing in the County of Alameda, State of California, with his principal place of business therewithin.

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
MORENO V. US FOODS, INC., ET AL.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

**DEFENDANT ROB WEST**

6.    Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant ROB WEST (hereinafter referred to as "Mr. West") was and is an individual employer residing in the County of Alameda, State of California, with his principal place of business therewithin.

7.    US Foods, US Foods Culinary, Mr. DePrue, and Mr. West are hereinafter collectively referred to as "Defendants."

8.    Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants Mr. DePrue, and Mr. West were Plaintiff's employers, managers, corporate agents, supervisors. Specifically, Plaintiff is informed and believes, and based thereon alleges, that Mr. DePrue, and Mr. West dictated Plaintiff's compensation and had plenary ability to supervise, manage, hire, and fire, and did participate in the firing of Plaintiff. Defendants Mr. DePrue, and Mr. West exercised control and management of the work performed by Plaintiff as to establish or change corporate policies for which Plaintiff was required to perform. Defendants Mr. DePrue, and Mr. West had the ability to ensure Plaintiff was properly compensated and allotted meal breaks, rest periods, and other provisions issued to employees.

9.    On information and belief, Mr. DePrue, and Mr. West were the primary, if not the sole, decision makers and authors of its corporate policies as to: (1) setting employees' working hours and rates of pay; (2) whether, and how much, to pay employees for overtime hours worked; (3) whether to allow employees the opportunity to take meal periods and rest breaks; (4) determining whether to issue itemized wages statements to employees; (5) determining whether an employee was exempt or non-exempt for purposes of applicable compliance with the Labor Code and order of the Industrial Welfare Commission; and (6) ensure compliance with all applicable Labor Code sections and orders of the Industrial Welfare Commission.

10.    Plaintiff is informed and believes, and based thereupon allege, that at all times relevant hereto, Defendants owned and/or operated a food service shipping and delivery business and availed themselves of the rights and privileges of the State of California.

3

11.     Defendants were Plaintiff's employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

12.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

13.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

14.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

15.     Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

4

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

**ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

16.     Plaintiff is informed and believes, and based thereupon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of Defendants have ceased to exist.

17.     Plaintiff is informed and believes, and based thereupon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same as Defendants, including, but not limited to because:

a.      Defendants are completely dominated and controlled by DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.      DOES 1-20 derive actual and significant monetary benefits by and through Defendants' unlawful conduct, and by using Defendants as the funding source for their own personal expenditures.

c.      Plaintiff is informed and believes, and based thereupon alleges, that Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.      Plaintiff is informed and believes, and based thereupon alleges, Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.      Plaintiff is informed and believes, and based thereupon alleges, that the business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Defendants and DOES

5

1   1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary

2   to avoid fraud and injustice to Plaintiff herein.

3   18.   Accordingly, Defendants constitute the alter ego of DOES 1-20, and the fiction of their

4   separate corporate existence must be disregarded.

5   19.   As a result of the aforementioned facts, Plaintiff is informed and believes, and based

6   thereupon alleges, that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of a joint

7   enterprise, and that Plaintiff was an employee of Defendants and DOES 1-20. Plaintiff performed

8   services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all

9   Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in

    which Defendants' business was and is conducted.

10  20.   Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as

11  and between DOES 1-20 and Defendants, (1) there is an express or implied agreement of assumption

12  pursuant to which DOES 1-20 agreed to be liable for the debts of Defendants, (2) the transaction

13  between DOES 1-20 and Defendants amounts to a consolidation or merger of the two corporations,

14  (3) DOES 1-20 is a mere continuation of Defendants, or (4) the transfer of assets to DOES 1-20 is for

15  the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, DOES 1-20 are the

16  successors of Defendants, and are liable on that basis.

17  **FACTUAL ALLEGATIONS**

18  21.   Upon information and belief, Defendants owned and operated a national food service

19  delivery and trucking company. Plaintiff's immediate superiors primarily worked at one of

20  Defendants' distribution centers located at 300 Lawrence Drive, Livermore, 945551, in the County

21  of Alameda, State of California. Defendants maintained other distribution centers and warehouses in

22  other California counties, including the County of Fresno.

23  22.   Upon information and belief, Defendants are joint employers with a unity in interest

24  and ownership. Each of these listed corporate entities share the same registered agent, Koy Saechao.

25  Defendants also share identical principal and mailing addresses: 9399 West Higgins Road, Suite 100,

26  Rosemont, 60018, in the County of Cook, State of Illinois.

27

28

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

6

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

23.     Upon information and belief, Rennie DePrue (hereinafter referred to as "Mr. DePrue") was Plaintiff's immediate supervisor and Rob West (hereinafter referred to as "Mr. West") was Plaintiff's direct manager.

24.     On or about October 2, 2019, Defendants hired Plaintiff as a food service delivery driver. Plaintiff was a non-exempt employee who originally earned, upon information and belief, $29.98 per hour. Based on Plaintiff's stellar performance, Defendants raised Plaintiff's rate of pay several times, with Plaintiff's most recent rate of pay being, upon information and belief, $45.25 per hour.

25.     Plaintiff's job duties included delivering food goods, of various types, to customers, unloading those goods by hand or with the use of "hand-trucks" or "pallet-jacks," recording and logging his routes, among other tasks typical to a commercial semi-truck delivery driver.

26.     Plaintiff's general schedule saw him work four (4) days per week at ten (10) hours per day. However, Plaintiff frequently worked in excess of that schedule and typically worked an additional fifth (5th) day and worked between eleven (11) to thirteen (13) hours per workday.

27.     Upon information and belief, Defendants failed to regularly and completely provide Plaintiff with his overtime and double time rates of pay when his worked exceed the eight (8), ten (10), and twelve (12) hour daily thresholds, and the forty (40) hour weekly threshold.

28.     Additionally, Defendants failed to regularly afford Plaintiff to his entitled ten (10) minute rest breaks and thirty (30) minute meal breaks. In fact, Defendants fostered a practice that required Plaintiff to clock out to purportedly show that Plaintiff was indeed taking his meal break, but in reality, demanded that Plaintiff work through those meal breaks off-the-clock, and thus, uncompensated.

29.     Upon information and belief, Defendants failed to compensate Plaintiff with premium pay on the frequent occasions where Plaintiff was denied duty-free, Labor Code-compliant rest and meal breaks.

30.     Troublingly, and in addition to the violations alleged above, Defendants purposefully discriminated and retaliated against Plaintiff because of Plaintiff's temporary disability.

31.     On or about March 27, 2025, Plaintiff was injured on the job. Typical to his job duties, Plaintiff was removing a pallet of goods from his semi-truck to deliver to one of Defendants'

7

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1  customers in Fresno, California. However, the pallet was stacked so high that it clipped the rear

2  collapsing door of the semi-truck's trailer, which opens by rolling up into the trailer's interior ceiling.

3  The contact between the pallet and the semi-truck trailer's door pried the door loose, causing it to roll

4  down to its closed position, striking Plaintiff in the head on the way down. The sheer speed at which

5  it slammed shut left Plaintiff with no time to react nor dodge the heavy, metal door.

6          32.     Plaintiff immediately went into shock, grabbed for the left side of his head and neck,

7  and tried to apply pressure to temper his pain. Plaintiff's symptoms due to the traumatic blow to his

8  head included nauseousness, dizziness, and stiffness in his neck.

9          33.     Plaintiff notified Defendants of his injury, first by calling his dispatch center, then

10 calling Mr. DePrue. After first being told to continue working, Defendants eventually permitted

   Plaintiff to seek medical care.

11         34.     Plaintiff did just that. Unable to drive himself, Plaintiff's wife drove Plaintiff to an

12 urgent care center. Upon examination, the medical providers there told Plaintiff that his injuries were

13 too severe for urgent care-level treatment and instructed Plaintiff to go to a hospital emergency

14 department.

15         35.     Plaintiff did as instructed and was then evaluated by an emergency department

16 medical provider who diagnosed Plaintiff with a concussion after performing several tests, including

17 a Computed Axial Tomography ("CAT") scan. Plaintiff received a doctor's note that same day stating

18 that Plaintiff may not return to work until on or about March 31, 2025, equating to approximately

19 four (4) days of medical leave—leave to which Plaintiff was entitled under the California Family

20 Rights Act ("CFRA").

21         36.     Following the incident, a large, painful lump developed on Plaintiff's neck. Plaintiff's

22 neck stiffness also continued. Plaintiff then began to suffer from debilitating headaches. Plaintiff's

23 doctor ordered Plaintiff to receive treatment from a physical therapist.

24         37.     Despite these palpable and documented symptoms, Mr. DePrue doubted the sincerity

25 of Plaintiff's injuries. In fact, Mr. DePrue demanded that Plaintiff provide a written explanation of

26 the incident while Plaintiff was in the emergency department waiting room, and while he was feeling

   immense pain, disorientation, and confusion as a result of his head injury.

27

28

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
MORENO V. US FOODS, INC., ET AL.

38.     On or about the day following the incident, Mr. DePrue demanded that Plaintiff drive to Defendants' regional distribution center in Livermore to complete additional, yet non-urgent, documentation relating to the incident, even though Plaintiff was recovering at his home in Firebaugh, which is an approximately two (2) hour drive. Mr. DePrue's demand was in direct conflict with Plaintiff's doctor's note stating that Plaintiff was to perform no work-related duties until on or about March 31, 2025.

39.     Plaintiff complained to Defendants about their attempts to interrupt Plaintiff's medical leave and force him to personally drive a considerable distance while he was still recovering from his injury. Mr. DePrue purportedly responded by stating that Plaintiff's doctor's note did not explicitly state that Plaintiff could not drive his personal vehicle. Yet, the doctor's note was clear: Plaintiff was to perform no work-related duties. Mr. DePrue's attempts to skirt this directive, and thus gamble with Plaintiff's recovery and overall health, highlight Defendants' problematic and systemic indifference for their employees' safety and well-being.

40.     Plaintiff returned to his doctor for additional care, who then extended Plaintiff's medical leave. Plaintiff informed Defendants of this, yet Defendants insisted that Plaintiff use his accrued paid time off ("PTO"), even though Plaintiff was entitled to medical leave under the CFRA.

41.     Additionally, Defendants continued their demands for Plaintiff to drive to their Livermore location. Plaintiff feared losing his employment if he did not comply with Defendants' demands.

42.     Plaintiff then drove himself, while still recovering from his injury, and while still under doctor-ordered medical leave, to Livermore. Upon his arrival, Defendants modified Plaintiff's job duties to that of a warehouse custodian, which primarily involved collecting and discarding trash scattered throughout the warehouse. Defendants maintained that this was only temporary.

43.     Concerningly, however, the custodian duties only took approximately two (2) hours to complete. Thus, Plaintiff would only receive two (2) hours' worth of compensation—a clearly retaliatory act by Defendants in response for Plaintiff complaining about being forced to return to work in spite of his medical leave still being in effect.

44.     Plaintiff requested Defendants accommodate Plaintiff's temporary disability by transferring Plaintiff to their Fresno warehouse, which was demonstrably closer to Plaintiff's home

EMPLOYEES FIRST LABOR LAW
1 S. Fair Oaks Ave., Suite 200
PASADENA, CALIFORNIA 91105

9

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

than the Livermore warehouse. Having a shorter commute would dramatical improve Plaintiff's recovery. Defendants denied Plaintiff's request without any justification or meaningful dialogue.

45.     Independent from Plaintiff's action against Defendants here, Plaintiff also filed for workers' compensation, which covered Plaintiff's continuing doctor and physical therapy appointments.

46.     On or about April 11, 2025, Mr. West notified Plaintiff that Defendants were going to temporarily suspend Plaintiff's employment due to Plaintiff filing a claim under workers' compensation. Soon thereafter, Defendants terminated Plaintiff's employment both due to Plaintiff's disability as well as in retaliation against Plaintiff for both requesting accommodations for his disability and filing a workers' compensation claim.

47.     Upon information and belief, because Plaintiff (1) engaged in protected activity, namely filing a workers' compensation claim against Defendants; and (2) complained to Defendants that their demands for Plaintiff to drive to Livermore illegally interfered with Plaintiff's medical leave, Defendants unlawfully retaliated against Plaintiff by first suspending and then terminating Plaintiff's employment.

48.     Plaintiff had performed his job duties satisfactorily and well up to the point of his termination. Indeed, Defendants had no other reason to terminate Plaintiff but for his complaints of illegal activity as well as his temporary disability, need for reasonable accommodations, and filing of a workers' compensation claim.

49.     At all relevant times, it was reasonable for Plaintiff to believe that it was illegal for Defendants to disrupt Plaintiff's medical leave. It was likewise reasonable for Plaintiff to engage in the protected activity of filing a workers' compensation claim.

50.     At all relevant times, Plaintiff performed all job duties satisfactorily. Indeed, Plaintiff worked for Defendants for nearly five (5) years without issue, however, as soon as Plaintiff made complaints of what he reasonably believed was illegal activity, Defendants terminated his employment.

51.     On information and belief, Plaintiff complaining of what he reasonably believed was illegal activity was a major contributing factor in Defendants' termination of Plaintiff and general retaliatory treatment of Plaintiff at the workplace.

10

52.     Upon information and belief, Defendants terminated Plaintiff's employment because of Plaintiff's disability and request for reasonable accommodation. Defendants' decision to terminate Plaintiff was substantially motivated by Plaintiff's disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff.

53.     Upon information and belief, Plaintiff's complaints of what he reasonably believed to be illegal activity were major contributing factors in Defendants' decision to terminate his employment. Indeed, immediately on the heels of Plaintiff's complaints, Defendants terminated Plaintiff.

54.     At all relevant times, it was reasonable for Plaintiff to believe that it was illegal for Defendants to retaliate against employees who request reasonable accommodations, precisely because they requested reasonable accommodations. Indeed, pursuant to the FEHA, it is illegal for employers to retaliate against employees for requesting reasonable accommodations.

55.     At all relevant times, Plaintiff was a non-exempt employee within the meaning of the *Labor Code*, and the implementing regulations of the IWC Wage Orders.

56.     Plaintiff performed non-exempt duties for Defendants.

57.     Defendants were the employer of Plaintiff at all relevant times. Defendants "employ(ed)" Plaintiff pursuant to the definition of "employ" within IWC Wage Order 5.

58.     At all relevant times, Defendants exercised control over the wages, hours, and working conditions of Plaintiff; suffered or permitted Plaintiff to work and created a common law employment relationship with Plaintiffs.

59.     Indeed, during their employment with Defendants, Plaintiff's work was subject to Defendants' control, in that Defendants dictated how Plaintiff was to carry out his job duties and what tasks Plaintiff was to perform. Defendants also set Plaintiff's schedules and rate of pay.

60.     Throughout the entirety of Plaintiff's employment, Plaintiff performed all of his job duties satisfactorily.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
15 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

61.     At all relevant times, Defendant failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendant.

62.     At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform Plaintiff's essential job duties with or without accommodations.

63.     Plaintiff's termination was substantially motivated by Plaintiff's disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff.

64.     To date, Defendants have not paid Plaintiff all of the wages that Plaintiff is owed, including premium pay for his missed, late, and interrupted breaks and overtime compensation, much less any compensation at all, for his unpaid off-the-clock work.

65.     For the entirety of Plaintiff's employment with Defendants, Defendants failed and refused to pay Plaintiff the total amount of wages that Plaintiff, through his employment and labor, had earned working for Defendants.

66.     For the entirety of Plaintiff's employment with Defendants, Defendants have consistently failed to provide Plaintiff with timely, accurate, and itemized wage and hour statements, in writing, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by them at each hourly rate in and among other information, as required by California wage-and-hour laws.

67.     For the entirety of Plaintiff's employment with Defendants, Defendants routinely failed to provide Plaintiff with rest breaks after working the requisite number of hours, and routinely required Plaintiff to work more than the requisite number of hours without being given at least a 30-minute meal break. Further, Defendants routinely failed to compensate Plaintiff for these missed rest breaks and meal periods.

68.     For the entirety of Plaintiff's employment with Defendants, Defendants routinely required Plaintiff to work more than eight hours per day and 40 hours per week. Plaintiff did not receive accurate compensation for straight, regular time pay, and overtime pay.

12

69. For the entirety of Plaintiff's employment with Defendants, Defendants have consistently failed to pay Plaintiff's wages on a timely semi-monthly basis, as required by the Labor Code.

70. Defendants failed to pay all wages due and owed to Plaintiff at the time of his termination or within seventy-two (72) hours of his resignation, as required by California wage-and-hour laws.

71. As set forth above, and throughout this complaint, Defendants engaged in various acts of unfair competition and unlawful and unfair business practices as defined in the *Unfair Competition Law*, Business and Professions Code § 17200, et seq.

72. Pursuant to the Labor Code, California law and applicable Wage Orders, Plaintiff is entitled to all damages, unpaid wages, statutory penalties, waiting time penalties, interest and attorney's fees and costs for the illegal and wrongful acts and omissions of Defendant, all as alleged throughout this complaint.

73. Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

74. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain emotional distress, and physical injury related to emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

75. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

76. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

77. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff request that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

### FIRST CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF FEHA
### CAL. GOV. CODE §§ 12940 ET SEQ.
### AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE DEFENDANTS

78. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

79. Defendants, and each of them, including their agents, employees and representatives are subject to suit under Sections 12940, et. seq., of the California Fair Employment and Housing Act ("FEHA") as embodied in the California Government Code.

80. California Government Code §12921(a) states, "[t]he opportunity to seek, obtain, and hold employment without discrimination because of...physical disability...medical condition...sex, gender...is hereby recognized as and declared to be a civil right." Moreover, Government Code §12940 states in relevant part, "[i]t is an unlawful employment practice, unless based upon a bona fide qualification...[f]or an employer, because of...physical disability, medical condition ...sex, gender ...to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

81. Plaintiff is a man had a physical disability/medical condition at all relevant times, as defined under Government Code § 12926 et. seq.

82. Plaintiff is informed and believes and thereon alleges that Defendants and each of them, in violation of Government Code §§ 12940 et seq., terminated Plaintiff's employment because of his physical disability.

83. Plaintiff filed a complaint with the California Civil Rights Department ("CRD"). On November 14, 2025, Plaintiff received a "Right-to-Sue" Letter from the California Department of

14

Fair Employment and Housing. Attached hereto as <u>EXHIBIT 1</u> is a true and correct copy of the referenced "Right-to-Sue" Letter that Plaintiff received.

84.     As a proximate result of the conduct of Defendants, Plaintiff has suffered general and special damages in a sum according to proof, but which amount exceeds the jurisdictional minimum of this Court, with interest thereon at the maximum legal rate.

85.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress, physical injury related to emotional distress, and aggravation in an amount to be proven at the time of trial.

86.     The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in <u>Civil Code</u> § 3294(c)), in that they were intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

87.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advanced knowledge, conscious disregard, authorization, or ratification within the meaning of <u>Civil Code</u> §3294 on the part of Defendants' officers, directors, or managing agents of the business. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

88.     Plaintiff is further entitled to attorneys' fees pursuant to <u>Government Code</u> § 12965(b).

**SECOND CAUSE OF ACTION**
**<u>FEHA VIOLATIONS BASED UPON DISABILITY DISCRIMINATION</u>**
**CAL. GOV. CODE §§ 12940(a) ET SEQ.**
**<u>AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE</u>**
**<u>DEFENDANTS</u>**

89.     Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

90.     This cause of action is based upon:

15

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

a. Cal. Gov. Code § 12940(a), which prohibits employers from discriminating against an employee in compensation or in terms, conditions, or privileges of employment because of his or her disability; and

91.     Plaintiff alleges Defendants treated him differently from similarly situated employees because of his disability. Plaintiff contends that if he were not disabled, Defendants would not have exhibited the behavior and conduct alleged in this Complaint. Specifically, Plaintiff alleges the following act was committed by Defendants because Plaintiff was disabled:

a. Preventing Plaintiff from obtaining desirable shifts specifically because of his disability;

b. Terminating the employment of Plaintiff specifically because of his disability;

92.     Plaintiff has exhausted his administrative remedies against Defendants for FEHA prohibited disability discrimination, as evidence by the documents attached as Exhibit "1" to this Complaint.

93.     As a direct, foreseeable, and proximate result of the outrageous conduct of Defendants, and each of them, Plaintiff has suffered, and continues to suffer emotional distress, including stress, anxiety, anger, humiliation, loss of self-confidence, loss of self-esteem, feelings of hopelessness, and feelings of betrayal, physical injury related to emotional distress, plus future expenses incurred in seeking professional medical treatment for the aforementioned symptoms, all of which was and is to his damage in a sum within the minimum jurisdiction of this Court, to be ascertained according to proof.

94.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of Defendants, and each of them, as described above was done with oppression and malice, and was thereafter ratified by those other individuals who were either officers, directors, and/or managing agents of the named corporate Defendants. These unlawful acts were further ratified by the corporate Defendants and/or its agents as they were done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff given that the harm to him was readily foreseeable. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against Defendants, and each of them, for their acts as described in this cause of action in a sum to be determined at the time of trial.

16

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

95. Due to the grossly reckless, and/or intentional, malicious, and bad faith manner in which Defendants, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action, Plaintiff is entitled to punitive damages against said Defendants, and each of them, in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

96. For the part of this cause of action for FEHA liability, Plaintiff pleads for reasonable attorney's fees and costs as allowed by California Government Code § 12965(b).

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
### CAL. GOV. CODE §§ 12940 ET SEQ.
### AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE DEFENDANTS

97. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

98. At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

99. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

100. At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed, or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actually or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process

17

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

with Plaintiff and continued to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendants contend Plaintiff was never terminated, through the present and ongoing.

101.    The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

102.    The damage allegations described above are herein incorporated by reference.

103.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

104.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FOURTH CAUSE OF ACTION
### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
### CAL. GOV. CODE §§ 12940 ET SEQ.
### AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE DEFENDANTS

105.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

106.    At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee taking care of an associated person with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

107.    At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical

18

disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

108. Plaintiff reported his wife's disability to Defendants and requested accommodations, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so. Thereafter, despite Defendants' continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctor's notes identifying Plaintiff's son's condition and Plaintiff's desire to continue working, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendants contends Plaintiff was never terminated, through the present and ongoing.

109. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

110. The damage allegations, as set forth above inclusive, are herein incorporated by reference.

111. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

112. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION
### FEHA VIOLATIONS BASED UPON RETALIATION
### CAL. GOV. CODE § 12940(h) ET SEQ.
### AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE
### DEFENDANTS

113. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it were fully alleged herein.

114. At all times relevant to this action, Plaintiff was employed by Defendant.

19

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

115.   At all times relevant to this action, Cal. Gov. Code §12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from discriminating and retaliating against any employee on the basis of disability, and opposition to unlawful conduct related thereto.

116.   Defendant engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

117.   Plaintiff's assertion of his rights under Cal. Gov. Code §12900 *et seq.* and opposition to unlawful conduct was a substantial motivating reason for Defendant's decision to retaliate against and terminate him. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

118.   At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in violation of Cal. Gov. Code § 12940(h), in part by terminating him.

119.   Defendant's retaliatory termination of Plaintiff's employment was substantially motivated by his disability accommodations, and opposition to Defendant's conduct related thereto, as previously pled herein.

120.   As a direct, foreseeable, and proximate result of the outrageous conduct of all Defendants named in this cause of action, and each of them, Plaintiff has suffered, and continues to suffer emotional distress and physical injury related to emotional distress, including stress, anxiety, anger, humiliation, loss of self-confidence, loss of self-esteem, feelings of hopelessness, and feelings of betrayal, plus future expenses incurred in seeking professional medical treatment for the aforementioned symptoms, all of which was and is to his damage in a sum within the minimum jurisdiction of this Court, to be ascertained according to proof.

121.   Plaintiff is informed and believes that the actions of Defendant's employees, officers, directors, and/or managing agents, were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

122.   For the part of this cause of action for FEHA liability, Plaintiff pleads for reasonable attorney's fees and costs recoverable under California Government Code § 12965(b).

//

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
MORENO V. US FOODS, INC., ET AL.

EMPLOYEES FIRST LABOR LAW
15. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

### SIXTH CAUSE OF ACTION
### FOR WRONGFUL TERMINATION IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
### AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE DEFENDANTS

123.    Plaintiff incorporates by reference and realleges the preceding paragraphs, inclusive, as though set forth fully herein.

124.    At all relevant times, Cal. Gov. Code § 12940(a) and the Labor Code, were in full force and effect and were binding upon Defendants. These sections, *inter alia*, prohibit Defendants from discriminating against an employee in compensation or in terms, conditions, or privileges of employment because of his or her race and impose minimum labor standards, as previously pled herein.

125.    Defendants' conduct as previously alleged, including their termination of Plaintiff, was in retaliation for Plaintiff's disability accommodations and for Plaintiff's reporting of illegal alcohol selling practices, as well as the conditions of Plaintiff's employment fell well below the minimum standards imposed by the Labor Code.

126.    At all times mentioned in this complaint, it was a well-established, substantial, and fundamental policy of the State of California that benefits society at large, that Defendants cannot retaliate against an employee for disability accommodations nor can Defendants retaliate against an employee for reporting illegal alcohol selling practices. Further, Defendants must maintain minimum labor standards.

127.    Plaintiff believes and thereon alleges that Plaintiff's disability substantially motivated Defendants' conduct as alleged hereinabove.

128.    The above said acts of Defendants constitute violations of the *Labor Code* and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating against Plaintiff and terminating Plaintiff's employment.

129.    The damage allegations, as set forth above inclusive, are herein incorporated by reference.

130.    The foregoing conduct of Defendants individually, or by and through its officers, directors and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of

21

1    Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

2    such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff

3    to punitive damages in an amount appropriate to punish or make an example of Defendants.

### SEVENTH CAUSE OF ACTION
### FOR RETALIATION IN VIOLATION OF LABOR CODE § 1102.5
### (WHISTLEBLOWER RETALIATION)
### AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE
### DEFENDANTS

7    131.    Plaintiff incorporates by reference and realleges the preceding paragraphs, inclusive,

8    as though set forth fully herein.

9    132.    *Labor Code* §1102.5(a) provides, in relevant part, that "An employer, or any person

10   acting on behalf of the employer, shall not make adopt, or enforce any...rule...or policy preventing

11   an employee from disclosing information...to a person with authority over the employer, or to another

12   employee who has authority to investigate, discover, or correct the violation or noncompliance...if

13   the employee has reasonable cause to believe that the information discloses a violation of state or

14   federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation,

15   regardless of whether disclosing the information is part of the employee's job duties."

16   133.    Furthermore, under *Labor Code* section 1102.5(b), "[a]n employer, or any person

17   acting on behalf of the employer, shall not retaliate against an employee for disclosing information,

18   or because the employer believes that the employee disclosed or may disclose information, to a

19   government or law enforcement agency, to a person with authority over the employee or another

20   employee who has the authority to investigate, discover, or correct the violation or noncompliance,

21   or for providing information to, or testifying before, any public body conducting an investigation,

22   hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a

23   violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal

24   rule or regulation, regardless of whether disclosing the information is part of the employee's job

     duties."

25   134.    *Labor Code* section 1102.5(c) states, (c) "[a]n employer, or any person acting on

26   behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity

27   that would result in a violation of state or federal statute, or a violation of or noncompliance with a

28   local, state, or federal rule or regulation."

EMPLOYEES FIRST LABOR LAW
15, FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

22

135. *Labor Code* section 1102.5(d) states, (d) "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment."

136. *Labor Code* section 1102.5 embodies an important public policy against anti-whistleblower policies and retaliatory conduct.

137. Here, Plaintiff was informed and believes and thereon alleges, that Defendants were violating Federal, State, and local ordinances in carrying out its business. Plaintiff made complaints of what he reasonably believed to be illegal activity.

138. Specifically, Plaintiff believed that it was illegal for Defendants to 1) retaliate against employees because they have requested reasonable accommodation for their disabilities, 2) retaliate against employees who engage in protected activity, like filing a workers' compensation claim, and 3) fail to compensate Plaintiff for all wages earned.

139. Shortly after Plaintiff notified Defendants that Plaintiff believed Defendants to be violating the FEHA, as well as Plaintiff's filing for workers' compensation, Defendants retaliated against Plaintiff by terminating his employment. Plaintiff's complaints of illegal activity were major contributing factors in Defendants' decisions to terminate him.

140. At all times relevant herein, Defendants, and each of them, knew, or reasonably should have known, that their conduct, acts, and failures to act of all other Defendants and/or supervisors, agents and employees as described hereinabove violated Plaintiff's rights under the law.

141. As a direct and proximate result of each of Defendants' willful, knowing, and intentional discrimination as previously described, Plaintiff was subjected to an adverse employment action and sustained substantial losses in earnings and other employment benefits.

142. As a direct and proximate result of the actions and conduct of Defendants, and each of them, Plaintiff has suffered non-economic damages in an amount according to proof.

143. The damage allegations, as set forth above inclusive, are herein incorporated by reference.

144. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

23

1  Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

2  such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff

3  to punitive damages in an amount appropriate to punish or make an example of Defendants.

4       145.    As a result of the defendant's conduct as alleged herein, Plaintiff is entitled to

5  reasonable attorney's fees and costs of suit as provided in Section 1021.5 of the California Code of

6  Civil Procedure.

## EIGHTH CAUSE OF ACTION
### VIOLATIONS OF THE CALIFORNIA FAMILY RIGHTS ACT
### AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE DEFENDANTS

9       146.    Plaintiff re-alleges the information set forth in the preceding paragraphs and

10  incorporates it into this cause of action as if it was fully alleged herein.

11       147.    At all times relevant to this action, Plaintiff was employed by Defendants.

12       148.    At all times relevant to this action, Plaintiff suffered from a serious health condition

13  within the meaning of Cal. Gov. Code §§ 12945.2(b)(12), et seq.

14       149.    At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges

15  that Defendants were an employer who regularly employed five or more persons within the meaning

16  of Cal. Gov. Code § 12945.2(b)(4).

17       150.    At all times relevant to this action, Plaintiff had more than 12 months of service with

18  Defendants and had worked at least 1,250 hours for Defendants during the previous 12 months, and

19  had taken less than 12 weeks of medical leave the past 12-month period within the meaning of Cal.

20  Gov. Code §12945.2(a).

21       151.    Defendant unlawfully refused to grant, unlawfully interfered with, restrained, and/or

22  denied Plaintiff a medical leave for Plaintiff's serious health condition in violation of Cal. Gov. Code

23  §§ 12945.2(a) and 12945.2(k).  Instead, Defendants terminated Plaintiff.

24       152.    Defendants unlawfully retaliated against and discriminated against Plaintiff because

25  of his serious health condition and medical leave of absence by terminating him in violation of Cal. Gov. Code §§ 12945.2(a) and 12945.2(k).

26       153.    Defendants were substantially motivated to refuse to grant a medical leave and instead

27  terminate Plaintiff because of his serious health condition, need for a medical leave of absence, and

28  medical leave of absence.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

154.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

155.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured.  Such injuries have caused, and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of this Court's minimum jurisdictional threshold.

156.    As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

157.    Plaintiff is informed and believes that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights.  They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

158.    Plaintiff is informed and believes that the actions of Defendants' employees, officers, directors, and/or managing agents, were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

### NINTH CAUSE OF ACTION
### FOR HOSTILE WORK ENVIRONMENT HARASSMENT
### CAL. GOV. CODE §§ 12940 ET SEQ.
### AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

159.    Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

160.    At all times relevant to this action, Plaintiff was employed by Defendants.

25

161.    At all times relevant to this action, Defendants were employers who regularly employed on or more persons within the meaning of Cal. Gov. Code §§ 12926(d), 12940(j)(4)(A).

162.    At all relevant times to this action, Cal. Gov. Code §§ 12940(j)(1), 12940(j)(4)(C), and 12940(i) were in full force and effect and were binding upon Defendants. These sections, inter alia, require Defendants to refrain from harassing an employee on the basis of sex, gender, and disability and to take all reasonable steps to prevent harassment from occurring, thereby preventing a hostile work environment for Plaintiff.

163.    At all times relevant to this action, Mr. DePrue and Mr. West severely and pervasively engaged in unwelcome and unwanted verbal conduct regarding Plaintiff's physical limitations and disability resulting from Plaintiff's workplace injury.

164.    Defendant is strictly liable for Mr. DePrue's and Mr. West's harassing conduct pursuant to Cal. Gov. Code § 12940 (j)(1).

165.    Plaintiff's physical disability was a substantial motivating factor for the acts of harassment as previously mentioned.

166.    Such actions are unlawful harassment and discriminatory in violation of Cal. Gov. Code §§ 12900 *et seq.*

167.    Defendants' conduct was a substantial factor in causing harm to Plaintiff as described in this complaint.

168.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

169.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of this Court's minimum jurisdictional threshold.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
MORENO V. US FOODS, INC., ET AL.

170.    As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

171.    Plaintiff is informed and believes that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

172.    Plaintiff is informed and believes that the actions of Defendants' employees, officers, directors, and/or managing agents, were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

**TENTH CAUSE OF ACTION**
**FOR RETALIATION IN VIOLATION OF LABOR CODE § 132 (A)**
**(WORKERS' COMPENSATION RETALIATION)**
**AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE**
**DEFENDANTS**

173.    Plaintiff incorporates by reference and realleges the preceding paragraphs, inclusive, as though set forth fully herein.

174.    *Labor Code* §132(a) provides, in relevant part, that "Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer or an application for adjudication, or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor and the employee's compensation shall be increased by one-half, but in no event more than ten thousand dollars ($10,000), together with costs and expenses not in excess of two hundred fifty dollars ($250). Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer."

175.    Furthermore, under *Labor Code* §132(a), "Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because the employee testified or

27

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

made known his or her intentions to testify in another employee's case before the appeals board, is guilty of a misdemeanor, and the employee shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer."

176.    *Labor Code* §132(a) states, "It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment."

177.    *Labor Code* §132(a) embodies an important public policy against retaliatory conduct and policies aimed at preventing employees from seeking workers' compensation.

178.    Here, Defendants violated *Labor Code* §132(a) and relevant public policy by retaliating against Plaintiff because Plaintiff was injured, and because Plaintiff sought relief through workers' compensation.

179.    Specifically, Defendants retaliated against Plaintiff for 1) becoming injured in the course and scope of Plaintiff's employment, 2) filing or intending to file a claim for compensation with Plaintiff's employer, and/or 3) testifying or intending to testify before an appeals board in relation to a workers' compensation claim.

180.    Shortly after Plaintiff notified Defendants of Plaintiff's injury and intention to seek relief through workers' compensation Defendants retaliated against Plaintiff by forcing Plaintiff to work despite his doctor's orders, requiring Plaintiff use accrued PTO despite being entitled to leave, refusing to engage in an good faith interactive process for reasonable disability accommodations, suspending Plaintiff's employment because of Plaintiff's workers' compensation claim, and subsequent termination of Plaintiff's employment. Plaintiff's disability and subsequent filing for workers' compensation were major contributing factors in Defendants' decision to terminate Plaintiff.

181.    As a direct and proximate result of each of Defendants' willful, knowing, and intentional discrimination as previously described, Plaintiff was subjected to an adverse employment action and sustained substantial losses in earnings and other employment benefits.

182.    As a direct and proximate result of the actions and conduct of Defendants, and each of them, Plaintiff has suffered non-economic damages in an amount according to proof.

183.    There is a clear causal link between the adverse action taken against Plaintiff and Plaintiff's workers' compensation claim. Defendant's actions were taken in violation of Plaintiff's

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE, SUITE 200
PASADENA, CALIFORNIA 91105

28

1    rights under the workers' compensation system. Due to the blatant, callous, and discriminatory nature

2    of Defendant's actions, Plaintiff should be compensated by the maximum allowed under *Labor Code*

3    §132(a) of $10,000, together with costs and expenses not less than $250.

4         184.    The damage allegations, as set forth above inclusive, are herein incorporated by

5    reference.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

**COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF**
**MORENO V. US FOODS, INC., ET AL.**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays that the Court enter judgment in his favor and against Defendants and each of them, for no less than $1,000,000.00 but according to proof, as follows:

1.     For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress, physical injury related to emotional distress and loss of earning capacity;

2.     For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3.     For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' retaliatory practices;

4.     For injunctive relief barring Defendants' employment policies and practices adverse to those who make a complaint of illegal employment activity in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5.     For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6.     For costs of suit, attorneys' fees, and expert witness fees pursuant;

7.     For post-judgment interest; and

8.     For any other relief that is just and proper.

DATED:  November 14, 2025           **EMPLOYEES FIRST LABOR LAW**

By: _____
Jonathan P. LaCour, Esq.
Steven T. Gebelin, Esq.
Lisa Noveck, Esq.
Ben Twisk, Esq.
*Attorneys for Plaintiff,*
*Ismael Negrete Moreno*

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
MORENO V. US FOODS, INC., ET AL.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

# JURY TRIAL DEMAND

Plaintiff demands trial of all issues by jury.

DATED: November 14, 2025

**EMPLOYEES FIRST LABOR LAW**

By: _____

Jonathan P. LaCour, Esq.
Steven T. Gebelin, Esq.
Lisa Noveck, Esq.
Ben Twisk, Esq.
*Attorneys for Plaintiff,*
*Ismael Negrete Moreno*

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
**MORENO V. US FOODS, INC., ET AL.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

# EXHIBIT 1

19
20
21
22
23
24
25
26
27
28

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
MORENO V. US FOODS, INC., ET AL.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

November 14, 2025

Jonathan LaCour
1 South Fair Oaks Avenue, Suite 200
Pasadena, CA 91105

RE:  **Notice to Complainant's Attorney**
CRD Matter Number: 202511-32224514
Right to Sue: Negrete Moreno / US Foods, Inc., dba U.S. Foodservice, Inc. et al.

Dear Jonathan LaCour:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**

KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

November 14, 2025

RE:   **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202511-32224514
Right to Sue: Negrete Moreno / US Foods, Inc., dba U.S. Foodservice, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency      GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

November 14, 2025

Ismael Negrete Moreno
1 S. Fair Oaks Ave, Suite 200
Pasadena, CA 91105

RE: **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202511-32224514
Right to Sue: Negrete Moreno / US Foods, Inc., dba U.S. Foodservice, Inc. et al.

Dear Ismael Negrete Moreno:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective November 14, 2025 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Ismael Negrete Moreno                                    CRD No. 202511-32224514

                                    Complainant,

vs.

US Foods, Inc., dba U.S. Foodservice, Inc.
9399 West Higgins Road, Suite 100
Rosemont, IL 60018

Rob West
300 Lawrence Drive
Livermore, CA 945551

US Foods Culinary Equipment & Supplies, LLC
9399 West Higgins Road, Suite 100
Rosemont, IL 60018

Rennie Deprue
300 Lawrence Drive
Livermore, CA 945551

                                    Respondents

_____

**1.** Respondent **US Foods, Inc., dba U.S. Foodservice, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Rob West** individual as Co-Respondent(s).
Complainant is naming **US Foods Culinary Equipment & Supplies, LLC** business as Co-Respondent(s).
Complainant is naming **Rennie Deprue** individual as Co-Respondent(s).

**3.** Complainant **Ismael Negrete Moreno**, resides in the City of **Pasadena**, State of **CA**.

**4.** Complainant alleges that on or about **April 11, 2025**, respondent took the following adverse actions:

-1-
*Complaint – CRD No. 202511-32224514*

Date Filed: November 14, 2025

CRD-ENF 80 RS (Revised 2025/02)

**Complainant was harassed** because of complainant's ancestry, national origin (includes language restrictions), color, religious creed - includes dress and grooming practices, sex/gender, gender identity or expression, sexual orientation, genetic information or characteristic, medical condition (cancer or genetic characteristic), military and veteran status, age (40 and over), marital status, other, association with a member of a protected class, criminal history, pregnancy, childbirth, breast feeding, and/or related medical conditions, bereavement leave, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, pregnancy disability leave (pdl), race (includes hairstyle and hair texture), reproductive health decisionmaking, cannabis use, reproductive loss leave, sexual harassment.

**Complainant was discriminated against** because of complainant's ancestry, national origin (includes language restrictions), color, religious creed - includes dress and grooming practices, sex/gender, gender identity or expression, sexual orientation, genetic information or characteristic, medical condition (cancer or genetic characteristic), military and veteran status, age (40 and over), marital status, other, pregnancy, childbirth, breast feeding, and/or related medical conditions, association with a member of a protected class, criminal history, bereavement leave, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, pregnancy disability leave (pdl), race (includes hairstyle and hair texture), reproductive health decisionmaking, cannabis use, reproductive loss leave, driver's license (job advertisement or material improperly requires applicant to have a driver's license), leave to obtain victim of violence-related services, leave to serve on a jury or appear in court, status as a victim or family member of a victim of violence and as a result of the discrimination was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied the right to wear pants, denied any employment benefit or privilege, denied accommodation for religious beliefs, denied accommodation for pregnancy, other, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied bereavement leave, denied employer paid health care while on family care and medical leave (cfra), denied employer paid health care while on pregnancy disability leave (pdl), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, denied pregnancy disability leave (pdl), denied reproductive loss leave, denied leave to obtain victim of violence-related services, denied leave to serve on a jury or appear in court, denied safety-related accommodation for a victim of violence, given additional work responsibilities or assignments.

**Complainant experienced retaliation** because complainant reported patient abuse (hospital employees only), reported or resisted any form of discrimination or harassment, requested or used a pregnancy-disability-related accommodation, requested or used a disability-related accommodation, requested or used a religious accommodation, participated as a witness in a discrimination or harassment complaint, requested or used bereavement leave, requested or used family care and medical leave (cfra) related to

-2-

*Complaint -- CRD No. 202511-32224514*

serious health condition of employee or family member, child bonding, or military exigencies, requested or used pregnancy disability leave (pdl), requested or used reproductive loss leave, requested or used leave to obtain victim of violence-related services, requested or used leave to serve on a jury or appear in court, requested or used safety-related accommodation for a victim of violence and as a result was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied the right to wear pants, denied any employment benefit or privilege, denied accommodation for religious beliefs, denied accommodation for pregnancy, other, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied bereavement leave, denied employer paid health care while on family care and medical leave (cfra), denied employer paid health care while on pregnancy disability leave (pdl), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, denied pregnancy disability leave (pdl), denied reproductive loss leave, denied leave to obtain victim of violence-related services, denied leave to serve on a jury or appear in court, denied safety-related accommodation for a victim of violence, given additional work responsibilities or assignments.

**Additional Complaint Details:** Upon information and belief, Defendants owned and operated a national food service delivery and trucking company. Plaintiff's immediate superiors primarily worked at one of Defendants' distribution centers located at 300 Lawrence Drive, Livermore, 945551, in the County of Alameda, State of California. Defendants maintained other distribution centers and warehouses in other California counties, including the County of Fresno.

Upon information and belief, Defendants are joint employers with a unity in interest and ownership. Each of these listed corporate entities share the same registered agent, Koy Saechao. Defendants also share identical principal and mailing addresses: 9399 West Higgins Road, Suite 100, Rosemont, 60018, in the County of Cook, State of Illinois.

Upon information and belief, Rennie DePrue (hereinafter referred to as "Mr. DePrue") was Plaintiff's immediate supervisor and Rob West (hereinafter referred to as "Mr. West") was Plaintiff's direct manager.

On or about October 2, 2019, Defendants hired Plaintiff as a food service delivery driver. Plaintiff was a non-exempt employee who originally earned, upon information and belief, $29.98 per hour. Based on Plaintiff's stellar performance, Defendants raised Plaintiff's rate of pay several times, with Plaintiff's most recent rate of pay being, upon information and belief, $45.25 per hour.

Plaintiff's job duties included delivering food goods, of various types, to customers, unloading those goods by hand or with the use of "hand-trucks" or "pallet-jacks," recording and logging his routes, among other tasks typical to a commercial semi-truck delivery driver.

Plaintiff's general schedule saw him work four (4) days per week at ten (10) hours per day. However, Plaintiff frequently worked in excess of that schedule and typically worked an additional fifth (5th) day and worked between eleven (11) to thirteen (13) hours per workday.

-3-

*Complaint – CRD No. 202511-32224514*

Date Filed: November 14, 2025

Upon information and belief, Defendants failed to regularly and completely provide Plaintiff with his overtime and double time rates of pay when his worked exceed the eight (8), ten (10), and twelve (12) hour daily thresholds, and the forty (40) hour weekly threshold.

Additionally, Defendants failed to regularly afford Plaintiff to his entitled ten (10) minute rest breaks and thirty (30) minute meal breaks. In fact, Defendants fostered a practice that required Plaintiff to clock out to purportedly show that Plaintiff was indeed taking his meal break, but in reality, demanded that Plaintiff work through those meal breaks off-the-clock, and thus, uncompensated.

Upon information and belief, Defendants failed to compensate Plaintiff with premium pay on the frequent occasions where Plaintiff was denied duty-free, Labor Code-compliant rest and meal breaks.

Troublingly, and in addition to the violations alleged above, Defendants purposefully discriminated and retaliated against Plaintiff because of Plaintiff's temporary disability.

On or about March 27, 2025, Plaintiff was injured on the job. Typical to his job duties, Plaintiff was removing a pallet of goods from his semi-truck to deliver to one of Defendants' customers in Fresno, California. However, the pallet was stacked so high that it clipped the rear collapsing door of the semi-truck's trailer, which opens by rolling up into the trailer's interior ceiling. The contact between the pallet and the semi-truck trailer's door pried the door loose, causing it to roll down to its closed position, striking Plaintiff in the head on the way down. The sheer speed at which it slammed shut left Plaintiff with no time to react nor dodge the heavy, metal door.

Plaintiff immediately went into shock, grabbed for the left side of his head and neck, and tried to apply pressure to temper his pain. Plaintiff's symptoms due to the traumatic blow to his head included nauseousness, dizziness, and stiffness in his neck.

Plaintiff notified Defendants of his injury, first by calling his dispatch center, then calling Mr. DePrue. After first being told to continue working, Defendants eventually permitted Plaintiff to seek medical care.

Plaintiff did just that. Unable to drive himself, Plaintiff's wife drove Plaintiff to an urgent care center. Upon examination, the medical providers there told Plaintiff that his injuries were too severe for urgent care-level treatment and instructed Plaintiff to go to a hospital emergency department.

Plaintiff did as instructed and was then evaluated by an emergency department medical provider who diagnosed Plaintiff with a concussion after performing several tests, including a Computed Axial Tomography ("CAT") scan. Plaintiff received a doctor's note that same day stating that Plaintiff may not return to work until on or about March 31, 2025, equating to approximately four (4) days of medical leave—leave to which Plaintiff was entitled under the California Family Rights Act ("CFRA").

Following the incident, a large, painful lump developed on Plaintiff's neck. Plaintiff's neck stiffness also continued. Plaintiff then began to suffer from debilitating headaches. Plaintiff's doctor ordered Plaintiff to receive treatment from a physical therapist.

Despite these palpable and documented symptoms, Mr. DePrue doubted the sincerity of Plaintiff's injuries. In fact, Mr. DePrue demanded that Plaintiff provide a written explanation of the incident while Plaintiff was in the emergency department waiting room, and while he was feeling immense pain, disorientation, and confusion as a result of his head injury.

-4-

*Complaint – CRD No. 202511-32224514*

Date Filed: November 14, 2025

CRD-ENF 80 RS (Revised 2025/02)

On or about the day following the incident, Mr. DePrue demanded that Plaintiff drive to Defendants' regional distribution center in Livermore to complete additional, yet non-urgent, documentation relating to the incident, even though Plaintiff was recovering at his home in Firebaugh, which is an approximately two (2) hour drive. Mr. DePrue's demand was in direct conflict with Plaintiff's doctor's note stating that Plaintiff was to perform no work-related duties until on or about March 31, 2025.

Plaintiff complained to Defendants about their attempts to interrupt Plaintiff's medical leave and force him to personally drive a considerable distance while he was still recovering from his injury. Mr. DePrue purportedly responded by stating that Plaintiff's doctor's note did not explicitly state that Plaintiff could not drive his personal vehicle. Yet, the doctor's note was clear: Plaintiff was to perform no work-related duties. Mr. DePrue's attempts to skirt this directive, and thus gamble with Plaintiff's recovery and overall health, highlight Defendants' problematic and systemic indifference for their employees' safety and well-being.

Plaintiff returned to his doctor for additional care, who then extended Plaintiff's medical leave. Plaintiff informed Defendants of this, yet Defendants insisted that Plaintiff use his accrued paid time off ("PTO"), even though Plaintiff was entitled to medical leave under the CFRA.

Additionally, Defendants continued their demands for Plaintiff to drive to their Livermore location. Plaintiff feared losing his employment if he did not comply with Defendants' demands.

Plaintiff then drove himself, while still recovering from his injury, and while still under doctor-ordered medical leave, to Livermore. Upon his arrival, Defendants modified Plaintiff's job duties to that of a warehouse custodian, which primarily involved collecting and discarding trash scattered throughout the warehouse. Defendants maintained that this was only temporary.

Concerningly, however, the custodian duties only took approximately two (2) hours to complete. Thus, Plaintiff would only receive two (2) hours' worth of compensation—a clearly retaliatory act by Defendants in response for Plaintiff complaining about being forced to return to work in spite of his medical leave still being in effect.

Plaintiff requested Defendants accommodate Plaintiff's temporary disability by transferring Plaintiff to their Fresno warehouse, which was demonstrably closer to Plaintiff's home than the Livermore warehouse. Having a shorter commute would dramatical improve Plaintiff's recovery. Defendants denied Plaintiff's request without any justification or meaningful dialogue.

Independent from Plaintiff's action against Defendants here, Plaintiff also filed for workers' compensation, which covered Plaintiff's continuing doctor and physical therapy appointments.

On or about April 11, 2025, Mr. West notified Plaintiff that Defendants were going to temporarily suspend Plaintiff's employment due to Plaintiff filing a claim under workers' compensation. Soon thereafter, Defendants terminated Plaintiff's employment both due to Plaintiff's disability as well as in retaliation against Plaintiff for both requesting accommodations for his disability and filing a workers' compensation claim.

Upon information and belief, because Plaintiff (1) engaged in protected activity, namely filing a workers' compensation claim against Defendants; and (2) complained to Defendants that their demands for Plaintiff to drive to Livermore illegally interfered with

-5-

*Complaint – CRD No. 202511-32224514*

1    Plaintiff's medical leave, Defendants unlawfully retaliated against Plaintiff by first suspending
     and then terminating Plaintiff's employment.

2         Plaintiff had performed his job duties satisfactorily and well up to the point of his
3    termination. Indeed, Defendants had no other reason to terminate Plaintiff but for his
     complaints of illegal activity as well as his temporary disability, need for reasonable
     accommodations, and filing of a workers' compensation claim.

4         At all relevant times, it was reasonable for Plaintiff to believe that it was illegal for
5    Defendants to disrupt Plaintiff's medical leave. It was likewise reasonable for Plaintiff to
     engage in the protected activity of filing a workers' compensation claim.

6         At all relevant times, Plaintiff performed all job duties satisfactorily. Indeed, Plaintiff
7    worked for Defendants for nearly five (5) years without issue, however, as soon as Plaintiff
     made complaints of what he reasonably believed was illegal activity, Defendants terminated
     his employment.

8         On information and belief, Plaintiff complaining of what he reasonably believed was
9    illegal activity was a major contributing factor in Defendants' termination of Plaintiff and
     general retaliatory treatment of Plaintiff at the workplace.

10        Upon information and belief, Defendants terminated Plaintiff's employment because
     of Plaintiff's disability and request for reasonable accommodation. Defendants' decision to
11   terminate Plaintiff was substantially motivated by Plaintiff's disability or perceived disability,
     medical condition or perceived medical condition, request for accommodation, and/or
12   engagement in protected activities, without any discussion of disability accommodations or
     any good faith attempt to engage in the interactive process with Plaintiff.

13        Upon information and belief, Plaintiff's complaints of what he reasonably believed to
     be illegal activity were major contributing factors in Defendants' decision to terminate his
14   employment. Indeed, immediately on the heels of Plaintiff's complaints, Defendants
     terminated Plaintiff.

15

16

17

18

19

20

21

22

23

24

25

26
                                              -6-
                            Complaint – CRD No. 202511-32224514
27
     Date Filed: November 14, 2025
28

                                                              CRD-ENF 80 RS (Revised 2025/02)

VERIFICATION

I, **Jonathan P. LaCour**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On November 14, 2025, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Pasadena, CA**

-7-

*Complaint – CRD No. 202511-32224514*

Date Filed: November 14, 2025

CRD-ENF 80 RS (Revised 2025/02)

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:

Hayward Hall of Justice

24405 Amador Street, Hayward, CA 94544

PLAINTIFF(S):

Ismael Negrete Moreno

DEFENDANT(S):

US Foods, Inc. et al

**FILED**
Superior Court of California
County of Alameda

11/14/2025

Clad Fike , Execitue Onber /Cerk of the Court

By: _____ Deputy

A. Gospel

**NOTICE OF CASE ASSIGNMENT**

CASE NUMBER:

25CV154858

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Mark Fickes |
| DEPARTMENT: | 518 |
| LOCATION: | Hayward Hall of Justice |
| | 24405 Amador Street, Hayward, CA 94544 |
| PHONE NUMBER: | (510) 690-2727 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept518@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 1013)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE ASSIGNMENT**

**ASSIGNED FOR ALL PURPOSES TO**

JUDGE <u>Mark Fickes</u>

DEPARTMENT <u>518</u>

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at <u>www.eportal.alameda.courts.ca.gov.</u>

Chad Finke, Executive Officer / Clerk of the Court

By

A. Gospel, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>11/14/2025<br>Chad Finke, Executive Officer /Clerk of the Court<br>By: _Andri Lloyd_ Deputy<br>A. Gospel |
| PLAINTIFF:<br>Ismael Negrete Moreno | |
| DEFENDANT:<br>US Foods, Inc. et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>25CV154858 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 04/20/2026    Time: 2:30 PM    Dept.: 518
>
> Location: Hayward Hall of Justice
> 24405 Amador Street, Hayward, CA 94544

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

> If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:
>
> • EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
> • EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
> • EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>11/14/2025<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _*André Gospel*_ Deputy<br>A. Gospel |
| PLAINTIFF/PETITIONER:<br>Ismael Negrete Moreno | |
| DEFENDANT/RESPONDENT:<br>US Foods, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV154858 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Jonathan LaCour
Employees First Labor Law
1 S Fair Oak Ave. Suite 200
Pasadena, CA 91105

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/18/2025                    By:

*André Gospel*

A. Gospel, Deputy Clerk

**CERTIFICATE OF MAILING**

**EXHIBIT B**

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

US FOODS, INC., dba U.S. FOODSERVICE, INC., a Delaware Corporation, US FOODS, CULINARY EQUIPMENT & SUPPLIES, LLC, a Delaware Limited Liability Company, RENNIE DEPRUE, an individual, ROB WEST, an individual and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ISMAEL NEGRETE MORENO, an individual,

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
**11/14/2025**
Chad Finke, Executive Officer / Clerk of the Court
By: _____A. Gospel_____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
| Alameda Superior Court<br>Rene C. Davidson Courthouse<br><br>1225 Fallon Street, Oakland, CA 94612 | 25CV154858 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan P. LaCour, 1 S. Fair Oaks Ave, Suite 200, Pasadena, CA 91105, (310) 853-3461

DATE: **11/14/2025** Clerk, by _____Andri Lloyd_____ , Deputy
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court *(Secretario)* A. Gospel *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* US Foods, Culinary Equipment & Supplies, LLC, a Delaware Limited Liability Company
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Corp. Code 17701.16, LLC
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ] [ Save this form ] [ Clear this form ]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jonathan P. LaCour (SBN:. 285098)<br>1 S. Fair Oaks Ave., Suite 200, Pasadena, CA 91105 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**11/14/2025 at 04:04:58 PM**<br>By: Andrel Gospel,<br>Deputy Clerk |

TELEPHONE NO.: (310) 853-3461      FAX NO. : (949) 743-5442
EMAIL ADDRESS: jonathanl@pierrelacour.com
ATTORNEY FOR *(Name)*: ISMAEL NEGRETE MORENO

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
ISMAEL NEGRETE MORENO V. US FOODS, INC., ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **25CV154858** |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve       courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence       court
                                   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: Ten (10)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 14, 2025

Jonathan P. LaCour
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
 Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
 Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
   Wrongful Death
 Product Liability *(not asbestos or
  toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–
   Physicians & Surgeons
  Other Professional Health Care
   Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip
   and fall)
  Intentional Bodily Injury/PD/WD
   (e.g., assault, vandalism)
  Intentional Infliction of
   Emotional Distress
  Negligent Infliction of
   Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business
  Practice (07)
 Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
   *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease
   Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
   Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
   Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
 Eminent Domain/Inverse
  Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
   domain, landlord/tenant, or
   foreclosure)*
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
   Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
   Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
   relations)*
  Sister State Judgment
  Administrative Agency Award
   *(not unpaid taxes)*
  Petition/Certification of Entry of
   Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
   harassment)*
  Mechanics Lien
  Other Commercial Complaint
   Case *(non-tort/non-complex)*
  Other Civil Complaint
   *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
 Partnership and Corporate
  Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |

Jonathan P. LaCour, Esq. (SBN: 285098)
Steven T. Gebelin, Esq. (SBN: 261507)
Lisa Noveck, Esq. (SBN: 316660)
Ben Twisk, Esq. (SBN: 358356)
**EMPLOYEES FIRST LABOR LAW P.C.**
1 S. Fair Oaks Ave., Suite 200
Pasadena, California 91105
Telephone:    (310) 853-3461
Facsimile:    (949) 743-5442
Email:    jonathanl@pierrelacour.com
steveng@pierrelacour.com
lisan@pierrelacour.com
bent@pierrelacour.com

Attorneys for Plaintiff, ISMAEL NEGRETE MORENO

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
11/14/2025 at 04:04:58 PM
By: Andrel Gospel,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

| | |
|---|---|
| ISMAEL NEGRETE MORENO, an individual, <br><br> Plaintiff, <br><br> v. <br><br> US FOODS, INC., dba U.S. FOODSERVICE, INC., a Delaware Corporation, US FOODS, CULINARY EQUIPMENT & SUPPLIES, LLC, a Delaware Limited Liability Company, RENNIE DEPRUE, an individual, ROB WEST, an individual and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 25CV154858 <br><br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1. **WRONGFUL TERMINATION IN VIOLATION OF FEHA (GOV'T. CODE § 12940 ET SEQ.);** <br> 2. **FEHA VIOLATIONS BASED UPON DISABILITY DISCRIMINATION;** <br> 3. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** <br> 4. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** <br> 5. **FEHA VIOLATIONS BASED UPON RETALIATION IN VIOLATION OF GOVT. CODE § 12940(H) ET SEQ.;** <br> 6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** <br> 7. **RETALIATION IN VIOLATION OF LABOR CODE § 1102.5;** <br> 8. **CFRA VIOLATIONS;** <br> 9. **HOSTILE WORK ENVIRONMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.; AND** <br> 10. **RETALIATION IN VIOLATION OF LABOR CODE § 132(A)** |

1

**COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
MORENO V. US FOODS, INC., ET AL.**

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

    **COMES NOW PLAINTIFF**, ISMAEL NEGRETE MORENO, for causes of action against Defendants and each of them, alleges as follows:

## JURISDICTION

1.     This Court is the proper court, and this action is properly filed in Alameda County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Alameda County, and because the work that is the subject of this action was performed by Plaintiff in Alameda County.

## THE PARTIES

### PLAINTIFF ISMAEL NEGRETE MORENO

2.     Plaintiff, ISMAEL NEGRETE MORENO, (hereinafter referred to as "Plaintiff") is and at all times relevant hereto was a resident of the County of Fresno, State of California.

### DEFENDANT US FOODS, INC.

3.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant US FOODS, INC., doing business as US FOODSERVICE, INC. (hereinafter referred to as "US Foods") was and is a Delaware corporation doing business at 9399 West Higgins Road, Suite 100, Rosemont, 60018, in the County of Cook, State of Illinois.

### DEFENDANT US FOODS CULINARY EQUIPMENT & SUPPLIES, LLC

4.     Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant US FOODS CULINARY EQUIPMENT & SUPPLIES, LLC, (hereinafter referred to as "US Foods Culinary") was and is a Delaware limited liability company doing business at 9399 West Higgins Road, Suite 100, Rosemont, 60018, in the County of Cook, State of Illinois.

### DEFENDANT RENNIE DEPRUE

5.     Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendants and RENNIE DEPRUE (hereinafter referred to as "Mr. DePrue"), was and is an individual employer residing in the County of Alameda, State of California, with his principal place of business therewithin.

2

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

**DEFENDANT ROB WEST**

6. Plaintiffs are informed and believe, and based thereupon allege, that at all times relevant hereto, Defendant ROB WEST (hereinafter referred to as "Mr. West") was and is an individual employer residing in the County of Alameda, State of California, with his principal place of business therewithin.

7. US Foods, US Foods Culinary, Mr. DePrue, and Mr. West are hereinafter collectively referred to as "Defendants."

8. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants Mr. DePrue, and Mr. West were Plaintiff's employers, managers, corporate agents, supervisors. Specifically, Plaintiff is informed and believes, and based thereon alleges, that Mr. DePrue, and Mr. West dictated Plaintiff's compensation and had plenary ability to supervise, manage, hire, and fire, and did participate in the firing of Plaintiff. Defendants Mr. DePrue, and Mr. West exercised control and management of the work performed by Plaintiff as to establish or change corporate policies for which Plaintiff was required to perform. Defendants Mr. DePrue, and Mr. West had the ability to ensure Plaintiff was properly compensated and allotted meal breaks, rest periods, and other provisions issued to employees.

9. On information and belief, Mr. DePrue, and Mr. West were the primary, if not the sole, decision makers and authors of its corporate policies as to: (1) setting employees' working hours and rates of pay; (2) whether, and how much, to pay employees for overtime hours worked; (3) whether to allow employees the opportunity to take meal periods and rest breaks; (4) determining whether to issue itemized wages statements to employees; (5) determining whether an employee was exempt or non-exempt for purposes of applicable compliance with the Labor Code and order of the Industrial Welfare Commission; and (6) ensure compliance with all applicable Labor Code sections and orders of the Industrial Welfare Commission.

10. Plaintiff is informed and believes, and based thereupon allege, that at all times relevant hereto, Defendants owned and/or operated a food service shipping and delivery business and availed themselves of the rights and privileges of the State of California.

11. Defendants were Plaintiff's employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

13. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

14. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

15. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

4

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

16.     Plaintiff is informed and believes, and based thereupon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of Defendants have ceased to exist.

17.     Plaintiff is informed and believes, and based thereupon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same as Defendants, including, but not limited to because:

a.     Defendants are completely dominated and controlled by DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b.     DOES 1-20 derive actual and significant monetary benefits by and through Defendants' unlawful conduct, and by using Defendants as the funding source for their own personal expenditures.

c.     Plaintiff is informed and believes, and based thereupon alleges, that Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.     Plaintiff is informed and believes, and based thereupon alleges, Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.     Plaintiff is informed and believes, and based thereupon alleges, that the business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Defendants and DOES

EMPLOYEES FIRST LABOR LAW
15 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1  1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary

2  to avoid fraud and injustice to Plaintiff herein.

3       18.    Accordingly, Defendants constitute the alter ego of DOES 1-20, and the fiction of their

4  separate corporate existence must be disregarded.

5       19.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based

6  thereupon alleges, that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of a joint

7  enterprise, and that Plaintiff was an employee of Defendants and DOES 1-20. Plaintiff performed

8  services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all

9  Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in

10  which Defendants' business was and is conducted.

11       20.    Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as

12  and between DOES 1-20 and Defendants, (1) there is an express or implied agreement of assumption

13  pursuant to which DOES 1-20 agreed to be liable for the debts of Defendants, (2) the transaction

14  between DOES 1-20 and Defendants amounts to a consolidation or merger of the two corporations,

15  (3) DOES 1-20 is a mere continuation of Defendants, or (4) the transfer of assets to DOES 1-20 is for

16  the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, DOES 1-20 are the

17  successors of Defendants, and are liable on that basis.

**FACTUAL ALLEGATIONS**

18       21.    Upon information and belief, Defendants owned and operated a national food service

19  delivery and trucking company. Plaintiff's immediate superiors primarily worked at one of

20  Defendants' distribution centers located at 300 Lawrence Drive, Livermore, 945551, in the County

21  of Alameda, State of California. Defendants maintained other distribution centers and warehouses in

22  other California counties, including the County of Fresno.

23       22.    Upon information and belief, Defendants are joint employers with a unity in interest

24  and ownership. Each of these listed corporate entities share the same registered agent, Koy Saechao.

25  Defendants also share identical principal and mailing addresses: 9399 West Higgins Road, Suite 100,

26  Rosemont, 60018, in the County of Cook, State of Illinois.

27

28

6

EMPLOYEES FIRST LABOR LAW
1S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

23.     Upon information and belief, Rennie DePrue (hereinafter referred to as "Mr. DePrue") was Plaintiff's immediate supervisor and Rob West (hereinafter referred to as "Mr. West") was Plaintiff's direct manager.

24.     On or about October 2, 2019, Defendants hired Plaintiff as a food service delivery driver. Plaintiff was a non-exempt employee who originally earned, upon information and belief, $29.98 per hour. Based on Plaintiff's stellar performance, Defendants raised Plaintiff's rate of pay several times, with Plaintiff's most recent rate of pay being, upon information and belief, $45.25 per hour.

25.     Plaintiff's job duties included delivering food goods, of various types, to customers, unloading those goods by hand or with the use of "hand-trucks" or "pallet-jacks," recording and logging his routes, among other tasks typical to a commercial semi-truck delivery driver.

26.     Plaintiff's general schedule saw him work four (4) days per week at ten (10) hours per day. However, Plaintiff frequently worked in excess of that schedule and typically worked an additional fifth (5th) day and worked between eleven (11) to thirteen (13) hours per workday.

27.     Upon information and belief, Defendants failed to regularly and completely provide Plaintiff with his overtime and double time rates of pay when his worked exceed the eight (8), ten (10), and twelve (12) hour daily thresholds, and the forty (40) hour weekly threshold.

28.     Additionally, Defendants failed to regularly afford Plaintiff to his entitled ten (10) minute rest breaks and thirty (30) minute meal breaks. In fact, Defendants fostered a practice that required Plaintiff to clock out to purportedly show that Plaintiff was indeed taking his meal break, but in reality, demanded that Plaintiff work through those meal breaks off-the-clock, and thus, uncompensated.

29.     Upon information and belief, Defendants failed to compensate Plaintiff with premium pay on the frequent occasions where Plaintiff was denied duty-free, Labor Code-compliant rest and meal breaks.

30.     Troublingly, and in addition to the violations alleged above, Defendants purposefully discriminated and retaliated against Plaintiff because of Plaintiff's temporary disability.

31.     On or about March 27, 2025, Plaintiff was injured on the job. Typical to his job duties, Plaintiff was removing a pallet of goods from his semi-truck to deliver to one of Defendants'

7

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

customers in Fresno, California. However, the pallet was stacked so high that it clipped the rear collapsing door of the semi-truck's trailer, which opens by rolling up into the trailer's interior ceiling. The contact between the pallet and the semi-truck trailer's door pried the door loose, causing it to roll down to its closed position, striking Plaintiff in the head on the way down. The sheer speed at which it slammed shut left Plaintiff with no time to react nor dodge the heavy, metal door.

32. Plaintiff immediately went into shock, grabbed for the left side of his head and neck, and tried to apply pressure to temper his pain. Plaintiff's symptoms due to the traumatic blow to his head included nauseousness, dizziness, and stiffness in his neck.

33. Plaintiff notified Defendants of his injury, first by calling his dispatch center, then calling Mr. DePrue. After first being told to continue working, Defendants eventually permitted Plaintiff to seek medical care.

34. Plaintiff did just that. Unable to drive himself, Plaintiff's wife drove Plaintiff to an urgent care center. Upon examination, the medical providers there told Plaintiff that his injuries were too severe for urgent care-level treatment and instructed Plaintiff to go to a hospital emergency department.

35. Plaintiff did as instructed and was then evaluated by an emergency department medical provider who diagnosed Plaintiff with a concussion after performing several tests, including a Computed Axial Tomography ("CAT") scan. Plaintiff received a doctor's note that same day stating that Plaintiff may not return to work until on or about March 31, 2025, equating to approximately four (4) days of medical leave—leave to which Plaintiff was entitled under the California Family Rights Act ("CFRA").

36. Following the incident, a large, painful lump developed on Plaintiff's neck. Plaintiff's neck stiffness also continued. Plaintiff then began to suffer from debilitating headaches. Plaintiff's doctor ordered Plaintiff to receive treatment from a physical therapist.

37. Despite these palpable and documented symptoms, Mr. DePrue doubted the sincerity of Plaintiff's injuries. In fact, Mr. DePrue demanded that Plaintiff provide a written explanation of the incident while Plaintiff was in the emergency department waiting room, and while he was feeling immense pain, disorientation, and confusion as a result of his head injury.

38. On or about the day following the incident, Mr. DePrue demanded that Plaintiff drive to Defendants' regional distribution center in Livermore to complete additional, yet non-urgent, documentation relating to the incident, even though Plaintiff was recovering at his home in Firebaugh, which is an approximately two (2) hour drive. Mr. DePrue's demand was in direct conflict with Plaintiff's doctor's note stating that Plaintiff was to perform no work-related duties until on or about March 31, 2025.

39. Plaintiff complained to Defendants about their attempts to interrupt Plaintiff's medical leave and force him to personally drive a considerable distance while he was still recovering from his injury. Mr. DePrue purportedly responded by stating that Plaintiff's doctor's note did not explicitly state that Plaintiff could not drive his personal vehicle. Yet, the doctor's note was clear: Plaintiff was to perform no work-related duties. Mr. DePrue's attempts to skirt this directive, and thus gamble with Plaintiff's recovery and overall health, highlight Defendants' problematic and systemic indifference for their employees' safety and well-being.

40. Plaintiff returned to his doctor for additional care, who then extended Plaintiff's medical leave. Plaintiff informed Defendants of this, yet Defendants insisted that Plaintiff use his accrued paid time off ("PTO"), even though Plaintiff was entitled to medical leave under the CFRA.

41. Additionally, Defendants continued their demands for Plaintiff to drive to their Livermore location. Plaintiff feared losing his employment if he did not comply with Defendants' demands.

42. Plaintiff then drove himself, while still recovering from his injury, and while still under doctor-ordered medical leave, to Livermore. Upon his arrival, Defendants modified Plaintiff's job duties to that of a warehouse custodian, which primarily involved collecting and discarding trash scattered throughout the warehouse. Defendants maintained that this was only temporary.

43. Concerningly, however, the custodian duties only took approximately two (2) hours to complete. Thus, Plaintiff would only receive two (2) hours' worth of compensation—a clearly retaliatory act by Defendants in response for Plaintiff complaining about being forced to return to work in spite of his medical leave still being in effect.

44. Plaintiff requested Defendants accommodate Plaintiff's temporary disability by transferring Plaintiff to their Fresno warehouse, which was demonstrably closer to Plaintiff's home

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

9

1  than the Livermore warehouse. Having a shorter commute would dramatical improve Plaintiff's

2  recovery. Defendants denied Plaintiff's request without any justification or meaningful dialogue.

3     45.    Independent from Plaintiff's action against Defendants here, Plaintiff also filed for

4  workers' compensation, which covered Plaintiff's continuing doctor and physical therapy

5  appointments.

6     46.    On or about April 11, 2025, Mr. West notified Plaintiff that Defendants were going to

7  temporarily suspend Plaintiff's employment due to Plaintiff filing a claim under workers'

8  compensation. Soon thereafter, Defendants terminated Plaintiff's employment both due to Plaintiff's

9  disability as well as in retaliation against Plaintiff for both requesting accommodations for his

   disability and filing a workers' compensation claim.

10    47.    Upon information and belief, because Plaintiff (1) engaged in protected activity,

11 namely filing a workers' compensation claim against Defendants; and (2) complained to Defendants

12 that their demands for Plaintiff to drive to Livermore illegally interfered with Plaintiff's medical

13 leave, Defendants unlawfully retaliated against Plaintiff by first suspending and then terminating

14 Plaintiff's employment.

15    48.    Plaintiff had performed his job duties satisfactorily and well up to the point of his

16 termination. Indeed, Defendants had no other reason to terminate Plaintiff but for his complaints of

17 illegal activity as well as his temporary disability, need for reasonable accommodations, and filing of

18 a workers' compensation claim.

19    49.    At all relevant times, it was reasonable for Plaintiff to believe that it was illegal for

20 Defendants to disrupt Plaintiff's medical leave. It was likewise reasonable for Plaintiff to engage in

21 the protected activity of filing a workers' compensation claim.

22    50.    At all relevant times, Plaintiff performed all job duties satisfactorily. Indeed, Plaintiff

23 worked for Defendants for nearly five (5) years without issue, however, as soon as Plaintiff made

24 complaints of what he reasonably believed was illegal activity, Defendants terminated his

25 employment.

26    51.    On information and belief, Plaintiff complaining of what he reasonably believed was

27 illegal activity was a major contributing factor in Defendants' termination of Plaintiff and general

   retaliatory treatment of Plaintiff at the workplace.

28

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
MORENO V. US FOODS, INC., ET AL.

EMPLOYEES FIRST LABOR LAW
1S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

52.     Upon information and belief, Defendants terminated Plaintiff's employment because of Plaintiff's disability and request for reasonable accommodation. Defendants' decision to terminate Plaintiff was substantially motivated by Plaintiff's disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff.

53.     Upon information and belief, Plaintiff's complaints of what he reasonably believed to be illegal activity were major contributing factors in Defendants' decision to terminate his employment. Indeed, immediately on the heels of Plaintiff's complaints, Defendants terminated Plaintiff.

54.     At all relevant times, it was reasonable for Plaintiff to believe that it was illegal for Defendants to retaliate against employees who request reasonable accommodations, precisely because they requested reasonable accommodations. Indeed, pursuant to the FEHA, it is illegal for employers to retaliate against employees for requesting reasonable accommodations.

55.     At all relevant times, Plaintiff was a non-exempt employee within the meaning of the *Labor Code*, and the implementing regulations of the IWC Wage Orders.

56.     Plaintiff performed non-exempt duties for Defendants.

57.     Defendants were the employer of Plaintiff at all relevant times. Defendants "employ(ed)" Plaintiff pursuant to the definition of "employ" within IWC Wage Order 5.

58.     At all relevant times, Defendants exercised control over the wages, hours, and working conditions of Plaintiff; suffered or permitted Plaintiff to work and created a common law employment relationship with Plaintiffs.

59.     Indeed, during their employment with Defendants, Plaintiff's work was subject to Defendants' control, in that Defendants dictated how Plaintiff was to carry out his job duties and what tasks Plaintiff was to perform. Defendants also set Plaintiff's schedules and rate of pay.

60.     Throughout the entirety of Plaintiff's employment, Plaintiff performed all of his job duties satisfactorily.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

61.     At all relevant times, Defendant failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendant.

62.     At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform Plaintiff's essential job duties with or without accommodations.

63.     Plaintiff's termination was substantially motivated by Plaintiff's disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any good faith attempt to engage in the interactive process with Plaintiff.

64.     To date, Defendants have not paid Plaintiff all of the wages that Plaintiff is owed, including premium pay for his missed, late, and interrupted breaks and overtime compensation, much less any compensation at all, for his unpaid off-the-clock work.

65.     For the entirety of Plaintiff's employment with Defendants, Defendants failed and refused to pay Plaintiff the total amount of wages that Plaintiff, through his employment and labor, had earned working for Defendants.

66.     For the entirety of Plaintiff's employment with Defendants, Defendants have consistently failed to provide Plaintiff with timely, accurate, and itemized wage and hour statements, in writing, showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked by them at each hourly rate in and among other information, as required by California wage-and-hour laws.

67.     For the entirety of Plaintiff's employment with Defendants, Defendants routinely failed to provide Plaintiff with rest breaks after working the requisite number of hours, and routinely required Plaintiff to work more than the requisite number of hours without being given at least a 30-minute meal break. Further, Defendants routinely failed to compensate Plaintiff for these missed rest breaks and meal periods.

68.     For the entirety of Plaintiff's employment with Defendants, Defendants routinely required Plaintiff to work more than eight hours per day and 40 hours per week. Plaintiff did not receive accurate compensation for straight, regular time pay, and overtime pay.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

12

69.     For the entirety of Plaintiff's employment with Defendants, Defendants have consistently failed to pay Plaintiff's wages on a timely semi-monthly basis, as required by the Labor Code.

70.     Defendants failed to pay all wages due and owed to Plaintiff at the time of his termination or within seventy-two (72) hours of his resignation, as required by California wage-and-hour laws.

71.     As set forth above, and throughout this complaint, Defendants engaged in various acts of unfair competition and unlawful and unfair business practices as defined in the *Unfair Competition Law*, Business and Professions Code § 17200, et seq.

72.     Pursuant to the Labor Code, California law and applicable Wage Orders, Plaintiff is entitled to all damages, unpaid wages, statutory penalties, waiting time penalties, interest and attorney's fees and costs for the illegal and wrongful acts and omissions of Defendant, all as alleged throughout this complaint.

73.     Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

74.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain emotional distress, and physical injury related to emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

75.     As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

76. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

77. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff request that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF FEHA
### CAL. GOV. CODE §§ 12940 ET SEQ.
### AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE DEFENDANTS

78. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

79. Defendants, and each of them, including their agents, employees and representatives are subject to suit under Sections 12940, et. seq., of the California Fair Employment and Housing Act ("FEHA") as embodied in the California Government Code.

80. California Government Code §12921(a) states, "[t]he opportunity to seek, obtain, and hold employment without discrimination because of…physical disability…medical condition…sex, gender…is hereby recognized as and declared to be a civil right." Moreover, Government Code §12940 states in relevant part, "[i]t is an unlawful employment practice, unless based upon a bona fide qualification…[f]or an employer, because of…physical disability, medical condition …sex, gender …to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

81. Plaintiff is a man had a physical disability/medical condition at all relevant times, as defined under Government Code § 12926 et. seq.

82. Plaintiff is informed and believes and thereon alleges that Defendants and each of them, in violation of Government Code §§ 12940 et seq., terminated Plaintiff's employment because of his physical disability.

83. Plaintiff filed a complaint with the California Civil Rights Department ("CRD"). On November 14, 2025, Plaintiff received a "Right-to-Sue" Letter from the California Department of

14

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1  Fair Employment and Housing. Attached hereto as <u>EXHIBIT 1</u> is a true and correct copy of the

2  referenced "Right-to-Sue" Letter that Plaintiff received.

3     84.    As a proximate result of the conduct of Defendants, Plaintiff has suffered general and

4  special damages in a sum according to proof, but which amount exceeds the jurisdictional minimum

5  of this Court, with interest thereon at the maximum legal rate.

6     85.    As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for

7  mental and emotional distress, physical injury related to emotional distress, and aggravation in an

8  amount to be proven at the time of trial.

9     86.    The acts and conduct of Defendants, and each of them, constituted "malice,"

10  "oppression" and/or "fraud" (as those terms are defined in <u>Civil Code</u> § 3294(c)), in that they were

11  intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct

12  which was carried on by Defendants, and each of them, with a willful and conscious disregard of the

    rights of Plaintiff.

13     87.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

14  oppressively and with the advanced knowledge, conscious disregard, authorization, or ratification

15  within the meaning of <u>Civil Code</u> §3294 on the part of Defendants' officers, directors, or managing

16  agents of the business. The actions and conduct of Defendants, and each of them, were intended to

17  cause injury to Plaintiff and constituted deceit and concealment of material facts known to

18  Defendants, and each of them, with the intention of Defendants' part to deprive Plaintiff of property

19  and legal rights, justifying an award of exemplary and punitive damages in an amount according to

20  proof.

21     88.    Plaintiff is further entitled to attorneys' fees pursuant to <u>Government Code</u> § 12965(b).

**SECOND CAUSE OF ACTION**
22  **FEHA VIOLATIONS BASED UPON DISABILITY DISCRIMINATION**
    **CAL. GOV. CODE §§ 12940(a) ET SEQ.**
23  **AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE**
    **DEFENDANTS**
24

25     89.    Plaintiff re-alleges the information set forth in the preceding paragraphs and

26  incorporates it into this cause of action as if it was fully alleged herein.

27     90.    This cause of action is based upon:

28

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

15

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

a. <u>Cal. Gov. Code</u> § 12940(a), which prohibits employers from discriminating against an employee in compensation or in terms, conditions, or privileges of employment because of his or her disability; and

91.     Plaintiff alleges Defendants treated him differently from similarly situated employees because of his disability. Plaintiff contends that if he were not disabled, Defendants would not have exhibited the behavior and conduct alleged in this Complaint. Specifically, Plaintiff alleges the following act was committed by Defendants because Plaintiff was disabled:

a. Preventing Plaintiff from obtaining desirable shifts specifically because of his disability;

b. Terminating the employment of Plaintiff specifically because of his disability;

92.     Plaintiff has exhausted his administrative remedies against Defendants for FEHA prohibited disability discrimination, as evidence by the documents attached as Exhibit "1" to this Complaint.

93.     As a direct, foreseeable, and proximate result of the outrageous conduct of Defendants, and each of them, Plaintiff has suffered, and continues to suffer emotional distress, including stress, anxiety, anger, humiliation, loss of self-confidence, loss of self-esteem, feelings of hopelessness, and feelings of betrayal, physical injury related to emotional distress, plus future expenses incurred in seeking professional medical treatment for the aforementioned symptoms, all of which was and is to his damage in a sum within the minimum jurisdiction of this Court, to be ascertained according to proof.

94.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of Defendants, and each of them, as described above was done with oppression and malice, and was thereafter ratified by those other individuals who were either officers, directors, and/or managing agents of the named corporate Defendants. These unlawful acts were further ratified by the corporate Defendants and/or its agents as they were done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff given that the harm to him was readily foreseeable. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against Defendants, and each of them, for their acts as described in this cause of action in a sum to be determined at the time of trial.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

95.     Due to the grossly reckless, and/or intentional, malicious, and bad faith manner in which Defendants, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action, Plaintiff is entitled to punitive damages against said Defendants, and each of them, in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

96.     For the part of this cause of action for FEHA liability, Plaintiff pleads for reasonable attorney's fees and costs as allowed by California Government Code § 12965(b).

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
### CAL. GOV. CODE §§ 12940 ET SEQ.
### AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE DEFENDANTS

97.     Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

98.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

99.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

100.    At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed, or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actually or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process

17

1  with Plaintiff and continued to violate this obligation, up to and including the date of Plaintiff's

2  termination or, if Defendants contend Plaintiff was never terminated, through the present and

3  ongoing.

4       101.    The above said acts of Defendants constitute violations of the FEHA, and were a

5  proximate cause in Plaintiff's damage as stated below.

6       102.    The damage allegations described above are herein incorporated by reference.

7       103.    The foregoing conduct of Defendants individually, and/or by and through their

8  officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff

9  or was despicable conduct carried on by Defendants with a willful and conscious disregard of the

10  rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of

11  Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby

12  entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of

13  Defendants.

14       104.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of

15  attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FOURTH CAUSE OF ACTION**
**FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**
**CAL. GOV. CODE §§ 12940 ET SEQ.**
**AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE**
**DEFENDANTS**

     105.    Plaintiff re-alleges the information set forth in the preceding paragraphs and

incorporates it into this cause of action as if it was fully alleged herein.

     106.    At all times hereto, the FEHA, including in particular Government Code §12940(n),

was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing

duty on Defendants to engage in a timely, good faith, interactive process with the employee to

determine effective reasonable accommodations, if any, in response to a request for reasonable

accommodation by an employee taking care of an associated person with a known physical disability

or known medical condition and/or becoming aware of the employee's need for accommodation.

     107.    At all relevant times, Plaintiff was a member of a protected class within the meaning

of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

18

1 | disability that affected Plaintiff's major life activities, and medical condition of which Defendants
2 | had both actual and constructive knowledge.

3 | 108. Plaintiff reported his wife's disability to Defendants and requested accommodations,
4 | triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times
5 | herein, Defendants failed and refused to do so. Thereafter, despite Defendants' continuing obligation
6 | to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctor's notes
7 | identifying Plaintiff's son's condition and Plaintiff's desire to continue working, Defendants failed
8 | and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants
9 | violated, and continued to violate this obligation up to and including the date of Plaintiff's termination
10 | or, if Defendants contends Plaintiff was never terminated, through the present and ongoing.

11 | 109. The above said acts of Defendants constitute violations of the FEHA, and were a
proximate cause in Plaintiff's damage as stated below.

12 | 110. The damage allegations, as set forth above inclusive, are herein incorporated by
13 | reference.

14 | 111. The foregoing conduct of Defendants individually, and/or by and through their
15 | officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff
16 | or was despicable conduct carried on by Defendants with a willful and conscious disregard of the
17 | rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of
18 | Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby
19 | entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of
20 | Defendants.

21 | 112. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of
22 | attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FIFTH CAUSE OF ACTION**
**FEHA VIOLATIONS BASED UPON RETALIATION**
**CAL. GOV. CODE § 12940(h) ET SEQ.**
**AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE**
**DEFENDANTS**

26 | 113. Plaintiff re-alleges the information set forth in the preceding paragraphs and
27 | incorporates it into this cause of action as if it were fully alleged herein.

28 | 114. At all times relevant to this action, Plaintiff was employed by Defendant.

115. At all times relevant to this action, Cal. Gov. Code §12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from discriminating and retaliating against any employee on the basis of disability, and opposition to unlawful conduct related thereto.

116. Defendant engaged in conduct that taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

117. Plaintiff's assertion of his rights under Cal. Gov. Code §12900 *et seq.* and opposition to unlawful conduct was a substantial motivating reason for Defendant's decision to retaliate against and terminate him. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

118. At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in violation of Cal. Gov. Code § 12940(h), in part by terminating him.

119. Defendant's retaliatory termination of Plaintiff's employment was substantially motivated by his disability accommodations, and opposition to Defendant's conduct related thereto, as previously pled herein.

120. As a direct, foreseeable, and proximate result of the outrageous conduct of all Defendants named in this cause of action, and each of them, Plaintiff has suffered, and continues to suffer emotional distress and physical injury related to emotional distress, including stress, anxiety, anger, humiliation, loss of self-confidence, loss of self-esteem, feelings of hopelessness, and feelings of betrayal, plus future expenses incurred in seeking professional medical treatment for the aforementioned symptoms, all of which was and is to his damage in a sum within the minimum jurisdiction of this Court, to be ascertained according to proof.

121. Plaintiff is informed and believes that the actions of Defendant's employees, officers, directors, and/or managing agents, were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

122. For the part of this cause of action for FEHA liability, Plaintiff pleads for reasonable attorney's fees and costs recoverable under California Government Code § 12965(b).

//

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

20

**SIXTH CAUSE OF ACTION**
**FOR WRONGFUL TERMINATION IN VIOLATION THE PUBLIC POLICY OF THE**
**STATE OF CALIFORNIA**
**AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE**
**DEFENDANTS**

123. Plaintiff incorporates by reference and realleges the preceding paragraphs, inclusive, as though set forth fully herein.

124. At all relevant times, Cal. Gov. Code § 12940(a) and the Labor Code, were in full force and effect and were binding upon Defendants. These sections, *inter alia*, prohibit Defendants from discriminating against an employee in compensation or in terms, conditions, or privileges of employment because of his or her race and impose minimum labor standards, as previously pled herein.

125. Defendants' conduct as previously alleged, including their termination of Plaintiff, was in retaliation for Plaintiff's disability accommodations and for Plaintiff's reporting of illegal alcohol selling practices, as well as the conditions of Plaintiff's employment fell well below the minimum standards imposed by the Labor Code.

126. At all times mentioned in this complaint, it was a well-established, substantial, and fundamental policy of the State of California that benefits society at large, that Defendants cannot retaliate against an employee for disability accommodations nor can Defendants retaliate against an employee for reporting illegal alcohol selling practices. Further, Defendants must maintain minimum labor standards.

127. Plaintiff believes and thereon alleges that Plaintiff's disability substantially motivated Defendants' conduct as alleged hereinabove.

128. The above said acts of Defendants constitute violations of the *Labor Code* and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating against Plaintiff and terminating Plaintiff's employment.

129. The damage allegations, as set forth above inclusive, are herein incorporated by reference.

130. The foregoing conduct of Defendants individually, or by and through its officers, directors and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of

21

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1  Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

2  such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff

3  to punitive damages in an amount appropriate to punish or make an example of Defendants.

**SEVENTH CAUSE OF ACTION**
**FOR RETALIATION IN VOLATION OF LABOR CODE § 1102.5**
**(WHISTLEBLOWER RETALIATION)**
**AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE**
**DEFENDANTS**

7  131.   Plaintiff incorporates by reference and realleges the preceding paragraphs, inclusive,

8  as though set forth fully herein.

9  132.   *Labor Code* §1102.5(a) provides, in relevant part, that "An employer, or any person

10 acting on behalf of the employer, shall not make adopt, or enforce any…rule…or policy preventing

11 an employee from disclosing information…to a person with authority over the employer, or to another

12 employee who has authority to investigate, discover, or correct the violation or noncompliance…if

13 the employee has reasonable cause to believe that the information discloses a violation of state or

14 federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation,

15 regardless of whether disclosing the information is part of the employee's job duties."

16 133.   Furthermore, under *Labor Code* section 1102.5(b), "[a]n employer, or any person

17 acting on behalf of the employer, shall not retaliate against an employee for disclosing information,

18 or because the employer believes that the employee disclosed or may disclose information, to a

19 government or law enforcement agency, to a person with authority over the employee or another

20 employee who has the authority to investigate, discover, or correct the violation or noncompliance,

21 or for providing information to, or testifying before, any public body conducting an investigation,

22 hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a

23 violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal

24 rule or regulation, regardless of whether disclosing the information is part of the employee's job

25 duties."

26 134.   *Labor Code* section 1102.5(c) states, (c) "[a]n employer, or any person acting on

27 behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity

28 that would result in a violation of state or federal statute, or a violation of or noncompliance with a

local, state, or federal rule or regulation."

EMPLOYEES FIRST LABOR LAW
15, FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

22

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

135.   *Labor Code* section 1102.5(d) states, (d) "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment."

136.   *Labor Code* section 1102.5 embodies an important public policy against anti-whistleblower policies and retaliatory conduct.

137.   Here, Plaintiff was informed and believes and thereon alleges, that Defendants were violating Federal, State, and local ordinances in carrying out its business. Plaintiff made complaints of what he reasonably believed to be illegal activity.

138.   Specifically, Plaintiff believed that it was illegal for Defendants to 1) retaliate against employees because they have requested reasonable accommodation for their disabilities, 2) retaliate against employees who engage in protected activity, like filing a workers' compensation claim, and 3) fail to compensate Plaintiff for all wages earned.

139.   Shortly after Plaintiff notified Defendants that Plaintiff believed Defendants to be violating the FEHA, as well as Plaintiff's filing for workers' compensation, Defendants retaliated against Plaintiff by terminating his employment.  Plaintiff's complaints of illegal activity were major contributing factors in Defendants' decisions to terminate him.

140.   At all times relevant herein, Defendants, and each of them, knew, or reasonably should have known, that their conduct, acts, and failures to act of all other Defendants and/or supervisors, agents and employees as described hereinabove violated Plaintiff's rights under the law.

141.   As a direct and proximate result of each of Defendants' willful, knowing, and intentional discrimination as previously described, Plaintiff was subjected to an adverse employment action and sustained substantial losses in earnings and other employment benefits.

142.   As a direct and proximate result of the actions and conduct of Defendants, and each of them, Plaintiff has suffered non-economic damages in an amount according to proof.

143.   The damage allegations, as set forth above inclusive, are herein incorporated by reference.

144.   The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of

Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

145. As a result of the defendant's conduct as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided in Section 1021.5 of the California Code of Civil Procedure.

**EIGHTH CAUSE OF ACTION**
**VIOLATIONS OF THE CALIFORNIA FAMILY RIGHTS ACT**
**AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE DEFENDANTS**

146. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

147. At all times relevant to this action, Plaintiff was employed by Defendants.

148. At all times relevant to this action, Plaintiff suffered from a serious health condition within the meaning of Cal. Gov. Code §§ 12945.2(b)(12), et seq.

149. At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendants were an employer who regularly employed five or more persons within the meaning of Cal. Gov. Code § 12945.2(b)(4).

150. At all times relevant to this action, Plaintiff had more than 12 months of service with Defendants and had worked at least 1,250 hours for Defendants during the previous 12 months, and had taken less than 12 weeks of medical leave the past 12-month period within the meaning of Cal. Gov. Code §12945.2(a).

151. Defendant unlawfully refused to grant, unlawfully interfered with, restrained, and/or denied Plaintiff a medical leave for Plaintiff's serious health condition in violation of Cal. Gov. Code §§ 12945.2(a) and 12945.2(k). Instead, Defendants terminated Plaintiff.

152. Defendants unlawfully retaliated against and discriminated against Plaintiff because of his serious health condition and medical leave of absence by terminating him in violation of Cal. Gov. Code §§ 12945.2(a) and 12945.2(k).

153. Defendants were substantially motivated to refuse to grant a medical leave and instead terminate Plaintiff because of his serious health condition, need for a medical leave of absence, and medical leave of absence.

24

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF<br>MORENO V. US FOODS, INC., ET AL.

154.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished.  The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

155.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured.  Such injuries have caused, and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of this Court's minimum jurisdictional threshold.

156.     As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses.  The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

157.     Plaintiff is informed and believes that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights.  They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

158.     Plaintiff is informed and believes that the actions of Defendants' employees, officers, directors, and/or managing agents, were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## NINTH CAUSE OF ACTION
### FOR HOSTILE WORK ENVIRONMENT HARASSMENT
### CAL. GOV. CODE §§ 12940 ET SEQ.
### AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

159.     Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

160.     At all times relevant to this action, Plaintiff was employed by Defendants.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

25

161. At all times relevant to this action, Defendants were employers who regularly employed on or more persons within the meaning of Cal. Gov. Code §§ 12926(d), 12940(j)(4)(A).

162. At all relevant times to this action, Cal. Gov. Code §§ 12940(j)(1), 12940(j)(4)(C), and 12940(i) were in full force and effect and were binding upon Defendants. These sections, inter alia, require Defendants to refrain from harassing an employee on the basis of sex, gender, and disability and to take all reasonable steps to prevent harassment from occurring, thereby preventing a hostile work environment for Plaintiff.

163. At all times relevant to this action, Mr. DePrue and Mr. West severely and pervasively engaged in unwelcome and unwanted verbal conduct regarding Plaintiff's physical limitations and disability resulting from Plaintiff's workplace injury.

164. Defendant is strictly liable for Mr. DePrue's and Mr. West's harassing conduct pursuant to Cal. Gov. Code § 12940 (j)(1).

165. Plaintiff's physical disability was a substantial motivating factor for the acts of harassment as previously mentioned.

166. Such actions are unlawful harassment and discriminatory in violation of Cal. Gov. Code §§ 12900 *et seq.*

167. Defendants' conduct was a substantial factor in causing harm to Plaintiff as described in this complaint.

168. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as his ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is ascertained.

169. As a direct and proximate result of Defendants' conduct, Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental and physical pain and suffering, and loss of enjoyment, in an amount in excess of this Court's minimum jurisdictional threshold.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
MORENO V. US FOODS, INC., ET AL.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

170.    As a direct and proximate result of Defendants' conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and he will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

171.    Plaintiff is informed and believes that the employees, officers, directors, and/or managing agents of Defendants acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive him of employment benefits. Accordingly, an award of punitive damages is warranted.

172.    Plaintiff is informed and believes that the actions of Defendants' employees, officers, directors, and/or managing agents, were undertaken with the prior approval, consent, and authorization of Defendants and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## TENTH CAUSE OF ACTION
### FOR RETALIATION IN VIOLATION OF LABOR CODE § 132 (A)
### (WORKERS' COMPENSATION RETALIATION)
### AGAINST DEFENDANTS US FOODS, US FOODS CULINARY, AND ALL DOE DEFENDANTS

173.    Plaintiff incorporates by reference and realleges the preceding paragraphs, inclusive, as though set forth fully herein.

174.    *Labor Code* §132(a) provides, in relevant part, that "Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file a claim for compensation with his or her employer or an application for adjudication, or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor and the employee's compensation shall be increased by one-half, but in no event more than ten thousand dollars ($10,000), together with costs and expenses not in excess of two hundred fifty dollars ($250). Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer."

175.    Furthermore, under *Labor Code* §132(a), "Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because the employee testified or

27

EMPLOYEES FIRST LABOR LAW
15 FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1  made known his or her intentions to testify in another employee's case before the appeals board, is

2  guilty of a misdemeanor, and the employee shall be entitled to reinstatement and reimbursement for

3  lost wages and work benefits caused by the acts of the employer."

4       176.    *Labor Code* §132(a) states, "It is the declared policy of this state that there should not

5  be discrimination against workers who are injured in the course and scope of their employment."

6       177.    *Labor Code* §132(a) embodies an important public policy against retaliatory conduct

7  and policies aimed at preventing employees from seeking workers' compensation.

8       178.    Here, Defendants violated *Labor Code* §132(a) and relevant public policy by

9  retaliating against Plaintiff because Plaintiff was injured, and because Plaintiff sought relief through

10  workers' compensation.

11       179.    Specifically, Defendants retaliated against Plaintiff for 1) becoming injured in the

12  course and scope of Plaintiff's employment, 2) filing or intending to file a claim for compensation

13  with Plaintiff's employer, and/or 3) testifying or intending to testify before an appeals board in

14  relation to a workers' compensation claim.

15       180.    Shortly after Plaintiff notified Defendants of Plaintiff's injury and intention to seek

16  relief through workers' compensation Defendants retaliated against Plaintiff by forcing Plaintiff to

17  work despite his doctor's orders, requiring Plaintiff use accrued PTO despite being entitled to leave,

18  refusing to engage in an good faith interactive process for reasonable disability accommodations,

19  suspending Plaintiff's employment because of Plaintiff's workers' compensation claim, and

20  subsequent termination of Plaintiff's employment. Plaintiff's disability and subsequent filing for

21  workers' compensation were major contributing factors in Defendants' decision to terminate

22  Plaintiff.

23       181.    As a direct and proximate result of each of Defendants' willful, knowing, and

24  intentional discrimination as previously described, Plaintiff was subjected to an adverse employment

25  action and sustained substantial losses in earnings and other employment benefits.

26       182.    As a direct and proximate result of the actions and conduct of Defendants, and each

27  of them, Plaintiff has suffered non-economic damages in an amount according to proof.

28       183.    There is a clear causal link between the adverse action taken against Plaintiff and

Plaintiff's workers' compensation claim. Defendant's actions were taken in violation of Plaintiff's

1  rights under the workers' compensation system. Due to the blatant, callous, and discriminatory nature

2  of Defendant's actions, Plaintiff should be compensated by the maximum allowed under *Labor Code*

3  §132(a) of $10,000, together with costs and expenses not less than $250.

4    184.  The damage allegations, as set forth above inclusive, are herein incorporated by

5  reference.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

**COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF**
**MORENO V. US FOODS, INC., ET AL.**

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays that the Court enter judgment in his favor and against Defendants and each of them, for no less than $1,000,000.00 but according to proof, as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress, physical injury related to emotional distress and loss of earning capacity;

2. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3. For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' retaliatory practices;

4. For injunctive relief barring Defendants' employment policies and practices adverse to those who make a complaint of illegal employment activity in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6. For costs of suit, attorneys' fees, and expert witness fees pursuant;

7. For post-judgment interest; and

8. For any other relief that is just and proper.

DATED:  November 14, 2025

**EMPLOYEES FIRST LABOR LAW**

By: _____
Jonathan P. LaCour, Esq.
Steven T. Gebelin, Esq.
Lisa Noveck, Esq.
Ben Twisk, Esq.
*Attorneys for Plaintiff,*
*Ismael Negrete Moreno*

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
MORENO V. US FOODS, INC., ET AL.

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

## JURY TRIAL DEMAND

Plaintiff demands trial of all issues by jury.

DATED: November 14, 2025

**EMPLOYEES FIRST LABOR LAW**

By: _____

Jonathan P. LaCour, Esq.
Steven T. Gebelin, Esq.
Lisa Noveck, Esq.
Ben Twisk, Esq.
*Attorneys for Plaintiff,*
*Ismael Negrete Moreno*

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EMPLOYEES FIRST LABOR LAW
1 S. FAIR OAKS AVE., SUITE 200
PASADENA, CALIFORNIA 91105

# EXHIBIT 1

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
MORENO V. US FOODS, INC., ET AL.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**

KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

November 14, 2025

Jonathan LaCour
1 South Fair Oaks Avenue, Suite 200
Pasadena, CA 91105

RE:   **Notice to Complainant's Attorney**
      CRD Matter Number: 202511-32224514
      Right to Sue: Negrete Moreno / US Foods, Inc., dba U.S. Foodservice, Inc. et al.

Dear Jonathan LaCour:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency | GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**

KEVIN KISH, DIRECTOR

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

November 14, 2025

RE:   **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202511-32224514
Right to Sue: Negrete Moreno / US Foods, Inc., dba U.S. Foodservice, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil
Rights Department (CRD) in accordance with Government Code section 12960. This
constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. A copy of the Notice of
Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave
(Government Code sections 12945.2, 12945.6, or 12945.7) has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation.  The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact CRD's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their
contact information.

No response to CRD is requested or required.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/02)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

KEVIN KISH, DIRECTOR

November 14, 2025

Ismael Negrete Moreno
1 S. Fair Oaks Ave, Suite 200
Pasadena, CA 91105

RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202511-32224514
Right to Sue: Negrete Moreno / US Foods, Inc., dba U.S. Foodservice, Inc. et al.

Dear Ismael Negrete Moreno:

This letter informs you that the above-referenced complaint filed with the Civil Rights
Department (CRD) has been closed effective November 14, 2025 because an
immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation
Program. Under this program, established under Government Code section
12945.21, a small employer with 5 -19 employees, charged with violation of the
California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave
(Government Code sections 12945.2, 12945.6, or 12945.7) has the right to
participate in CRD's free mediation program. Under this program both the
employee requesting an immediate right to sue and the employer charged with
the violation may request that all parties participate in CRD's free mediation
program. The employee is required to contact the Department's Dispute
Resolution Division prior to filing a civil action and must also indicate whether
they are requesting mediation. The employee is prohibited from filing a civil
action unless the Department does not initiate mediation within the time period
specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. Contact
CRD's Small Employer Family Leave Mediation Pilot Program by emailing
DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number
indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                             KEVIN KISH, DIRECTOR
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**
Ismael Negrete Moreno

CRD No. 202511-32224514

Complainant,

vs.

US Foods, Inc., dba U.S. Foodservice, Inc.
9399 West Higgins Road, Suite 100
Rosemont, IL 60018

Rob West
300 Lawrence Drive
Livermore, CA 945551

US Foods Culinary Equipment & Supplies, LLC
9399 West Higgins Road, Suite 100
Rosemont, IL 60018

Rennie Deprue
300 Lawrence Drive
Livermore, CA 945551

Respondents

---

1. Respondent **US Foods, Inc., dba U.S. Foodservice, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Rob West** individual as Co-Respondent(s).
Complainant is naming **US Foods Culinary Equipment & Supplies, LLC** business as Co-Respondent(s).
Complainant is naming **Rennie Deprue** individual as Co-Respondent(s).

3. Complainant **Ismael Negrete Moreno**, resides in the City of **Pasadena,** State of **CA.**

4. Complainant alleges that on or about **April 11, 2025**, respondent took the following adverse actions:

-1-

Date Filed: November 14, 2025

CRD-ENF 80 RS (Revised 2025/02)

**Complainant was harassed** because of complainant's ancestry, national origin (includes language restrictions), color, religious creed - includes dress and grooming practices, sex/gender, gender identity or expression, sexual orientation, genetic information or characteristic, medical condition (cancer or genetic characteristic), military and veteran status, age (40 and over), marital status, other, association with a member of a protected class, criminal history, pregnancy, childbirth, breast feeding, and/or related medical conditions, bereavement leave, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, pregnancy disability leave (pdl), race (includes hairstyle and hair texture), reproductive health decisionmaking, cannabis use, reproductive loss leave, sexual harassment.

**Complainant was discriminated against** because of complainant's ancestry, national origin (includes language restrictions), color, religious creed - includes dress and grooming practices, sex/gender, gender identity or expression, sexual orientation, genetic information or characteristic, medical condition (cancer or genetic characteristic), military and veteran status, age (40 and over), marital status, other, pregnancy, childbirth, breast feeding, and/or related medical conditions, association with a member of a protected class, criminal history, bereavement leave, disability (physical, intellectual/developmental, mental health/psychiatric), family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, pregnancy disability leave (pdl), race (includes hairstyle and hair texture), reproductive health decisionmaking, cannabis use, reproductive loss leave, driver's license (job advertisement or material improperly requires applicant to have a driver's license), leave to obtain victim of violence-related services, leave to serve on a jury or appear in court, status as a victim or family member of a victim of violence and as a result of the discrimination was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied the right to wear pants, denied any employment benefit or privilege, denied accommodation for religious beliefs, denied accommodation for pregnancy, other, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied bereavement leave, denied employer paid health care while on family care and medical leave (cfra), denied employer paid health care while on pregnancy disability leave (pdl), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, denied pregnancy disability leave (pdl), denied reproductive loss leave, denied leave to obtain victim of violence-related services, denied leave to serve on a jury or appear in court, denied safety-related accommodation for a victim of violence, given additional work responsibilities or assignments.

**Complainant experienced retaliation** because complainant reported patient abuse (hospital employees only), reported or resisted any form of discrimination or harassment, requested or used a pregnancy-disability-related accommodation, requested or used a disability-related accommodation, requested or used a religious accommodation, participated as a witness in a discrimination or harassment complaint, requested or used bereavement leave, requested or used family care and medical leave (cfra) related to

-2-

Date Filed: November 14, 2025

serious health condition of employee or family member, child bonding, or military exigencies, requested or used pregnancy disability leave (pdl), requested or used reproductive loss leave, requested or used leave to obtain victim of violence-related services, requested or used leave to serve on a jury or appear in court, requested or used safety-related accommodation for a victim of violence and as a result was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied the right to wear pants, denied any employment benefit or privilege, denied accommodation for religious beliefs, denied accommodation for pregnancy, other, denied work opportunities or assignments, denied or forced to transfer, denied accommodation for a disability, denied bereavement leave, denied employer paid health care while on family care and medical leave (cfra), denied employer paid health care while on pregnancy disability leave (pdl), denied family care and medical leave (cfra) related to serious health condition of employee or family member, child bonding, or military exigencies, denied pregnancy disability leave (pdl), denied reproductive loss leave, denied leave to obtain victim of violence-related services, denied leave to serve on a jury or appear in court, denied safety-related accommodation for a victim of violence, given additional work responsibilities or assignments.

**Additional Complaint Details:** Upon information and belief, Defendants owned and operated a national food service delivery and trucking company. Plaintiff's immediate superiors primarily worked at one of Defendants' distribution centers located at 300 Lawrence Drive, Livermore, 945551, in the County of Alameda, State of California. Defendants maintained other distribution centers and warehouses in other California counties, including the County of Fresno.

Upon information and belief, Defendants are joint employers with a unity in interest and ownership. Each of these listed corporate entities share the same registered agent, Koy Saechao. Defendants also share identical principal and mailing addresses: 9399 West Higgins Road, Suite 100, Rosemont, 60018, in the County of Cook, State of Illinois.

Upon information and belief, Rennie DePrue (hereinafter referred to as "Mr. DePrue") was Plaintiff's immediate supervisor and Rob West (hereinafter referred to as "Mr. West") was Plaintiff's direct manager.

On or about October 2, 2019, Defendants hired Plaintiff as a food service delivery driver. Plaintiff was a non-exempt employee who originally earned, upon information and belief, $29.98 per hour. Based on Plaintiff's stellar performance, Defendants raised Plaintiff's rate of pay several times, with Plaintiff's most recent rate of pay being, upon information and belief, $45.25 per hour.

Plaintiff's job duties included delivering food goods, of various types, to customers, unloading those goods by hand or with the use of "hand-trucks" or "pallet-jacks," recording and logging his routes, among other tasks typical to a commercial semi-truck delivery driver.

Plaintiff's general schedule saw him work four (4) days per week at ten (10) hours per day. However, Plaintiff frequently worked in excess of that schedule and typically worked an additional fifth (5th) day and worked between eleven (11) to thirteen (13) hours per workday.

Upon information and belief, Defendants failed to regularly and completely provide Plaintiff with his overtime and double time rates of pay when his worked exceed the eight (8), ten (10), and twelve (12) hour daily thresholds, and the forty (40) hour weekly threshold.

Additionally, Defendants failed to regularly afford Plaintiff to his entitled ten (10) minute rest breaks and thirty (30) minute meal breaks. In fact, Defendants fostered a practice that required Plaintiff to clock out to purportedly show that Plaintiff was indeed taking his meal break, but in reality, demanded that Plaintiff work through those meal breaks off-the-clock, and thus, uncompensated.

Upon information and belief, Defendants failed to compensate Plaintiff with premium pay on the frequent occasions where Plaintiff was denied duty-free, Labor Code-compliant rest and meal breaks.

Troublingly, and in addition to the violations alleged above, Defendants purposefully discriminated and retaliated against Plaintiff because of Plaintiff's temporary disability.

On or about March 27, 2025, Plaintiff was injured on the job. Typical to his job duties, Plaintiff was removing a pallet of goods from his semi-truck to deliver to one of Defendants' customers in Fresno, California. However, the pallet was stacked so high that it clipped the rear collapsing door of the semi-truck's trailer, which opens by rolling up into the trailer's interior ceiling. The contact between the pallet and the semi-truck trailer's door pried the door loose, causing it to roll down to its closed position, striking Plaintiff in the head on the way down. The sheer speed at which it slammed shut left Plaintiff with no time to react nor dodge the heavy, metal door.

Plaintiff immediately went into shock, grabbed for the left side of his head and neck, and tried to apply pressure to temper his pain. Plaintiff's symptoms due to the traumatic blow to his head included nauseousness, dizziness, and stiffness in his neck.

Plaintiff notified Defendants of his injury, first by calling his dispatch center, then calling Mr. DePrue. After first being told to continue working, Defendants eventually permitted Plaintiff to seek medical care.

Plaintiff did just that. Unable to drive himself, Plaintiff's wife drove Plaintiff to an urgent care center. Upon examination, the medical providers there told Plaintiff that his injuries were too severe for urgent care-level treatment and instructed Plaintiff to go to a hospital emergency department.

Plaintiff did as instructed and was then evaluated by an emergency department medical provider who diagnosed Plaintiff with a concussion after performing several tests, including a Computed Axial Tomography ("CAT") scan. Plaintiff received a doctor's note that same day stating that Plaintiff may not return to work until on or about March 31, 2025, equating to approximately four (4) days of medical leave—leave to which Plaintiff was entitled under the California Family Rights Act ("CFRA").

Following the incident, a large, painful lump developed on Plaintiff's neck. Plaintiff's neck stiffness also continued. Plaintiff then began to suffer from debilitating headaches. Plaintiff's doctor ordered Plaintiff to receive treatment from a physical therapist.

Despite these palpable and documented symptoms, Mr. DePrue doubted the sincerity of Plaintiff's injuries. In fact, Mr. DePrue demanded that Plaintiff provide a written explanation of the incident while Plaintiff was in the emergency department waiting room, and while he was feeling immense pain, disorientation, and confusion as a result of his head injury.

-4-

Date Filed: November 14, 2025

On or about the day following the incident, Mr. DePrue demanded that Plaintiff drive to Defendants' regional distribution center in Livermore to complete additional, yet non-urgent, documentation relating to the incident, even though Plaintiff was recovering at his home in Firebaugh, which is an approximately two (2) hour drive. Mr. DePrue's demand was in direct conflict with Plaintiff's doctor's note stating that Plaintiff was to perform no work-related duties until on or about March 31, 2025.

Plaintiff complained to Defendants about their attempts to interrupt Plaintiff's medical leave and force him to personally drive a considerable distance while he was still recovering from his injury. Mr. DePrue purportedly responded by stating that Plaintiff's doctor's note did not explicitly state that Plaintiff could not drive his personal vehicle. Yet, the doctor's note was clear: Plaintiff was to perform no work-related duties. Mr. DePrue's attempts to skirt this directive, and thus gamble with Plaintiff's recovery and overall health, highlight Defendants' problematic and systemic indifference for their employees' safety and well-being.

Plaintiff returned to his doctor for additional care, who then extended Plaintiff's medical leave. Plaintiff informed Defendants of this; yet Defendants insisted that Plaintiff use his accrued paid time off ("PTO"), even though Plaintiff was entitled to medical leave under the CFRA.

Additionally, Defendants continued their demands for Plaintiff to drive to their Livermore location. Plaintiff feared losing his employment if he did not comply with Defendants' demands.

Plaintiff then drove himself, while still recovering from his injury, and while still under doctor-ordered medical leave, to Livermore. Upon his arrival, Defendants modified Plaintiff's job duties to that of a warehouse custodian, which primarily involved collecting and discarding trash scattered throughout the warehouse. Defendants maintained that this was only temporary.

Concerningly, however, the custodian duties only took approximately two (2) hours to complete. Thus, Plaintiff would only receive two (2) hours' worth of compensation—a clearly retaliatory act by Defendants in response for Plaintiff complaining about being forced to return to work in spite of his medical leave still being in effect.

Plaintiff requested Defendants accommodate Plaintiff's temporary disability by transferring Plaintiff to their Fresno warehouse, which was demonstrably closer to Plaintiff's home than the Livermore warehouse. Having a shorter commute would dramatical improve Plaintiff's recovery. Defendants denied Plaintiff's request without any justification or meaningful dialogue.

Independent from Plaintiff's action against Defendants here, Plaintiff also filed for workers' compensation, which covered Plaintiff's continuing doctor and physical therapy appointments.

On or about April 11, 2025, Mr. West notified Plaintiff that Defendants were going to temporarily suspend Plaintiff's employment due to Plaintiff filing a claim under workers' compensation. Soon thereafter, Defendants terminated Plaintiff's employment both due to Plaintiff's disability as well as in retaliation against Plaintiff for both requesting accommodations for his disability and filing a workers' compensation claim.

Upon information and belief, because Plaintiff (1) engaged in protected activity, namely filing a workers' compensation claim against Defendants; and (2) complained to Defendants that their demands for Plaintiff to drive to Livermore illegally interfered with

-5-

*Complaint – CRD No. 202511-32224514*

Date Filed: November 14, 2025

CRD-ENF 80 RS (Revised 2025/02)

1    Plaintiff's medical leave, Defendants unlawfully retaliated against Plaintiff by first suspending
     and then terminating Plaintiff's employment.

2          Plaintiff had performed his job duties satisfactorily and well up to the point of his
3    termination. Indeed, Defendants had no other reason to terminate Plaintiff but for his
     complaints of illegal activity as well as his temporary disability, need for reasonable
     accommodations, and filing of a workers' compensation claim.

4          At all relevant times, it was reasonable for Plaintiff to believe that it was illegal for
5    Defendants to disrupt Plaintiff's medical leave. It was likewise reasonable for Plaintiff to
     engage in the protected activity of filing a workers' compensation claim.

6          At all relevant times, Plaintiff performed all job duties satisfactorily. Indeed, Plaintiff
7    worked for Defendants for nearly five (5) years without issue, however, as soon as Plaintiff
     made complaints of what he reasonably believed was illegal activity, Defendants terminated
     his employment.

8          On information and belief, Plaintiff complaining of what he reasonably believed was
9    illegal activity was a major contributing factor in Defendants' termination of Plaintiff and
     general retaliatory treatment of Plaintiff at the workplace.

10         Upon information and belief, Defendants terminated Plaintiff's employment because
     of Plaintiff's disability and request for reasonable accommodation. Defendants' decision to
11   terminate Plaintiff was substantially motivated by Plaintiff's disability or perceived disability,
     medical condition or perceived medical condition, request for accommodation, and/or
     engagement in protected activities, without any discussion of disability accommodations or
12   any good faith attempt to engage in the interactive process with Plaintiff.

13         Upon information and belief, Plaintiff's complaints of what he reasonably believed to
     be illegal activity were major contributing factors in Defendants' decision to terminate his
14   employment. Indeed, immediately on the heels of Plaintiff's complaints, Defendants
     terminated Plaintiff.

15

16

17

18

19

20

21

22

23

24

25

26                                         -6-

27                            Complaint – CRD No. 202511-32224514

     Date Filed: November 14, 2025
28

                                                              CRD-ENF 80 RS (Revised 2025/02)

VERIFICATION

I, **Jonathan P. LaCour**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On November 14, 2025, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Pasadena, CA**

-7-

*Complaint – CRD No. 202511-32224514*

Date Filed: November 14, 2025

CRD-ENF 80 RS (Revised 2025/02)

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>11/14/2025<br>Clad Fluke , Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>A. Gospel |
| PLAINTIFF(S):<br>Ismael Negrete Moreno | |
| DEFENDANT(S):<br>US Foods, Inc. et al | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>25CV154858 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Mark Fickes |
| DEPARTMENT: | 518 |
| LOCATION: | Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 |
| PHONE NUMBER: | (510) 690-2727 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept518@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 1013)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE ASSIGNMENT**

**ASSIGNED FOR ALL PURPOSES TO**
JUDGE Mark Fickes
DEPARTMENT 518

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

A. Gospel, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

COURTHOUSE ADDRESS:
Hayward Hall of Justice
24405 Amador Street, Hayward, CA 94544

PLAINTIFF:
Ismael Negrete Moreno

DEFENDANT:
US Foods, Inc. et al

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
11/14/2025
Chad Finke, Executive Officer/Clerk of the Court
By: _A. Gospel_ Deputy

CASE NUMBER:
25CV154858

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 04/20/2026 | Time: 2:30 PM    Dept.: 518 |
| Location: Hayward Hall of Justice | |
| 24405 Amador Street, Hayward, CA 94544 | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

If the parties agree, they may try the case in an Expedited Jury Trial. Code of Civ. Proc. § 630.01 et seq. In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal. For additional information, please see the following links:

- EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
- EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
- EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

| | Reserved for Clerk's File Stamp |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | **FILED**<br>Superior Court of California<br>County of Alameda<br>11/14/2025<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _A. Gospel_ Deputy<br>A. Gospel |
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | |
| PLAINTIFF/PETITIONER:<br>Ismael Negrete Moreno | |
| DEFENDANT/RESPONDENT:<br>US Foods, Inc. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25CV154858 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jonathan LaCour
Employees First Labor Law
1 S Fair Oak Ave. Suite 200
Pasadena, CA 91105

Chad Finke, Executive Officer / Clerk of the Court

Dated: 11/18/2025      By:

A. Gospel, Deputy Clerk

**CERTIFICATE OF MAILING**