1  KATIE E. BRISCOE (STATE BAR NO. 287629)
   kbriscoe@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall, Suite 3000
3  Sacramento, CA 95814-4497
   Telephone:      +1 916 447 9200
4  Facsimile:      +1 916 329 4900

5  ANNIE H. CHEN (STATE BAR NO. 292032)
   annie.chen@orrick.com
6  LAUREN R. LEIBOVITCH (STATE BAR NO. 323230)
   lleibovitch@orrick.com
7  ORRICK, HERRINGTON & SUTCLIFFE LLP
   355 South Grand Avenue
8  Suite 2700
   Los Angeles, CA  90071
9  Telephone:      +1 213 629 2020
   Facsimile:      +1 213 612 2499
10
   Attorneys for Defendants
11 US FOODS, INC. and US FOODS CULINARY
   EQUIPMENT & SUPPLIES, LLC
12
                    UNITED STATES DISTRICT COURT
13
                  NORTHERN DISTRICT OF CALIFORNIA
14

15
   ISMAEL NEGRETE MORENO, an individual      Case No.  3:25-cv-10858-LB
16
                        Plaintiff,           **DEFENDANTS' NOTICE OF MOTION
17                                           AND MOTION TO DISMISS AND/OR
            v.                               STRIKE**
18
   US FOODS, INC., dba U.S. FOODSERVICE,     Date:   March 19, 2026
19 INC., a Delaware Corporation, US FOODS,   Time:   9:30 a.m.
   CULINARY EQUIPMENT & SUPPLIES,            Crtrm:  B
20 LLC, a Delaware Limited Liability Company, Judge:  Hon. Laurel Beeler
   RENNIE DEPRUE, an individual ROB WEST,
21 an individual and DOES 1 through 20,
   inclusive,
22
                        Defendants.
23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page(s)**

I.     INTRODUCTION ................................................................................................. 1

II.    ISSUE TO BE DECIDED PURSUANT TO CIVIL L.R. 7-4(A)(3) ................................ 1

III.   RELEVANT FACTUAL BACKGROUND ................................................................ 2

IV.   LEGAL STANDARDS ......................................................................................... 3

V.     PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM ......................................... 4

      A.     Plaintiff's Complaint Against Defendants Must Be Dismissed Because Plaintiff Fails to Comply With Rule 8 ............................................................ 4

      B.     Plaintiff Fails to Sufficiently Allege Disability Discrimination (COA 2) .............. 5

            1.     Plaintiff Fails to Allege a Qualifying Disability ......................................... 6

            2.     Plaintiff Fails to Allege That He Was a Qualified Individual..................... 7

            3.     Plaintiff Fails to Allege Causation ........................................................... 8

      C.     Plaintiff Fails to Sufficiently Allege a Wrongful Termination in Violation of FEHA Claim (COA 1) ........................................................................... 9

      D.     Plaintiff's Fails to Sufficiently Allege a Failure to Provide Reasonable Accommodations Claim (COA 3).............................................................. 9

            1.     Plaintiff's Fails to Allege a Disability or that He is a Qualified Individual ............................................................................................ 10

            2.     Plaintiff Fails to Allege That Defendants Did Not Reasonably Accommodate Any Purported Disability ................................................ 10

      E.     Plaintiff Fails to Sufficiently Allege a Failure to Engage in a Good Faith Interactive Process Claim (COA 4) ......................................................... 11

      F.     Plaintiff Fails to Sufficiently Allege Retaliation Under FEHA or Labor Code Section 1102.5 (COAs 5 & 7)....................................................... 11

      G.     Plaintiff Fails to Sufficiently Allege a Wrongful Termination in Violation of Public Policy Claim (COA 6) ............................................................. 13

      H.     Plaintiff Fails To Sufficiently Allege A Hostile Work Environment Harassment Claim (COA 9)................................................................... 13

      I.     Plaintiff Fails to Sufficiently Allege a Retaliation in Violation of Labor Code Section 132a (COA 10) ............................................................... 15

VI.   PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES SHOULD BE STRICKEN ...................................................................................................... 16

VII.   CONCLUSION ................................................................................................ 17

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) .................................................................................................. 4, 16

*Ayala v. Frito Lay, Inc.*,
 263 F. Supp. 3d 891 (E.D. Cal. 2017) .......................................................................... 6, 9

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .......................................................................................... 3, 4, 16, 17

*Blackman-Baham v. Kelly*,
 2017 WL 679514 (N.D. Cal. Feb. 21, 2017) .................................................................... 5

*Corazon v. Aurora Loan Servs., LLC*,
 2011 WL 1740099 (N.D. Cal. May 5, 2011) .................................................................. 4, 5

*Ellis v. City of Reedley*,
 2007 WL 1098571 (E.D. Cal. Apr. 12, 2007) .................................................................. 6

*Fantasy, Inc. v. Fogerty*,
 984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds by* 510 U.S. 517 (1994) ................... 4

*Filipek v. Byram Healthcare Ctrs., Inc.*,
 2022 WL 3131836 (C.D. Cal. Mar. 28, 2022) .............................................................. 9

*Foster v. Bank of Am., Nat'l Ass'n*,
 2014 WL 4092311 (E.D. Cal. Aug. 14, 2014) ............................................................... 15

*Gauvin v. Trombatore*,
 682 F. Supp. 1067 (N.D. Cal.1988) .............................................................................. 5

*Goode v. Maximus Hum. Servs., Inc.*,
 2016 WL 11811972 (C.D. Cal. Oct. 3, 2016) ............................................................... 6, 7

*Greer v. Lockheed Martin Corp.*,
 855 F. Supp. 2d 979 (N.D. Cal. 2012) ......................................................................... 12

*Kelley v. Corr. Corp. of Am.*,
 750 F. Supp. 2d 1132 (E.D. Cal. 2010) .............................................................. 8, 12, 16

*Keshe v. CVS Pharmacy Inc.*,
 2016 WL 1367702 (C.D. Cal. Apr. 5, 2016) ................................................................. 6

*Kuhn v. L'Oreal USA S/D, Inc.*,
 2020 WL 1307004 (N.D. Cal. Mar. 19, 2020) .............................................................. 4

NOTICE OF MOTION AND MOTION TO
DISMISS AND/OR STRIKE
[CASE NO.: 3:25-cv-10858-LB]

1

2

# TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

3

4

*Leatherbury v. C & H Sugar Co.*,
911 F. Supp. 2d 872 (N.D. Cal. 2012) ...................................................................... 6

5

6

*Lundstrom v. Contra Costa Health Servs.*,
2022 WL 17330842 (N.D. Cal. Nov. 29, 2022), *aff'd*, 2023 WL 6140588 (9th
Cir. Sept. 20, 2023) ....................................................................................................... 7

7

8

*Meritor Sav. Bank v. Vinson*,
477 U.S. 57 (1986) ...................................................................................................... 15

9

10

*Olson v. Superior Ct.*,
2014 WL 1671586 (E.D. Cal. Apr. 28, 2014) ........................................................... 10

11

*Opperwall v. State Farm Fire & Cas. Co.*,
2018 WL 1243085 (N.D. Cal. Mar. 9, 2018) ............................................................ 16

12

13

*Ruiz v. RSCR Cal., Inc.*,
683 F. Supp. 3d 1079 (C.D. Cal. 2023) ..................................................................... 12

14

*In re Sagent Tech., Inc. Deriv. Litig.*,
278 F. Supp. 2d 1079 (N.D. Cal. 2003) ....................................................................... 5

15

16

*Sanchez v. Elevance Health Cos.*,
2023 WL 8235238 (C.D. Cal. Nov. 27, 2023) .......................................................... 10

17

18

*Silveria v. Wilkie*,
2019 WL 4345947 (N.D. Cal. Sept. 12, 2019) ............................................................ 8

19

*Stonum v. County of Kern*,
2017 WL 1079757 (E.D. Cal. Mar. 21, 2017) ........................................................... 15

20

21

*Suarez v. Bank of Am. Corp.*,
2018 WL 2431473 (N.D. Cal. May 30, 2018) ............................................................. 8

22

23

*Watkins v. Westin*,
2023 WL 5207835 (E.D. Cal. Aug. 14, 2023) ............................................................. 7

24

*Whittlestone, Inc. v. Handi-Craft Co.*,
618 F.3d 970 (9th Cir. 2010) ....................................................................................... 4

25

**State Cases**

26

*Arteaga v. Brink's, Inc.*,
163 Cal. App. 4th 327 (2008) ...................................................................................... 6

27

28

NOTICE OF MOTION AND MOTION TO
DISMISS [CASE NO.: 3:25-cv-10858]

1

## TABLE OF AUTHORITIES
### (Continued)

2

**Page(s)**

3

*Avila v. Cont'l Airlines, Inc.*,
4
    165 Cal. App. 4th 1237 (2008) ................................................................ 6

5

*Doe v. Dep't of Corr. & Rehab.*,
    43 Cal. App. 5th 721 (2019) ................................................................. 10
6

7

*Dutra v. Mercy Med. Ctr. Mt. Shasta*,
    209 Cal. App. 4th 750 (2012) ............................................................... 15

8

*Fisher v. San Pedro Peninsula Hosp.*,
9
    214 Cal. App. 3d 590 (1989) ................................................................ 15

10

*Green v. State*,
    42 Cal. 4th 254 (2007) ......................................................................... 8

11

*Harris v. City of Santa Monica*,
12
    56 Cal. 4th 203 (2013) ......................................................................... 8

13

*Janken v. GM Hughes Elecs.*,
14
    46 Cal. App. 4th 55 (1996) ................................................................... 14

15

*Pahulu v. Ford Motor Co.*,
    2004 WL 2610695 (Cal. Ct. App. Nov. 17, 2004) .................................. 11

16

*Reno v. Baird*,
17
    18 Cal. 4th 640 (1998) .................................................................... 14, 15

18

*Ross v. County of Riverside*,
19
    36 Cal. App. 5th 580 (2019) ............................................................ 11, 12

20

*Scott v. Phoenix Schools, Inc.*,
    175 Cal. App. 4th 702 (2009) ............................................................... 16

21

*Yanowitz v. L'Oreal USA, Inc.*,
22
    36 Cal. 4th 1028 (2005) ....................................................................... 11

23

*Zamora v. Sec. Indus. Specialists, Inc.*,
24
    71 Cal. App. 5th 1 (2021) ..................................................................... 13

25

26

27

28

NOTICE OF MOTION AND MOTION TO
DISMISS [CASE NO.: 3:25-cv-10858]

1

## NOTICE OF MOTION AND MOTION

2      TO PLAINTIFF AND HIS COUNSEL OF RECORD:

3      PLEASE TAKE NOTICE that on March 19, 2026 at 9:30 a.m. or as soon thereafter as the

4  matter may be heard, before the Honorable Laurel Beeler, Courtroom B, 15th Floor, United States

5  District Court, Northern District of California, located at 450 Golden Gate Ave., San Francisco,

6  CA 94102, Defendants US Foods, Inc. (US Foods) and US Foods Culinary Equipment &

7  Supplies, LLC will and hereby do move the Court for an Order dismissing Plaintiff Ismael

8  Negrete Moreno's Complaint and/or striking portions thereof pursuant to Federal Rules of Civil

9  Procedure 12(b)(6) and 12(f).

10     This Motion is based on this Notice of Motion, the accompanying Memorandum of Points

11  and Authorities, the complete pleadings and records on file herein, any matters of which the Court

12  may or must take judicial notice, and such other evidence and arguments as may be presented at

13  the hearing on this Motion.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

I.      **INTRODUCTION**

Plaintiff Ismael Negrete Moreno brings this action after US Foods terminated his employment for fraudulently reporting an injury. Rather than accept responsibility for his misconduct, Plaintiff filed a baseless suit against US Foods and improperly named three other defendants: US Foods Culinary Equipment & Supplies, LLC—a company with no California employees—as well as individuals Rennie DePrue and Rob West, in an effort to recast his termination as the product of discrimination, retaliation, and a host of other alleged statutory violations.

Plaintiff's Complaint fails at the outset by improperly lumping all Defendants together, depriving each of fair notice as required by Rule 8. Although Plaintiff raises a myriad of claims—including disability discrimination, retaliation, failure to accommodate, and hostile work environment—he offers only conclusory allegations that do not support a viable claim. Plaintiff's request for punitive damages is similarly deficient: he fails to plead any facts that, if true, would establish that any Defendant engaged in malicious, fraudulent, or oppressive conduct.

As discussed below, Plaintiff's allegations do not satisfy the pleading requirements of Rule 8 or Rule 12, and the Complaint should be dismissed and/or stricken in its entirety.

II.     **ISSUE TO BE DECIDED PURSUANT TO CIVIL L.R. 7-4(A)(3)**

1) Whether Plaintiff's Complaint should be dismissed in its entirety for failure to comply with Federal Rule of Civil Procedure 8 due to improper group pleading failing to provide fair notice to each Defendant.

2) Whether Plaintiff has sufficiently alleged a qualifying disability under California's Fair Employment and Housing Act ("FEHA") to support his disability discrimination claim.

3) Whether Plaintiff has sufficiently alleged that he is a qualified individual under FEHA.

4) Whether Plaintiff has sufficiently alleged that his alleged disability was a substantial motivating factor in any adverse employment action.

5) Whether Plaintiff has sufficiently alleged a wrongful termination claim under FEHA where his disability discrimination claim fails.

1

6)  Whether Plaintiff has sufficiently alleged facts to support a failure to provide reasonable accommodations claim.

7)  Whether Plaintiff has sufficiently alleged facts to support a failure to engage in the interactive process claim.

8)  Whether Plaintiff has sufficiently alleged protected activity to support his retaliation claims under FEHA or Labor Code section 1102.5.

9)  Whether Plaintiff has sufficiently alleged a wrongful termination in violation of public policy claim where all underlying statutory claims fail.

10) Whether Plaintiff has sufficiently alleged facts to support a hostile work environment harassment claim.

11) Whether Plaintiff's claim for retaliation in violation of Labor Code section 132a must be dismissed for lack of jurisdiction.

12) Whether Plaintiff's conclusory allegations are sufficient to support a claim for punitive damages.

## III.     RELEVANT FACTUAL BACKGROUND

Plaintiff asserts the following ten causes of action against Defendants for: (1) wrongful termination in violation of FEHA (Gov't Code § 12940 et seq.); (2) FEHA violations based upon disability discrimination; (3) failure to provide reasonable accommodations in violation of FEHA; (4) failure to engage in the interactive process in violation of FEHA; (5) FEHA violations based on retaliation; (6) wrongful termination in violation of public policy; (7) retaliation in violation of Labor Code § 11102.5; (8) CFRA violations; (9) hostile work environment in violation of FEHA; and (10) retaliation in violation of Labor Code § 132(A). Only one of the claims—i.e., disability discrimination—is asserted against individual defendants DePrue and West.

Plaintiff's allegations in support of his claims against the corporate and individual defendants are, throughout, sparse and largely conclusory.[1] Plaintiff alleges that he was employed

---

[1] Plaintiff asserts several irrelevant allegations against Defendants alleging purported wage-and-hour violations. For example, from paragraphs 64 through 72, Plaintiff alleges that Defendants have failed to pay Plaintiff for all wages owed; failed to provide Plaintiff with accurate itemized wage statements; failed to provide Plaintiff with compliant meal periods and rest breaks; failed to

NOTICE OF MOTION AND MOTION TO
DISMISS AND/OR STRIKE
[CASE NO.:  3:25-cv-10858]

by US Foods as a food service delivery driver beginning in October 2019. Compl. ¶ 24. On or about March 27, 2025, Plaintiff alleges he suffered a workplace injury when a truck door struck him in the head, causing nauseousness, dizziness, and stiffness in his neck. *Id.* ¶¶ 31-33. Plaintiff alleges he received a doctor's note stating he could not return to work until March 31, 2025— equating to four days of medical leave. *Id.* ¶ 35. Per Plaintiff, following the incident, he developed a painful lump on his neck, continued to experience neck stiffness, began to suffer headaches, and was ordered by his doctor to receive treatment from a physical therapist. *Id.* ¶ 36.

Plaintiff further alleges that, while he was in the emergency department waiting room, DePrue, doubting the sincerity of Plaintiff's injuries, requested that Plaintiff provide a written explanation of the incident. Compl. ¶ 37. Plaintiff also claims that, the day after the incident, DePrue required him to drive to the Livermore distribution center to complete additional, non-urgent documentation relating to the incident, despite Plaintiff's doctor's note stating he was not to perform any work-related duties until March 31, 2025. *Id.* ¶ 38. According to Plaintiff, when Plaintiff objected to this demand, DePrue purportedly responded that the doctor's note did not explicitly state that Plaintiff could not drive his personal vehicle. *Id.* ¶ 39. Plaintiff alleges that Defendants continued to require him to travel to Livermore and ultimately assigned him to temporary custodial duties at the warehouse, which amounted to only two hours of work per day. *Id.* ¶¶ 42-43. Per Plaintiff, he requested Defendants accommodate his temporary disability by transferring him to their Fresno warehouse, which was close to his home, but this request was denied. *Id.* ¶¶ 44. Plaintiff further alleges that, after filing a workers' compensation claim, he was suspended and then terminated. *Id.* ¶ 46.

## IV.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts which, if true, would entitle plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

pay wages on a timely, semi-monthly basis; failed to timely pay wages at the time of termination; and violated California's Unfair Competition Law. Complaint ¶¶ 64-72.

1    Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me

2    accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S.at 562-63. Labels,

3    conclusions, and "a formulaic recitation of the elements of a cause of action will not do."

4    *Twombly*, 550 U.S. at 555. A claim is considered plausible "when the plaintiff pleads factual

5    content that allows the court to draw the reasonable inference that the defendant is liable for the

6    misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

7          Rule 12(f) authorizes courts to strike "from a pleading an insufficient defense or any

8    redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may

9    strike any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A

10   matter is "immaterial" if it "has no essential or important relationship to the claim for relief or the

11   defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on*

12   *other grounds by* 510 U.S. 517 (1994). A matter is "impertinent" if it "consists of statements that

13   do not pertain, and are not necessary, to the issues in question." *Id.* "Superfluous historical

14   allegations are a proper subject of a motion to strike." *Id.* The purpose of Rule 12(f) is "to avoid

15   the expenditure of time and money that must arise from litigating spurious issues by dispensing

16   with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir.

17   2010).

18   **V.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM**

19        **A.    Plaintiff's Complaint Against Defendants Must Be Dismissed Because**
            **Plaintiff Fails to Comply With Rule 8**
20
21        By improperly lumping all Defendants together without any attempt to differentiate

22   among them, Plaintiff fails to provide Defendants with proper notice of allegations as is required

23   by Federal Rule of Civil Procedure 8. This improper grouping alone is sufficient grounds for

24   dismissal of the Complaint in its entirety.

25        Indeed, it is well established by courts in this District that "[u]ndifferentiated pleading

26   against multiple defendants is improper." *Kuhn v. L'Oreal USA S/D, Inc.*, 2020 WL 1307004, at

27   *3 (N.D. Cal. Mar. 19, 2020); *Corazon v. Aurora Loan Servs., LLC*, 2011 WL 1740099, at *4

28   (N.D. Cal. May 5, 2011) ("Here, Plaintiff simply refers to 'Defendants' in nearly all of her

allegations....  By failing to differentiate among defendants or specify which defendant is the

subject of Plaintiff's various allegations, Plaintiff's Complaint violates Rule 8(a)(2) because it

fails to provide [Defendant] with fair notice of its alleged misconduct."); *Gauvin v. Trombatore*,

682 F. Supp. 1067, 1071 (N.D. Cal.1988) (lumping together multiple defendants in one broad

allegation fails to satisfy notice requirement of Federal Rule of Civil Procedure 8(a)(2)). This is

because Rule 8(a)(2) requires a short and plain statement of the claim to put defendants on

sufficient notice of the allegations against them. *Corazon*, 2011 WL 1740099, at *4.

      Here, Plaintiff indiscriminately refers to "Defendants" as a group in nearly all his

substantive allegations.[2] Only a few allegations are specific to the individual defendants DePrue

and West, leaving Defendants to guess which of the remaining allegations pertain to them. By

failing to differentiate among the Defendants or specify which Defendant is the subject of

Plaintiff's various allegations, the Complaint violates Rule 8(a)(2) because it fails to provide each

Defendant with fair notice of its alleged misconduct. *See In re Sagent Tech., Inc. Deriv. Litig.*,

278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003) ("[T]he complaint fails to state a claim because

plaintiffs do not indicate which individual defendant or defendants were responsible for which

alleged wrongful act."). Plaintiff's Complaint must be dismissed for this reason alone.

### B.     Plaintiff Fails to Sufficiently Allege Disability Discrimination (COA 2)

      Plaintiff alleges he suffered disability-based discrimination, but his Complaint is

remarkably void of factual allegations that would make his disability discrimination claim

plausible. *Blackman-Baham v. Kelly*, 2017 WL 679514, at *17 (N.D. Cal. Feb. 21, 2017)

(dismissing complaint because "Plaintiff's allegations concerning Defendant's discriminatory

motives are entirely conclusory"). To establish a *prima facie* case for disability discrimination

under FEHA, an employee must demonstrate that he: (1) suffers from a disability; (2) is otherwise

---

[2] By grouping Defendants together, many of these allegations are simply nonsensical. For
example, in one of the few specific allegations, Plaintiff alleges that DePrue was his immediate
supervisor (Compl. ¶ 23) and that West was his direct manager. *Id.* However, Plaintiff also makes
the contradictory allegations that "Defendants," which include DePrue and West, "owned and
operated a national food service delivery and trucking company." *Id.* ¶ 21. This allegations
instead state that rather than being employed as management level employees, DePrue and West
were owners and operators of the company.

NOTICE OF MOTION AND MOTION TO
DISMISS AND/OR STRIKE
[CASE NO.: 3:25-cv-10858]

qualified to do his job; and (3) was subjected to an adverse employment action because of his disability. *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 905 (E.D. Cal. 2017). Plaintiff fails to meet each of these elements.

### 1.    Plaintiff Fails to Allege a Qualifying Disability

Plaintiff's disability discrimination claim must be dismissed because he fails to allege that he suffers from a qualifying disability.

The FEHA limits what qualifies as a disability. *Goode v. Maximus Hum. Servs., Inc.*, 2016 WL 11811972, at *2 (C.D. Cal. Oct. 3, 2016). Indeed, under FEHA, "[n]ot every illness qualifies as [a] disability." *Avila v. Cont'l Airlines, Inc.*, 165 Cal. App. 4th 1237, 1249 (2008). The statute is explicit that it does not cover "conditions that are mild, which do not limit a major life activity, as determined on a case-by-case basis." Cal. Code Regs. tit. 2, § 11065(d)(9)(B). Although a temporary condition may qualify as a disability, the condition must last long enough to limit a major life activity. *See Ellis v. City of Reedley*, 2007 WL 1098571, at *11 (E.D. Cal. Apr. 12, 2007) ("[T]he term 'disability' may incorporate a condition of only temporary duration, but that condition must have at least a minimal duration within the time period relevant to the claim that is sufficient to constitute an actual limitation of a major life activity, as opposed to simply the need to take a day off."). Hence, the regulations promulgated by the Department of Fair Employment and Housing ("DFEH") exclude conditions that "have little or no residual effects, such as the common cold; seasonal or common influenza; minor cuts, sprains, muscle aches, soreness, bruises, or abrasions; non-migraine headaches, and minor and non-chronic gastrointestinal disorders." § 11065(d)(9)(B).

Using the statutory criteria, courts have repeatedly found that being hurt or having pain do not alone constitute a disability. *See, e.g.*, *Leatherbury v. C & H Sugar Co.*, 911 F. Supp. 2d 872, 880 (N.D. Cal. 2012) ("Although pain can be a disability under FEHA, it must actually limit the employee's ability to work."); *Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 348 (2008) (carpal tunnel syndrome did not qualify as a disability without corresponding limitation on activity); *Keshe v. CVS Pharmacy Inc.*, 2016 WL 1367702, at *8 (C.D. Cal. Apr. 5, 2016) (although sciatica made the plaintiff uncomfortable during normal job duties, such as walking and lifting, he

remained able to fulfill his role as assistant store manager); *Watkins v. Westin*, 2023 WL 5207835, at *4 (E.D. Cal. Aug. 14, 2023) (dismissing claim where plaintiff "never details how frequently he suffered from" his alleged conditions "or how severe they are").

Here, Plaintiff fails to adequately plead sufficient facts plausibly showing that he has a qualifying disability. In his Complaint, Plaintiff does not allege what his disability is. Rather, he alleges that, after his purported on-the-job injury, Plaintiff developed a painful lump on his neck, his neck stiffness continued, and he suffered from debilitating headaches. Compl. ¶ 36. Plaintiff also alleges that he was taken off work for only four days until March 31, 2025. *Id.* ¶ 35. Plaintiff further alleges that his doctor ordered additional care and extended his medical leave. Compl. ¶ 40. These facts, as pled, do not establish a qualifying disability.

Plaintiff's purported conditions are analogous to those excluded as a disability under the DFEH regulations because they are relatively mild and at most, only temporarily limited his ability to work for a few days. And while Plaintiff references ongoing symptoms, he does not allege facts showing that these symptoms substantially limited a major life activity or persisted for a significant duration. *See Goode*, 2016 WL 11811972, at *3 (finding that the plaintiff did not have a qualifying disability where she alleged that she suffered an abrasion, back pain, neck pain, bruises, and headaches as a result of a car accident and required a leave of absence for approximately three months because these symptoms were relatively mild and only briefly inhibited her ability to work); *Lundstrom v. Contra Costa Health Servs.*, 2022 WL 17330842, at *5 (N.D. Cal. Nov. 29, 2022) ("Under the ADA, being regarded as disabled does not apply to impairments that are 'transitory and minor,' or impairments with an actual or expected duration of six months or less"), *aff'd*, 2023 WL 6140588 (9th Cir. Sept. 20, 2023). A such, Plaintiff's disability discrimination claim should be dismissed for failure to adequately allege a qualifying disability under FEHA.

### 2.    Plaintiff Fails to Allege That He Was a Qualified Individual

Plaintiff's disability discrimination claim should be dismissed because Plaintiff fails to allege that he is a qualified individual.

NOTICE OF MOTION AND MOTION TO
DISMISS AND/OR STRIKE
[CASE NO.: 3:25-cv-10858]

Under FEHA, a plaintiff is a qualified individual if "he or she is able to perform the essential duties of the position with or without reasonable accommodation." *Green v. State*, 42 Cal. 4th 254, 267 (2007). To adequately allege this element, a complaint must specify: (1) the plaintiff's position at the time he allegedly suffered discrimination, (2) the essential functions of that position, and (3) that the plaintiff was capable of performing these functions, with or without accommodations. *Silveria v. Wilkie*, 2019 WL 4345947, at *12 (N.D. Cal. Sept. 12, 2019).

Here, while Plaintiff has pled that he was a food service delivery driver (Compl. ¶ 24) and presumably what he considers as the essential functions of his job (*id.* ¶ 25), Plaintiff has failed to plead whether he could perform the essential functions of the job with or without a reasonable accommodation. *Silveria*, 2019 WL 4345947, at *12 (dismissing plaintiff's claim where plaintiff only alleges his job title but fails to describe any function for which a Ratings Veteran Service Representative is responsible for or whether he can perform those essential functions with or without reasonable accommodation); *Kelley v. Corr. Corp. of Am.*, 750 F. Supp. 2d 1132, 1139 (E.D. Cal. 2010) (dismissing the plaintiff's disability discrimination claim because the plaintiff failed to specify what she could do or what the essential elements of her job were or might have been with or without reasonable accommodations).

Therefore, Plaintiff fails to allege that he was a qualified individual, and his disability discrimination claim must be dismissed.

### 3.    Plaintiff Fails to Allege Causation

Plaintiff's disability discrimination claim must also be dismissed because he fails to allege that his purported disability was a substantial motivating factor in any alleged adverse employment action. To state a claim under FEHA, Plaintiff must plead facts to demonstrate that his alleged disability "was a substantial factor in the particular employment decision." *Suarez v. Bank of Am. Corp.*, 2018 WL 2431473, at *17 (N.D. Cal. May 30, 2018) (quoting *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 232 (2013)). "Requiring the plaintiff to show that discrimination was a substantial motivating factor, rather than simply a motivating factor, more effectively ensures that liability will not be imposed based on evidence of mere thoughts or passing statements unrelated to the disputed employment decision." *Harris*, 56 Cal. 4th at 232.

Here, Plaintiff merely recites, in conclusory fashion, that Defendants prevented him from obtaining desirable shifts and terminated his employment "specifically because of his disability." Compl. ¶ 91. However, the Complaint is devoid of any factual allegations identifying who made these decisions, whether that decisionmaker knew about his alleged disabilities, or any factual allegations suggesting that Plaintiff's disability was a substantial motivating factor in that decision. *Ayala*, 263 F. Supp. 3d at 907 (dismissing Plaintiff's disability discrimination claim where operative complaint did not allege facts linking the claimed adverse employment actions to disability-related discriminatory animus on the part of defendant). Thus, Plaintiff's disability discrimination claim should be dismissed for failure to adequately allege causation.

### C. Plaintiff Fails to Sufficiently Allege a Wrongful Termination in Violation of FEHA Claim (COA 1)

Plaintiff's first cause of action alleges wrongful termination in violation of FEHA, based on the same facts and theories as his disability discrimination claim. *Compare* Compl. ¶¶ 80-82 *with id.* ¶¶ 90-91. Because Plaintiff's FEHA disability discrimination claim fails for the reasons set forth above—namely, Plaintiff does not adequately allege a qualifying disability and that he is a qualified individual, or that Defendants terminated him because of his disability—his statutory wrongful termination claim under FEHA fails as well. *See Filipek v. Byram Healthcare Ctrs., Inc.*, 2022 WL 3131836, at *4 (C.D. Cal. Mar. 28, 2022) (dismissing wrongful termination in violation of FEHA where Plaintiff's claim for disability discrimination failed).

### D. Plaintiff's Fails to Sufficiently Allege a Failure to Provide Reasonable Accommodations Claim (COA 3)

Plaintiff's failure to accommodate claim, too, must be dismissed because Plaintiff fails to allege sufficient facts to support his claim. FEHA makes it an "unlawful employment practice ... [f]or an employer ... to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." Cal. Gov't Code § 12940(m). "The essential elements of a failure to accommodate claim are: (1) the plaintiff has a disability covered by FEHA; (2) the plaintiff is a qualified individual (i.e., he or she can perform the essential functions of the position); and (3) the employer failed to reasonably accommodate the plaintiff's disability."

*Olson v. Superior Ct.*, 2014 WL 1671586, at *4 (E.D. Cal. Apr. 28, 2014). Plaintiff fails to meet each of these elements.

### 1. **Plaintiff's Fails to Allege a Disability or that He is a Qualified Individual**

As addressed above in Sections IV.B.1-2 above, Plaintiff has not adequately alleged that he suffers from a qualifying disability impacting a major life activity or that he is a qualified individual who can perform the essential functions of his job with or without a reasonable accommodation. *See supra* § IV.B.1-2. His failure to accommodate claim must be dismissed for these reasons alone.

### 2. **Plaintiff Fails to Allege That Defendants Did Not Reasonably Accommodate Any Purported Disability**

Plaintiff's failure to accommodate claim also fails because he does not plead facts sufficient to establish that Defendants failed to reasonably accommodate his purported disability. While Plaintiff alleges that he requested a transfer to the Fresno warehouse, he does not allege that he told Defendants such request was intended as an accommodation for his disability, or whether he could actually perform the essential functions of the job there with a reasonable accommodation, or that he communicated any medical need for the transfer as opposed to merely finding the shorter commute more convenient. Plaintiff's vague and conclusory allegations are insufficient to trigger US Foods' duty to reasonably accommodate under California law. *See Doe v. Dep't of Corr. & Rehab.*, 43 Cal. App. 5th 721, 738-40 (2019) ("Where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer ... the employee bears the burden to *specifically* identify the *disability* and *resulting limitations*, and to suggest the reasonable accommodations" (internal quotation marks omitted)); *see also Sanchez v. Elevance Health Cos.*, 2023 WL 8235238, at *4 (C.D. Cal. Nov. 27, 2023) (dismissing failure to provide reasonable accommodation claim where complaint did not include facts showing that plaintiff was able to perform her duties, with or without accommodations).

E.    **Plaintiff Fails to Sufficiently Allege a Failure to Engage in a Good Faith Interactive Process Claim (COA 4)**

Plaintiff's fourth cause of action for failure to engage in the interactive process is not supported by the factual allegations in the Complaint. While Plaintiff asserts, for the first time in this cause of action, that he reported his wife's purported disability and submitted doctor's notes regarding his son's condition (*see* Compl. ¶ 108), the factual section of the Complaint is silent on these matters. There are no allegations describing his wife's or son's disabilities, any related accommodation requests, or any communications with Defendants about these issues whatsoever. Indeed, it is not clear whether these allegations pertain to Plaintiff at all or whether they are a copy-and-paste holdover from a complaint that his counsel filed different matter. The only facts alleged pertain to Plaintiff's own injury and his requests for accommodation for himself. Because these new assertions are entirely unsupported by the factual allegations, Plaintiff's fourth cause of action should be dismissed.

F.    **Plaintiff Fails to Sufficiently Allege Retaliation Under FEHA or Labor Code Section 1102.5 (COAs 5 & 7)**

Plaintiff's retaliation claims under both FEHA and Labor Code section 1102.5 are deficient because he fails to allege facts showing that he engaged in any protected activity. To establish a prima facie case of retaliation under FEHA, "a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005). A claim under Labor Code section 1102.5 requires a plaintiff demonstrate: "(1) the plaintiff engaged in protected activity, (2) the defendant subjected the plaintiff to an adverse employment action, and (3) there is a causal link between the two." *Ross v. County of Riverside*, 36 Cal. App. 5th 580, 592 (2019).

Here, Plaintiff does not sufficiently allege that he engaged in any protected activity. FEHA identifies "two types of protected activities: 1) opposing any practices forbidden under the FEHA; and 2) filing a complaint, testifying, or assisting in any FEHA proceeding." *Pahulu v. Ford Motor Co.*, 2004 WL 2610695, at *7 (Cal. Ct. App. Nov. 17, 2004). With respect to the

NOTICE OF MOTION AND MOTION TO
DISMISS AND/OR STRIKE
[CASE NO.: 3:25-cv-10858]

1    first, "[o]pposing practices prohibited by the FEHA includes 1) opposing employment practices

2    which an individual reasonably believes to be a[] FEHA violation; and 2) participating in an

3    activity which is perceived by the employer as opposition to discrimination." *Id.* Similarly, under

4    Labor Code section 1102.5, a plaintiff must allege that he "disclose[d] 'reasonably based

5    suspicions' of illegal activity." *Ross*, 36 Cal. App. 5th at 592 (quoting *Green v. Ralee Eng'g Co.*,

6    19 Cal. 4th at 66, 87 (1998)).

7        Plaintiff seemingly alleges that the following constitute protected activity: (1) requesting

8    accommodations for his disability; (2) filing a workers' compensation claim; and (3) complaining

9    about being required to work or travel during his medical leave. Compl. ¶¶ 46, 47. However, none

10   of these allegations are sufficient to establish protected activity under FEHA or Labor Code

11   section 1102.5. Requesting an accommodation or filing a workers' compensation claim, without

12   more, does not constitute protected activity. *See Ruiz v. RSCR Cal., Inc.*, 683 F. Supp. 3d 1079,

13   1100 (C.D. Cal. 2023) ("a mere request—or even repeated requests—for an accommodation,

14   without more, does not constitute a protected activity sufficient to support a claim for

15   retaliation"); *Kelley*, 750 F. Supp. 2d at 1144 (finding a request for accommodation was not a

16   protected activity within meaning of statute); *Greer v. Lockheed Martin Corp.*, 855 F. Supp. 2d

17   979, 989 (N.D. Cal. 2012) (plaintiff did not engage in protected activity by filing workers'

18   compensation claim regarding work injury, thereby precluding her whistleblower retaliation claim

19   under Section 1102.5, absent allegation she filed any complaint with a governmental or law

20   enforcement agency prior to her termination).

21       While Plaintiff alleges in paragraph 39 that he complained to Defendants about having to

22   drive to Livermore to complete paperwork while still recovering from his injury, his only

23   reference to legality is a stray assertion that these demands "illegally interfered" with his medical

24   leave. Compl. ¶¶ 39, 47. However, Plaintiff does not allege that he identified any specific law or

25   regulation being violated, nor does he allege that he disclosed a reasonably based suspicion of

26   illegal activity. Such a conclusory reference, without more, does not constitute protected activity

27   under FEHA or Labor Code section 1102.5. Nor does Plaintiff allege that US Foods terminated

28   him because he complained about driving to Livermore—rather, he attributes his termination to

"his disability accommodations" and unspecified "opposition to Defendant's conduct related thereto." Compl. ¶ 119. Accordingly, Plaintiff's FEHA and Section 1102.5 retaliation claims should be dismissed.

**G.      Plaintiff Fails to Sufficiently Allege a Wrongful Termination in Violation of Public Policy Claim (COA 6)**

Plaintiff's sixth cause of action for wrongful termination in violation of public policy is expressly premised on alleged disability discrimination under FEHA, vague references to violations of the Labor Code, and a passing mention of purported retaliation for "reporting of illegal alcohol selling practices." Compl. ¶ 125. The Complaint, however, contains no factual allegations regarding any report of illegal alcohol sales (US Foods questions whether this, too, is an unintended copy-and-paste holdover from a different complaint filed by counsel), and because all underlying statutory claims are subject to dismissal—except for the CFRA claim, which is not alleged as a basis for this claim—Plaintiff's wrongful termination claim cannot survive as a matter of law. *See Zamora v. Sec. Indus. Specialists, Inc.*, 71 Cal. App. 5th 1, 62 (2021) (wrongful termination in violation of public policy "rises and falls" with the underlying FEHA claims). Thus, Plaintiff's wrongful termination in violation of public policy must be dismissed.

**H.      Plaintiff Fails To Sufficiently Allege A Hostile Work Environment Harassment Claim (COA 9)**

Plaintiff asserts his hostile work environment harassment claim against US Foods, US Foods CES, DePrue and West. Specifically, to support his harassment claim, Plaintiff alleges in a conclusory fashion that, during his employment, DePrue and West "severely and pervasively engaged in unwelcome and unwanted verbal conduct regarding Plaintiff's physical limitations and disability resulting from Plaintiff's workplace injury." Compl. ¶ 163. While not entirely clear, Plaintiff then appears to allege that US Foods and US Foods CES as employers are strictly liable for workplace harassment by DePrue and West who are supervisors. *See id.* ¶ 164. Plaintiff's claim against Defendants fails because (1) Plaintiff has only pled personnel management actions, which cannot support a claim for harassment as a matter of law; and (2) Plaintiff has failed to plead severe or pervasive conduct to support a harassment claim.

- 13 -

**First**, Plaintiff's factual allegations about DePrue and West's conduct amount to personnel management actions at best and, under settled law, cannot form the basis for a harassment claim. "[H]arassment consists of … conduct not necessary for performance of a supervisory job" and "outside the scope of necessary job performance." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63 (1996). Specifically, "[h]arassment claims are based on a type of conduct that is avoidable and unnecessary to job performance. No supervisory employee needs to use slurs or derogatory drawings, to physically interfere with freedom of movement, to engage in unwanted sexual advances, etc., in order to carry out the legitimate objectives of personnel management. Every supervisory employee can insulate himself or herself from claims of harassment by refraining from such conduct. An individual supervisory employee cannot, however, refrain from engaging in the type of conduct which could later give rise to a discrimination claim. Making personnel decisions is an inherent and unavoidable part of the supervisory function. Without making personnel decisions, a supervisory employee simply cannot perform his or her job duties." *Reno v. Baird*, 18 Cal. 4th 640, 646 (1998). Thus, "the exercise of personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination, but not in harassment." *Id.*

Here, Plaintiff does not in fact allege that anyone made jokes, slurs, or threats about his purported disability. Indeed, while Plaintiff makes the conclusory allegation that DePrue and West engaged in unwelcome and unwanted verbal conduct regarding his physical limitations and disability, he fails to allege any acts that would support that DePrue or West acted outside the scope of their supervisory duties. Rather, Plaintiff only alleges that DePrue spoke with Plaintiff about his alleged workplace injury (Compl. ¶ 33); doubted the sincerity of the injury by demanding Plaintiff provide a written explanation of the purported injury while he was in the emergency department waiting room (*id.* ¶ 37); demanded that Plaintiff drive to the Livermore distribution center to complete additional paperwork relating to the incident despite Plaintiff's doctor's note putting him off work until March 31, 2025 (*id.* ¶ 38); and responded to Plaintiff's Complaint with the purported justification that Plaintiff's doctor's note did not explicitly state that

1    Plaintiff could not drive his personal vehicle. *Id.* ¶ 39. Plaintiff's allegations refer to common

2    personnel activities that do not give rise to a harassment claim. *See Reno*, 18 Cal. 4th at 646.

3        **Second**, Plaintiff fails to allege any conduct that is sufficiently severe or pervasive to alter

4    the conditions of his employment. To be actionable, Plaintiff must allege harassment that is

5    sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive

6    work environment. *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986) (conduct must be

7    "sufficiently severe or pervasive to alter the conditions of [the complainant's] employment and

8    create an abusive working environment." (internal quotation marks omitted)). Sufficiently severe

9    or pervasive harassment requires a pattern of harassment of a routine or generalized nature.

10    *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 610 (1989); *Stonum v. County of*

11    *Kern*, 2017 WL 1079757, at *8 (E.D. Cal. Mar. 21, 2017). Occasional or isolated incidents,

12    unless especially severe, are insufficient. *Stonum*, 2017 WL 1079757, at *8.

13        Here, Plaintiff's allegations fall far short of this standard. The Complaint does not

14    describe any pattern of derogatory remarks, slurs, threats, ridicule, or other conduct that could be

15    considered severe or pervasive harassment. Instead, Plaintiff's allegations focus on isolated

16    personnel management decisions and communications about the handling and investigation of his

17    workplace injury. These types of routine workplace interactions—even if unwelcome—are not

18    the sort of extreme or continuous conduct required to state a hostile work environment claim.

19        Accordingly, Plaintiff's hostile work environment claim should be dismissed.

20    **I.**    **Plaintiff Fails to Sufficiently Allege a Retaliation in Violation of Labor Code
          Section 132a (COA 10)**

21

22        Plaintiff's claim for retaliation in violation of Labor Code Section 132a must be dismissed

23    because this Court lacks jurisdiction over such claims. California courts have repeatedly held that

24    claims under Labor Code Section 132a must be adjudicated exclusively before the Workers'

25    Compensation Appeals Board ("WCAB"), not in civil court. *See, e.g.*, *Dutra v. Mercy Med. Ctr.*

26    *Mt. Shasta*, 209 Cal. App. 4th 750, 755 (2012) ("a trial court has no jurisdiction to hear a civil

27    cause of action for an employer's breach of Labor Code section 132a"); *Foster v. Bank of Am.,*

28    *Nat'l Ass'n*, 2014 WL 4092311, at *7 (E.D. Cal. Aug. 14, 2014) ("The Court has no jurisdiction

over claims brought under Labor Code § 132(a). The California Supreme Court has made clear the WCAB is the exclusive form for pursuing a section 132a claim" (internal quotation marks omitted)). Accordingly, Plaintiff's Section 132a claim is not properly before this Court and should be dismissed.

## VI.    PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES SHOULD BE STRICKEN

Plaintiff's request for punitive damages must be stricken because the Complaint fails to allege sufficient facts to support such a request. The federal pleading standards set forth in *Twombly* and *Iqbal* govern claims for punitive damages. *Kelley*, 750 F. Supp. 2d at 1146-47. Under California law, a plaintiff may recover punitive damages only if he can show that "the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a); *see also id*. § 3294(c) (defining "oppression," "fraud," and "malice"). Allegations are insufficient when the plaintiff asserts "nothing more than conclusory allegations." *Kelley*, 750 F. Supp. 2d at 1147; *Opperwall v. State Farm Fire & Cas. Co.*, 2018 WL 1243085, at *5 (N.D. Cal. Mar. 9, 2018) (following *Kelley* and dismissing punitive damages claim because "plaintiff does no more than offer legal conclusions couched as factual allegations").

Plaintiff seeks punitive damages against Defendants for each of his causes of action. Compl. ¶¶ 77, 86-87, 94-95, 103, 111, 122, 130, 144, 157, 171, Prayer for Relief ¶ 5. Plaintiff does not, however, plead facts to support punitive damages. Instead, he merely spouts conclusory buzzwords that the acts of Defendants were "carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff." Compl. ¶ 77, *see also id.* ¶¶ 86-87, 94-95, 103, 111, 122, 130, 144, 157, 171. Such conclusory allegations are not enough to plausibly allege conduct that is "so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." *Scott v. Phoenix Schools, Inc.*, 175 Cal. App. 4th 702, 715 (2009); *see also Kelley*, 750 F. Supp. 2d at 1147-48 (plaintiffs "conclusory allegations of 'conscious disregard of [Plaintiff's] rights and … intent to vex, injure

- 16 -

and annoy" were "nothing more than Plaintiff's bare characterization of Defendant's motives as evil" and "unsupported by allegation of any facts").

Because Plaintiff's conclusory allegations are insufficient to support a claim for punitive damages, the Court should strike paragraphs 77, 86-87, 94-95, 103, 111, 122, 130, 144, 157, and 171 from the Complaint and paragraph 5 from Plaintiff's prayer for relief. *See, e.g.*, *Twombly*, 550 U.S. at 555.

**VII.    <u>CONCLUSION</u>**

Based on the foregoing, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety.


Dated:  January 26, 2026                    ORRICK, HERRINGTON & SUTCLIFFE LLP


By:    _____*/s/ Katie E. Briscoe*_____
                              KATIE E. BRISCOE
                              ANNIE H. CHEN
                              LAUREN R. LEIBOVITCH
                              Attorneys for Defendants
                    US FOODS, INC. and US FOODS CULINARY
                       EQUIPMENT & SUPPLIES, LLC