UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL NEGRETE MORENO,<br><br>Plaintiff,<br><br>v.<br><br>US FOODS, INC., et al.,<br><br>Defendants. | Case No.  25-cv-10858-RS<br><br>**ORDER REMANDING TO STATE COURT** |

## I. INTRODUCTION

Plaintiff Ismael Moreno asserts ten state law causes of action against his former employer, US Foods, Inc. and US Foods Culinary Equipment & Supplies, LLC (collectively, "US Foods"). One claim—hostile work environment harassment in violation of the California Fair Employment and Housing Act ("FEHA")—is also asserted against individual defendants Rennie DePrue and Rob West, Plaintiff's immediate supervisor and direct manager, respectively. DePrue and West are citizens of California, where Plaintiff is also a citizen. Since their joinder as defendants is not a sham joinder for the reasons set forth below, federal jurisdiction is improper, and the matter is remanded to state court.

## II. BACKGROUND

Plaintiff worked for Defendants as a food service delivery driver beginning in October 2019. Typical duties in addition to driving a semi-truck included removing pallets of goods from the semi-truck either by hand or with the use of hand-trucks or pallet-jacks. Plaintiff was injured on the job on March 27, 2025. During unloading, a pallet clipped the rear collapsing door of the

semi-truck trailer he was unloading. These doors open by rolling up into the trailer's interior ceiling and close by doing the opposite. On March 27, the collapsing door was knocked loose by the pallet and rolled down into its closed position, striking Plaintiff in the head. Plaintiff experienced severe pain, nauseousness, dizziness, and stiffness.

Plaintiff immediately notified the dispatch center and his supervisor, Rennie DePrue. Plaintiff alleges he was told to continue working but later permitted to seek medical care. Plaintiff's wife drove him to urgent care because he was unable to drive himself. At urgent care, Plaintiff was instructed go to a hospital emergency department. At the emergency department, he was diagnosed with a concussion following a CAT scan and other evaluations. He was instructed by a doctor not to resume performing work-related duties before March 31, 2025. While at the emergency department, Plaintiff alleges DePrue instructed him to provide a written explanation of the incident.

Following the incident, Plaintiff's neck stiffness continued, and he suffered from debilitating headaches. He was instructed by his doctor to see a physical therapist for treatment.

The day after the incident, DePrue told Plaintiff to drive to Defendants' regional distribution center in Livermore, California, a two hour drive from Plaintiff's home to complete documentation relating to the incident. Plaintiff alleges he complained to DePrue who said the doctor's note did not mean Plaintiff couldn't drive his personal vehicle to the Livermore distribution center to give reports on the incident.

Plaintiff's medical leave was extended. When Plaintiff informed Defendants of this, he alleges they insisted he use his accrued paid time off instead. Defendants also continued their requests that Plaintiff drive to the distribution center. Fearing job loss, Plaintiff drove to the Livermore distribution center, where Defendants modified his job duties to that of a warehouse custodian, which involves collecting and discarding trash scattered throughout the warehouse. These duties take two hours to complete. Defendants said this change was only temporary.

Plaintiff requested Defendants accommodate Plaintiff's temporary disability by transferring him to their Fresno warehouse, which was closer to Plaintiff's home than the

United States District Court
Northern District of California

Livermore distribution center. The request was denied.

Plaintiff also applied for workers' compensation, which covered Plaintiff's continuing doctor and physical therapy appointments. On or about April 11, 2025, Rob West, Plaintiff's direct manager, notified Plaintiff that Defendants were going to suspend Plaintiff's employment temporarily due to his workers' compensation claim. Thereafter, Plaintiff was terminated.

On November 14, 2025, Plaintiff filed suit against Defendants in California state court. Defendants removed to federal court in the Northern District of California on December 19, 2025. Plaintiff asserts ten state law claims against US Foods. Only the ninth claim, hostile work environment harassment, is asserted also against individual defendants Rennie DePrue and Rob West.

Defendants moved to dismiss and/or strike on January 26, 2026. After failing to file an opposition by the original deadline, this Court granted Plaintiff one last opportunity to do so or waive his right to oppose. Plaintiff filed an opposition on March 26, 2026, and Defendants were given the opportunity, which they took, to file a reply. No motion to remand was filed, but, as discussed below, *sua sponte* remand is proper when a federal court lacks subject matter jurisdiction.

### III. JURISDICTION

Federal courts possess limited jurisdiction. *See United States v. Castillo*, 496 F.3d 947, 951 (9th Cir. 2007). "Under § 1447(c), the district court must remand 'if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.' " *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (quoting 28 U.S.C § 1447). In other words, "subject matter jurisdiction is the touchstone for a district court's authority to remand *sua sponte*." *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018).

District courts have subject matter jurisdiction over suits that present a federal question, involve parties with complete diversity of citizenship and at least $75,000 in controversy, or fall under maritime law. *See* 28 U.S.C. §§ 1331, 1332, 1333. Courts may exercise supplemental jurisdiction over state law claims where original jurisdiction is first established. *See* 28 U.S.C.

United States District Court
Northern District of California

§ 1367(a) (providing that supplemental claims must be "so related" that they form part of the same case or controversy over which the court has original jurisdiction).

Here, Defendants assert diversity jurisdiction. Plaintiff is a resident of California while US Foods is incorporated in Delaware with its principal place of business in Illinois.[1] Defendants DePrue and West are residents of California, but Defendants argue their joinder as defendants was fraudulent for the purpose of destroying complete diversity such that federal jurisdiction is proper.

**A. Legal Standard for Fraudulent Joinder**

Diversity jurisdiction requires that "each of the plaintiffs… be a citizen of a different state than each of the defendants" with "one exception" for cases in which "a non-diverse defendant has been 'fraudulently joined.' " *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A defendant is fraudulently joined if she "cannot be liable on any theory." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal quotation marks and citation omitted). However, if there is a "possibility" that a viable claim exists against that defendant, then she was properly joined. *Id.* at 549. *See also Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

This "possibility" standard requires a lower threshold showing than what a plaintiff must allege to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, because "the district court must consider… whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 549–50. As such, a removing defendant "bears a heavy burden" to prove fraudulent joinder. *Id.* at 548 (internal quotation marks and citation omitted). "The defendant seeking removal to federal court is entitled to present facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. *See also Wilson*

---

[1] Being wholly owned by US Foods, Inc., US Foods Culinary Equipment & Supplies, LLC is a citizen of the same states as US Foods, Inc. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("The citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.").

United States District Court
Northern District of California

*Republic Iron & Steel Co.*, 257 U.S. 92, 97–99 (1921). However, "a denial, even a sworn denial, of allegations does not prove their falsity." *Grancare*, 889 F.3d at 551. *See also Jadali v. Cigna Health and Life Ins. Co.*, No. 3:19-CV-00996-WHO, 2019 WL 1897481, at *2–3 (N.D. Cal. Apr. 29, 2019) (Declaration submitted in support of fraudulent joinder argument that contradicted the allegations failed to prove their falsity) (citing *Grancare*, 889 F.3d at 551). In sum, "if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." 889 F.3d at 548. (emphasis in original) (quoting *Hunter*, 582 F.3d at 1046).

### B. Fraudulent Joinder Analysis

In in their Notice of Removal, Dkt. 9 at 4, Defendants argue that "[o]n the face of the Complaint, DePrue and West are afterthoughts" because "Plaintiff appears to forget" about them, i.e., not write about them, "through the majority of the Complaint," *id.*, allegedly uses the term "Defendants" when he means "corporate Defendants," *id.* at 5, and "asserts only one cause of action" against them, *id.* at 7. However, these do not bear on whether joinder was fraudulent. Instead, the Court must determine whether "there is a *possibility*," based on the operative complaint or with amendment, "that a state court would find that the complaint states a cause of action" against DePrue and West. *See Grancare*, 889 F.3d at 548 (emphasis in original). *See also Mercado*, 340 F.3d at 826; *McCabe*, 811 F.2d at 1339. The only claim asserted against West and DePrue is hostile work environment harassment in violation of FEHA, the ninth cause of action,[2] which prohibits harassment by an employer based on protected status. Cal. Gov't Code §§ 12940(j), 12940(a).

To establish a claim for harassment under FEHA, a plaintiff must demonstrate that: (1) he is a member of a protected group; (2) he was subjected to harassment because he belonged to this

---

[2] Defendants erroneously write that "[o]nly one of the claims—i.e., disability discrimination—is asserted against individual defendants DePrue and West." Dkt. 13 at 8.

group;[3] and (3) the alleged harassment was so severe that it created a hostile work environment. *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013). A hostile work environment is present "when the harassing conduct sufficiently offends, humiliates, distresses, or intrudes upon its victim, so as to disrupt the victim's emotional tranquility in the workplace, affect the victim's ability to perform the job as usual, or otherwise interfere with and undermine the victim's personal sense of well-being." Cal. Gov't Code § 12923(a).

Harassment requires a " 'concerted pattern of harassment of a repeated, routine or a generalized nature,' " *Lawler,* 704 F.3d at 1244 (quoting *Aguilar v. Avis Rent A Car Sys., Inc.,* 21 Cal.4th 121, 87 Cal.Rptr.2d 132, 980 P.2d 846, 851 (1999)), that falls "outside the scope of necessary job performance," *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th. 55, 63 (1996), and "commonly necessary personnel management actions such as hiring and firing," *Reno v. Baird*, 18 Cal. 4th 640, 646–47 (1998) (citations omitted). Rarely, "official employment actions" will constitute harassment where they "communicat[e] a hostile message" and are so "severe or pervasive as to alter the working conditions." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708–9 (2009), *as modified* (Feb. 10, 2010).

Defendants argue in both their motion to dismiss and notice of removal that Plaintiff cannot establish harassment because he does not allege that DePrue or West acted outside of their supervisory duties and, even if their actions were nonsupervisory, Plaintiff does not and cannot allege the actions were severe or pervasive to support a harassment claim. Defendants cite the declarations of DePrue and West in insisting that Plaintiff "cannot amend his Complaint to [allege harassing behavior] without running afoul of FRCP 11, as DePrue" and West "never harassed Plaintiff in any way, let alone related to his disability." *See e.g.,* Dkt. 9, Corrected Notice of Removal, ¶¶ 32, 39 (citing DePrue Decl. ¶ 6). These arguments, however, fail, especially in light of the plaintiff-friendly standard for fraudulent joinder.

---

[3] While Defendants argue that Plaintiff's injuries fail to establish disability for purposes of various of Plaintiff's other causes of action, they do not make that argument with regard to the ninth cause of action. Even if they did, and they did so persuasively, Plaintiff could amend his complaint to cure deficiencies regarding his alleged disability.

United States District Court
Northern District of California

Courts in this district have found similar allegations establish a possibility of success sufficient to defeat fraudulent joinder for FEHA harassment claims. In *Brown v. Beazley USA Services, Inc.*, the plaintiff alleged that an individual non-diverse defendant "criticized plaintiff and 'expressed unmasked annoyance and aggression' toward her after learning of plaintiff's pregnancy;" "participated in office chats that disparaged and ostracized plaintiff and attacked her character;" told Plaintiff it was her own fault when she passed out at work; and "led the charge" to get plaintiff terminated. No. 24-CV-09035-SI, 2025 WL 436716, at *4 (N.D. Cal. Feb. 7, 2025). Although the plaintiff had not included a sexual or gender-based harassment claim under FEHA in her complaint, she indicated in her motion to remand that she intended to amend her complaint to do so, and since "[w]ith further amendment, these facts and others could 'possibly' state a viable claim for harassment under FEHA in state court," the joinder was not fraudulent. *Id.*

In *Xie v. Wal-Mart Associates, Inc.*, the plaintiff had "not pled his FEHA harassment claim in great detail," and yet "he ha[d] pled sufficient facts to raise at least a possibility that he will be able to state a claim to the satisfaction of the state court." *Xie v. Wal-Mart Associates, Inc.*, No. 25-CV-00091-HSG, 2025 WL 1135082, at *3 (N.D. Cal. Apr. 17, 2025). The plaintiff alleged that the non-diverse individual defendant had told another coworker that the plaintiff's "medical distress was 'due to his anxiety, grief, and frustration with the work environment,' " and that, "as a result of this communication, '[the plaintiff] was reported" and then "investigated by a 'Behavioral Threat Assessor at Walmart.' " *Id.* The court acknowledged that although "an employee generally cannot recover for harassment that is occasional, isolated, sporadic, or trivial," "a single incident of severe abuse can constitute a hostile work environment," especially under the "totality of the circumstances." *Id.* (internal citations omitted). Yet, a totality of the circumstances analysis would have been "inappropriate" because when "addressing claims of fraudulent joinder, a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant, meaning that the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* (internal citations omitted). The court wrote that it did "not need to determine whether the alleged harassment was so severe as to create a hostile work environment" because

"the fact that [the plaintiff's] FEHA claim could proceed in state court [wa]s itself sufficient to overcome Defendant's claims of fraudulent joinder." *Id.*

Courts in this district also reject fraudulent joinder arguments supported by declaration where the declarations conflict with the allegations or are otherwise unavailing. *See e.g., Zimmer v. Costco Wholesale Corp.*, No. 23-CV-01027-AMO, 2023 WL 8868057, at *3 (N.D. Cal. Dec. 22, 2023) ("The 'self-serving declaration' did not provide the 'extraordinarily strong evidence' needed to establish fraudulent joinder and would require the court to engage in an improper inquiry into the merits of the plaintiff's case." (citing *Berryhill v. Costco Wholesale Corp.*, No. 2:23-CV-00315 WBS AC, 2023 WL 3302869, at *3 (E.D. Cal. May 8, 2023))); *Pacheco v. Home Depot U.S.A., Inc.*, No. 24-CV-05590-EKL, 2025 WL 314146, at *2 (N.D. Cal. Jan. 28, 2025); *Jadali*, No. 3:19-CV-00996-WHO at *2–3. In *Clark v. Walgreens Co.*, the defendants argued fraudulent joinder and submitted a declaration in which the non-diverse defendant "declare[d] she only interacted with plaintiff on a handful of occasions' and that she was '100% certain' she 'never made any comments' regarding plaintiff's age, race, color, ancestry, or national origin and 'never engaged in any conduct' related to plaintiff's age, race, color, ancestry, or national origin that could be interpreted as 'meanness or bigotry.' " No. 22-CV-01588-PJH, 2022 WL 2307201, at *3 (N.D. Cal. June 27, 2022) (citing Kapadia Decl. ¶¶ 5, 10–11). Nevertheless, defendants failed to meet "their burden of proving that plaintiff could not possibly prevail on a harassment claim against [an individual non-diverse defendant] if given leave to amend" because "a declaration of this sort does not prove fraudulent joinder by clear and convincing evidence. A 'denial, even a sworn denial, of allegations does not prove their falsity.' " *Id.* (citing *Grancare, LLC*, 889 F.3d at 551).

Here, Plaintiff alleges that he developed "neck stiffness" and "began to suffer from debilitating headaches" after the accident, Dkt. 9, Ex. A, Compl., ¶ 36; "DePrue doubted the sincerity of Plaintiff's inquiries" and "demanded that Plaintiff provide a written explanation of the incident while Plaintiff was in the emergency department waiting room… feeling immense pain, disorientation, and confusion," *id.* ¶ 37; DePrue and West repeatedly demanded that Plaintiff drive to the Livermore location while Plaintiff was "still recovering from his injury" and on "doctor-

REMAND ORDER
CASE NO. 25-cv-10858-RS

8

ordered medical leave," *id.* ¶¶ 41, 42, 47; Plaintiff was suspended "due to filing a claim under workers' compensation," *id.* ¶ 46; and DePrue and West "severely and pervasively engaged in unwelcome and unwanted verbal conduct regarding Plaintiff's physical limitations and disability," *id.* ¶ 163. Although the latter allegation, which reflects actions most clearly outside of supervisory responsibilities, is conclusory and thus unlikely sufficient on a 12(b) motion, it need not pass that bar now. Moreover, despite Defendants' insistence, Plaintiff's allegations at to DePrue and West are not defeated by their declarations, which use identical, self-serving language to contradict Plaintiff's allegations. *See Grancare*, 889 F.3d at 551 ("[A] denial, even a sworn denial, of allegations does not prove their falsity."). As in the cases discussed, Plaintiff's allegations based on DePrue and West's derisive reactions to his injury and disability establish the possibility, especially with amendment, of success on his FEHA harassment claim.

## IV. CONCLUSION

For the reasons set forth above, the matter is remanded to state court and pending motions are denied as moot.

**IT IS SO ORDERED**.

Dated: April 13, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

REMAND ORDER
CASE NO. 25-cv-10858-RS

9